COPY

FILED

PAUL J. CAMBRIA, JR. (State Bar No. 177957)
    pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
1631 West Beverly Blvd., Second Floor
Los Angeles, CA 90026
Telephone: (323) 883-1807

2013 JAN 10  PH 3: 15

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

JANET L. GRUMER (State Bar No. 232723)
    janetgrumer@dwt.com
MATTHEW D. PETERSON (State Bar No. 251490)
    matthewpeterson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-2566
Telephone: (213) 633-6800

*See attached for additional counsel for Plaintiffs*

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC; CALIFA
PRODUCTIONS, INC.; JANE DOE A/K/A
KAYDEN KROSS; AND JOHN DOE A/K/A
LOGAN PIERCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross;
and JOHN DOE a/k/a Logan Pierce,

            Plaintiffs,

    vs.

JONATHAN FIELDING, Director of
Los Angeles County Department of
Public Health, JACKIE LACEY, Los
Angeles County District Attorney, and
COUNTY OF LOS ANGELES

          Defendants.

Case No. CV13-00190-DDP (AGR)

**COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

COMPLAINT

*Additional counsel for Plaintiffs:*

H. LOUIS SIRKIN (*pro hac vice application to be filed*)
    HLS@santen-hughes.com
Santen & Hughes LPA
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450

ROBERT CORN-REVERE (*pro hac vice application to be filed*)
    bobcornrevere@dwt.com
RONALD G. LONDON (*pro hac vice application to be filed*)
    ronnielondon@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

For their complaint, plaintiffs Vivid Entertainment, LLC ("Vivid"), Califa Productions, Inc. ("Califa"), Jane Doe, also known professionally as Kayden Kross ("Ms. Kross"), and John Doe, also known professionally as Logan Pierce ("Mr. Pierce"), allege as follows:

## INTRODUCTION

1.      It is beyond dispute that erotic adult films are protected by the First Amendment, as applied to the States and their subdivisions under the Fourteenth Amendment. *See, e.g., Schad v. Borough of Mount Ephraim,* 452 U.S. 61, 65 (1981); *City of Renton v. Playtime Theatres,* 475 U.S. 41 (1986).  Plaintiffs Vivid, Califa, Ms. Kross, and Mr. Pierce count themselves among the many producers, distributors, and performers of works that explore the "great and mysterious motive force in human life … [which] has indisputably been a subject of absorbing interest to mankind through the ages," *i.e.,* sexuality and sexual relations. *Roth v. U.S.*, 354 U.S. 476, 487 (1957).  Through this action, Plaintiffs seek to protect the First Amendment rights of producers of sexually oriented films, to uphold the supremacy of the law of the State of California, and to protect the livelihoods of those who work in and around the adult film industry.

2.      This civil rights action for declaratory and injunctive relief accordingly seeks to enjoin the enforcement of a new Los Angeles County ordinance that imposes an intolerable burden on the exercise of rights under the First Amendment to the United States Constitution.

3.      The County of Los Angeles Safer Sex in the Adult Film Industry Act ("Measure B") forces producers of adult films, before any production can occur, to pay a fee and obtain a permit from the County Department of Public Health under a regime that requires all principals and management-level employees – including film directors – to complete blood borne pathogen training, and that allows immediate and potentially permanent permit revocation without prior notice.  Measure B also

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requires the use of condoms during production of adult films, though the performers are, as are all performers in adult films, consenting adults engaged in constitutionally protected expression. A true and correct copy of Measure B is attached to this Complaint.

4.     In this way, Measure B constitutes a facial violation of numerous protections provided by the First Amendment and is preempted by California state laws and regulations. Measure B claims to address the spread of HIV/AIDS and other sexually transmitted diseases, but improperly places unnecessary restrictions only on the adult film industry, and on its freedoms of expression and speech.

5.     Measure B is unnecessary, as the adult film industry already has strict requirements in place to protect its performers. Measure B's claims to the contrary are unsupported and inaccurate. Measure B's requirements also tread into an area that is the exclusive provenance of the California Department of Health and Human Services, and its Division of Occupational Safety and Health, and is thus preempted.

6.     Measure B also subjects the adult film industry to draconian penalties that the County Department of Public Health is given total discretion to apply at its whim. These potential penalties directly affect the livelihoods of the thousands of people who depend on the adult film industry for their livelihoods.

7.     Measure B further fails to reach all those engaged in the behavior it wishes to regulate, and more importantly fails to meaningfully address the public health issues it cites as its reason for existence.

## PARTIES

8.     Plaintiff Vivid Entertainment, LLC is a limited liability corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Los Angeles, County of Los Angeles, California. Vivid has always placed heavy emphasis on high quality erotic film entertainment. Vivid employs a multitude of individuals in Los Angeles County in the advertising, distribution and sale of adult films, apparel, books, and a range of other products.

9.      Plaintiff Califa Productions, Inc., is a corporation duly organized and existing under the laws of the State of California, with its principal place of business in the City of Los Angeles, County of Los Angeles, California.  Califa produces adult films exclusively for Vivid.  Califa employs a multitude of individuals in Los Angeles County in the production of adult films.

10.     Plaintiff Kayden Kross is a performer who appears in adult films produced in the County of Los Angeles, California.  Ms. Kross has worked in adult films for over six years, has during that time been a contract performer for Vivid, Adam & Eve, and Digital Playground, and has appeared in approximately 75 adult films.  She has also appeared in several episodes of *The Block*, a reality program on G4TV, and of *Life on Top* on Cinemax, as well as in the FX comedy series *The League*, the theatrical motion picture *The Obsession*, and as a lead in the film *As Wonderland Goes By*.  Ms. Kross writes columns regularly for publications such *Complex* and *Xbiz* magazines, has contributed to *Timothy McSweeny's Internet Tendency*, and her short story "Plank" appeared in the 2012 e-book collection *Forty Stories: New Writing from Harper Perennial*.  Ms. Kross has also won several awards for her roles in adult films, from AVN and XBIZ, among others.  Ms. Kross's expressive contributions to adult films are directly affected by requirements imposed under Measure B.

11.     Plaintiff Logan Pierce is a performer who appears in adult films produced in the County of Los Angeles, California.  Mr. Pierce has worked in adult films for approximately one year, during which time he has performed in films produced by Penthouse, Brazzers, Twistys, and Reality King, appearing in approximately 150 adult films.  Mr. Pierce's expressive contributions to these films are directly affected by requirements imposed under Measure B.

12.     All Defendants are sued in their official capacities only.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

13.     Defendant County of Los Angeles, California, is a county governmental unit created and authorized under the laws of California. It is authorized by law to maintain a Department of Public Health.

14.     Defendant Dr. Jonathan E. Fielding, MD, MPH, is the Director of the Los Angeles County Department of Public Health. Dr. Fielding is responsible for all public health functions for the County and for overseeing the Department of Public Health's staff of over 4,000 individuals.

15.     Defendant Jackie Lacey, Los Angeles County District Attorney, is a public official of the County of Los Angeles, and performs official duties within the County of Los Angeles. She is the chief law enforcement officer for the County of Los Angeles.

## JURISDICTION AND VENUE

16.     This action arises under 42 U.S.C. § 1983 and the United States Constitution. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1343, as well as under this Court's Original Jurisdiction, under which the Court can entertain an action to redress a deprivation of rights guaranteed by the United States Constitution. This Court further has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202. See also Fed. R. Civ. P. 65.

17.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) because one or more of the named Defendants perform their official duties in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims have occurred or will occur in this District.

## FACTUAL ALLEGATIONS

18.     The creation, production, promotion and sale of adult films and related materials are protected under the First Amendment to the United States Constitution. These activities and speech are further protected under the laws of the State of California.

COMPLAINT

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

19.     Despite these clear protections, certain individuals and state actors continue to try and limit certain forms of expression and speech, using various tactics including claiming to protect public health.

20.     The adult film industry has been aware of the potential health risks to its performers from exposure to blood borne pathogens and has taken multiple steps to address these risks.

21.     When the public was first becoming aware of diseases like HIV/AIDS and hepatitis, the adult film industry made information available to those working in the industry by describing the diseases, how they were transmitted, and ways to prevent exposure.

22.     Since the mid- to late-1990s, all leading creators and producers of adult film content, including Plaintiffs Vivid and Califa, have implemented strict requirements for each production to protect the models and performers, and to prevent the spread of HIV and other sexually transmitted diseases.

23.     Members of the adult film industry, including Plaintiff Vivid, assisted in founding the Adult Industry Medical Health Care Foundation ("AIM"), a testing and screening facility that provided HIV and STD testing and treatment, as well as counseling services and support group programs, to individuals who work in the adult film industry, as well as to the general public.

24.     More recently, the Free Speech Coalition, the adult entertainment industry's trade association, helped to establish Adult Production Health & Safety Services ("APHSS") to assist adult film producers and performers in ensuring safe and healthy work environments for all participants.  APHSS's Advisory Council includes representatives from adult film producers, adult film performers, performers' agents, a Medical Consultant, and a workplace safety attorney.

25.     APHSS's Medical Consultant establishes, with input from Free Speech Coalition staff, the APHSS Advisory Council, and STD experts, APHSS's policies and procedures for STD testing and guidelines for STD treatment by outside clini-

COMPLAINT

5

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

cians.  APHSS's Medical Consultant also updates APHSS's policies and procedures on a regular basis, performs periodic quality assurance reviews, and serves as the liaison with testing organizations, outside clinicians, and regulators.

26.     APHSS maintains a database of approved labs that have agreed to follow basic testing and notification protocols for HIV and STD safety in adult films.  This has resulted in a nationwide network of clinics that can be relied upon by those who perform or intend to perform in adult films, for HIV and STD testing.  APHSS-approved clinics screen patients for HIV using the PCR/DNA test, and screen for Chlamydia and gonorrhea as well.

27.     APHSS-approved clinics provide continually updated information to APHSS on adult film performers who have a current negative-test status, based on testing every 14-28 days, and who are thus available for work in adult films.  APHSS in turn maintains a database of performers who have current negative-test results at APHSS-approved labs.

28.     The adult film industry also maintains a subsidy fund for APHSS testing.  Such subsidization makes testing affordable and accessible to all performers who appear or intend to appear in adult films, including those for whom testing might otherwise present a financial barrier or burden.

29.     Adult film producers and performers can access APHSS's database of available performers to confirm the negative-test status of any performer on any given date of production.  Under this regime, prior to any filming or production, all performers and models must present a driver's license and test results from the prior period showing a negative test for HIV and other STDs.

30.     All producers of adult films require testing at least once every 28 days, and some require testing every 14 days.  However, the highest-volume producer of adult films – and thus the producer deemed most desirable to work for by adult film performers – requires testing every 14 days for performers in its films.  As a result, 14-day testing is followed by a substantial proportion of adult film performers, and

COMPLAINT

6

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

virtually eliminates the possibility of HIV transmission, given the time required between initial infection and progressing to having a viral load necessary for sexual transmission/infection.

31.    Compliance with this testing regime is universal.  Without a current, negative test, or proper identification, no individual is allowed to participate in the creation of content in a way that would potentially expose anyone else to HIV or any other sexually transmitted disease.  No law-abiding adult film producer would allow a performer to appear without a current APHSS or equivalent negative-test confirmation, and no performer would agree to film without confirming his or her co-performers' negative test.

32.    In addition to these careful steps implemented and enforced unilaterally by the adult film industry, the State of California has enacted its own laws and regulations regarding exposure to blood borne pathogens.

33.    The California Occupational Safety and Health Standards Board ("Standards Board"), and the Division of Occupational Safety and Health ("Cal-OSHA"), have exclusive jurisdiction over the field of occupational safety and health in California workplaces, including those in Los Angeles County.  California state law specifically preempts cities and counties from regulating workplace health and safety standards related to blood borne pathogens.

34.    California Labor Code section 142.3, subsection (a)(1) mandates that "[t]he [Standards] [B]oard shall be the only agency in the state authorized to adopt occupational safety and health standards."  Labor Code section 144.7 requires the Standards Board to adopt a blood borne pathogen standard mandating employees exposed to blood borne pathogens in the workplace be provided with barrier protection.  Title 8, Section 5193 of the California Code of Regulations contains the prescribed standards, and requires all employees exposed to blood borne pathogens, including semen and vaginal secretions, be provided with "personal protective equipment" by their employers.  8 Cal. Code Regs. Tit. 8, § 5193(b).

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

35.     Regulation 5193 and Labor Code section 144.7 set forth regulations to be followed by the adult film industry. The California legislature has made it clear that the Standards Board has exclusive jurisdiction over conflicting occupational health and safety standards. This exclusive jurisdiction preempts Defendants from adopting any such standards. Furthermore, Defendants are preempted from enforcing Regulation 5193 and Labor Code section 144.7 in any manner.

36.     Despite the numerous and explicit protections for adult films under the First Amendment and California law, the adult film industry's careful protections for its performers and models, which are fastidiously followed and enforced, and the Standards Board's exclusive jurisdiction over occupational health and safety standards, Defendants allowed Measure B to be placed on the ballot for the November 2012 election. Measure B was then approved by a 57-43% margin.

37.     In its text, Measure B acknowledges that "the production of sexually explicit adult films is legal in the State of California," and that Regulation 5193 provides requirements for the protection of performers and models in adult films.

38.     Measure B makes numerous other claims about links between the adult film industry and sexually transmitted infections that are misleading and incorrect.

39.     Measure B provides no evidentiary support for these claims, and does not reference any source materials, thus calling into question the veracity and accuracy of the statements purporting to support the need for Measure B.

40.     Despite its questionable foundation, Measure B implements restrictions and requirements for the entire adult film industry and all those who depend on it for their livelihoods, and grants essentially unlimited investigation and enforcement powers to the Department and its employees.

41.     Measure B contains two primary provisions. First, it requires producers of adult films to obtain a permit from the Los Angeles County Department of Public Health ("Department") before any production can take place. In order to secure a permit, producers must pay a fee and complete an application form evidencing

COMPLAINT

8

successful completion of a blood borne pathogen training course approved by the Department. If the producer is a business entity, then *all* of the "principals and management-level employees" (which are undefined terms), including any and all film directors, must complete the required course. Once an application is approved and a permit issued, it must be displayed at all times where any adult film is being filmed. A permit is valid for two years, but is at all times subject to immediate and potentially permanent revocation.

42.     Second, Measure B requires the use of condoms by performers for all acts of anal or vaginal sex during the production of adult films, although the performers are, as are all performers in adult films, consenting adults engaging in constitutionally protected expression. This requirement necessarily intrudes on the expressive elements of adult films.

43.     Measure B grants the Department broad, vague, and unlimited powers of enforcement.

44.     Department inspectors are granted access to "any location suspected of conducting any activity regulated by" Measure B, without notice. Moreover, Department inspectors may take possession of "any sample, photograph, record or other evidence, including any documents *bearing on*" compliance with Measure B, without any limitations or cause requirement. Thus, a Department inspector could seize personal property, private documents, and take "samples" from any person, that they, in their sole discretion determine to have "bearing on" Measure B compliance, without any due process protections for those who may be present at a location where the inspector "suspects" an activity regulated by Measure B is taking place.

45.     The Department may, at any time and without prior notice, suspend or revoke the required permit for *any* violation of Measure B's provisions, or of *any other laws* – which are not identified or limited – if the violation may create a risk for performers of exposure to sexually transmitted diseases, which "risks" also are undefined. If a Measure B permit is suspended or revoked, work is not only

9

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

stopped on a given production, but the producer cannot engage in *any* filming, thus prohibiting the creation of other works and placing the livelihoods of hundreds of individuals in limbo.

46.     If a permit is suspended, the Department may refuse, with unfettered discretion, to reinstate the permit, or to issue a new permit to a given producer. Under Measure B's lack of specific standards and provisions, the Department has the ability – based on a single technical violation – to destroy, almost overnight, the entire business of a given film producer, and to eliminate the jobs of all its employees and contractors.  Permit suspension or revocation accordingly results in the producer no longer being able to produce adult films, and consequently stands to substantially reduce or stifle sexually expressive speech.

47.     Any person determined by the Department to have violated Measure B is also subject to fines, civil actions, and even jail time, for *any* perceived violation, even on a first offense.  Measure B does not differentiate between an individual who, on one occasion, failed to post the required notice with the necessary 36-point font, and an individual who has repeatedly violated the statute over an extended period of time.

48.     Measure B also imposes a fee structure without giving the Department any guidance over how to set the fees, other than by stating it "shall be set … in an amount sufficient to provide for the cost of any necessary enforcement."  Though the Department has stated that Measure B has become effective, it has not conducted any proceedings, conducted any analyses, or otherwise taken steps to establish the proper amount of permitting fees.  Instead, it has set a "provisional fee" ranging from $2,000 to $2,500 per year, without any findings or factual basis for the amount, or any explanation how it will determine where within the range to set the fee for any specific applicant or permittee.

49.     Despite all of these requirements and enforcement provisions, Measure B fails to even cover all those involved in creating adult films.  Fueled in part by

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the age of social media, there are many types of adult films produced for non-commercial purposes that are not covered by Measure B, but that still present the public health issues Measure B purports to address.  Moreover, such productions lack the protections of the self-regulatory measures the adult film industry has adopted and enforces.

50.     Measure B applies only to a small segment of the population of Los Angeles County, and fails to address the risks of sexually transmitted diseases in the general population.  At the same time, it threatens the livelihoods of a much larger percentage of the population.  It is estimated that there are 1,500 active adult film performers nationwide, working primarily in Los Angeles and Florida, with 300 living full-time in the Los Angeles area, and it is further estimated producers of adult film employ approximately 10,000 people in the Los Angeles area all told.  It is also estimated that the adult film industry contributes approximately $1 billion to the local economy of the Los Angeles area.  Measure B puts these expenditures and this employment at risk.  Worse still, Measure B targets producers of adult films by stifling or otherwise adversely affecting the exercise of First Amendment rights to engage in sexually expressive speech.

## COUNT I
### SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT BY SUBJECTING FREEDOM OF EXPRESSION TO A REFERENDUM

51.     Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

52.     Plaintiffs are entitled to the protection of the First Amendment because their activities, including the creation and sale of adult entertainment materials, constitute protected expression and speech, or, alternatively, protected commercial speech, which is not obscene or unlawful.

53.     The provisions of Measure B violate the First Amendment by curtailing freedom of expression via a county ballot initiative.  The exercise of First Amend-

11

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

ment freedoms cannot be limited by referendum. *Buckley v. American Constitutional Law Found.*, 525 U.S. 182, 194 (1999) ("The voters may no more violate the United States Constitution by enacting a ballot issue than the general assembly may by enacting legislation."); *West Virginia State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943) ("One's right to life, liberty, and property, to free speech, a free press, free-dom of worship and assembly, and other fundamental rights may not be submitted to vote; they depend on the outcome of no elections."). Imposing regulation in this way is inherently content-based. *Board of Regents of the Univ. of Wisconsin Sys. v. Southworth*, 529 U.S. 217, 235-36 (2000). The fact that Measure B was presented as a "public health" ballot measure does not immunize it from First Amendment scrutiny *Sorrell v. IMS Health*, 131 S. Ct. 2653 (2011).

54.     Measure B also violates the First Amendment by purporting to impose its restrictions based on "findings" in the text of the initiative, which lack a legis-lative record by which to measure whether the government's burden has been met. Thus, Measure B cannot survive any level of constitutional scrutiny.

55.     Defendants, acting under color of the Los Angeles County Code and state law, have threatened to and will enforce and implement the challenged pro-visions against Plaintiffs and others in violation of their First Amendment rights.

56.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

## COUNT II
## SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT THROUGH PRIOR RESTRAINT (42 U.S.C. § 1983)

57.     Plaintiff re-alleges and incorporates by reference all previous allegations as if fully set forth herein.

58.     Measure B preemptively prohibits the production of any adult film if its director (among others) has not completed a blood borne pathogen training course

---

COMPLAINT

12

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

affirmatively approved by the Department, if the production has not secured a permit issued by the Department, and/or if the performers do not use condoms for all acts of anal or vaginal sex, even if in their sound discretion and artistic judgment they would opt to forgo doing so. Measure B also prohibits the production of any adult film by any entity that has had a permit suspended or revoked, including even creation of other works having nothing to do with the permit suspension/revocation. The Department is granted unlimited, standardless discretion to undertake such suspensions and/or revocations.

59.     Measure B further empowers Department inspectors to take possession of "any evidence" that "bears on" compliance with Measure B, without limitations or a cause requirement, which conceivably could include sole copies of expressive works produced in alleged violation of Measure B. In addition, Measure B permits the suppression of expression and speech by imposing serious civil and criminal penalties for non-compliance with its permitting and/or barrier-protection requirements.

60.     Measure B thus violates the First Amendment by standing as an unconstitutional prior restraint upon protected expression and upon the creation and dissemination of protected speech.

61.     Defendants, acting under color of the Los Angeles County Code and state law, have threatened to and will enforce and implement the challenged provisions against Plaintiffs and others in violation of their First Amendment rights.

62.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

COMPLAINT

13

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## COUNT III
### SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT THROUGH FEES THAT IMPOSE A PRIOR RESTRAINT AND THAT ARE NOT LIMITED TO THE EXPENSE INCIDENT TO ADMINISTRATION OF PERMITTING AND ENFORCEMENT (42 U.S.C. § 1983)

63.     Plaintiff re-alleges and incorporates by reference all previous allegations as if fully set forth herein.

64.     Measure B requires securing a permit from the Department, which in turn requires payment of the permitting fee, as a precondition to the production of any adult film.

65.     Measure B does not provide the Department any guidance on how to set the fee, other than by stating it "shall be … an amount sufficient to provide for the cost of any necessary enforcement."

66.     The Department set a "provisional fee" ranging from $2,000 to $2,500 per year.  This "range" was established without analysis, findings or factual basis, or any explanation how the Department will determine where within the range to set the fee for particular permittees.

67.     Establishment of the fee regime under Measure B as a precondition to producing adult films serves as a prior restraint on protected speech.

68.     Due to the Department's failure to obtain reliable evidence supporting the provisional fee, and due to Measure B's failure to limit the fee to that which suffices to provide for the cost of enforcement, or provide any parameters for setting fees in an amount sufficient to provide for enforcement, the permitting fee is not reasonably limited to expenses incident to enforcing Measure B.  The permitting fee is consequently an unlawful tax on speech, rather than a fee incident to legitimate regulatory costs.

69.     Defendants, acting under color of the Los Angeles County Code and state law, have announced that Measure B has taken effect and that payment of the "provisional fee" will be required immediately.

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

70.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

## COUNT IV
## SECTION 1983 CLAIM BASED ON TERMS AND PROVISIONS
## THAT ARE UNCONSTITUTIONALLY VAGUE

71.    Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

72.    Measure B incorporates the use of several terms without definition and in many instances defines terms in language that would leave persons of common intelligence unsure as to their specific meaning, forcing them to necessarily guess as to what specific actions and/or characteristics would be subject to regulation.  These terms include, but are not limited to "adult film," "exposure control plan," "producer of adult film," "principals, "management-level employees," "commercial purposes," "reasonably suspected," "hazardous condition," "interference," and other terms.

73.    Measure B also incorporates several mandates without explanation, that are discretionary in nature, such that a person of common intelligence would be unsure as to their specific meaning, forcing them to necessarily guess as to what specific actions are required and/or prohibited under the regulation.  These mandates include, but are not limited to:

    i.   "Any permit issued pursuant to this chapter *may* be suspended or revoked by the department and fines consistent with the provisions of this chapter *may* be imposed by the department for a violation of this chapter *or any other violation of law* creating a risk of exposing performers to sexually transmitted infections ...." § 11.39.110.A (emphasis added).

    ii.   "For permits that have been suspended or revoked, the notice of decision shall specify the acts or omissions found to be in violation

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of this chapter, and, in the case of a suspended permit, shall state the extent of the suspension.  The notice of decision shall also state the terms upon which the permit may be reinstated or reissued, *if any*."
§ 11.39.110.D (emphasis added).

iii.   "Notwithstanding any other provision of this chapter, if any *immediate danger to the public health or safety* is found or is *reasonably suspected*, the department *may* immediately suspend the adult film production public health permit, initiate a criminal complaint *and/or* impose *any* fine permitted by this chapter .... Immediate danger to the public health and/or safety shall include *any* condition, based upon inspection findings *or other evidence*, that *can* cause, or is *reasonably suspected* of causing, infection or disease transmission, or *any* known or *reasonably suspected hazardous condition*."
§ 11.39.110.E (emphasis added).

iv.   "The department may ... modify, suspend, revoke *or* continue all such actions previously imposed upon a permittee ... for violations of this chapter *or any other laws or standards affecting public health and safety* . . . or the exposure control plan of the permittee, *or any combination thereof*, or for *interference* with a county health officer's performance of duty."  § 11.39.110.F (emphasis added).

v.   "[T]he department may impose a fine on persons violating *any* provision of this chapter or *any law, regulation or standard incorporated into this chapter*."  § 11.39.120.C (emphasis added).

vi.   "Any person or entity who ... violates *any* law, ordinance or regulation governing *any activity regulated by this chapter* ... is guilty of a misdemeanor."  § 11.39.120.D (emphasis added).

vii.   "The county health inspector may enter and inspect any location *suspected* of conducting *any activity regulated by this chapter* ...

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and take possession of *any* sample, photograph, record or other evidence, including any documents *bearing on* adult film producer's compliance with the provisions of the chapter." § 11.39.130 (emphasis added).

      viii.  "A civil action to enforce the provisions of this section may be brought by the county counsel, the district attorney or *any person directly affected* by said failure to comply with the provisions of this chapter." § 11.39.140 (emphasis added).

74.    The vagueness and subjective definitions of the above terms and mandates do not provide adequate guidance to law enforcement officers and health department officials, who themselves would have to necessarily guess as to the meaning of these terms and mandates and differ as to their application, thus leading to differential application of the law.

75.    Therefore, Measure B is unconstitutionally vague and is thus null and void *ab initio*.

76.    Defendants, acting under color of the Los Angeles County Code and state law, have threatened to and will enforce and implement the challenged provisions against Plaintiffs and others in violation of their First Amendment rights.

77.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

## COUNT V
### SECTION 1983 CLAIM BASED ON UNCONSTITUTIONAL OVER- AND UNDER-INCLUSIVENESS

78.    Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

79.    An actual controversy has arisen and now exists between the parties regarding whether or not Measure B is both over- and under-inclusive.

COMPLAINT

17

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

80.     Plaintiffs contend that Measure B is unconstitutionally over-inclusive because the adult film industry already engages in extensive actions to protect performers from sexually transmitted diseases.

81.     Plaintiffs also contend that Measure B is unconstitutionally under-inclusive because it fails to deal with adult film productions which are not made for a commercial purpose, but still pose the same health risks Measure B purports to address.

82.     Plaintiffs further contend Measure B is unconstitutionally under-inclusive because it affects only a very small segment of the population of Los Angeles County, and fails to address the risks of sexually transmitted diseases in the general population.

83.     Plaintiffs contend that Measure B is therefore invalid and unenforceable due to its unconstitutional, over- and under-inclusive nature that prevents it from being narrowly tailored.

84.     Plaintiffs additionally contend that Measure B is not tailored as is constitutionally required because it is a content-based regulation of protected speech that must be the least restrictive means of achieving its stated purposes, and at minimum must not burden substantially more speech than is necessary to achieve that purpose.

85.     Measure B is not the least restrictive means of minimizing the spread of sexually transmitted infections resulting from production of adult films, and burdens substantially more speech than necessary, insofar as it rejected – without factual basis or any evidence-based findings – the screening and test-confirmation regime that the adult film industry already utilizes, and the County failed to consider any alternatives other than the permitting and barrier-protection requirements it enacted through a popular vote.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

86.     Plaintiffs are informed and believe, and on that information and belief allege, that Defendants dispute the Plaintiff's allegations in Paragraphs 80 through 85, above.

87.     Plaintiffs desire a judicial determination and declaration as to whether Measure B is impermissibly over and under inclusive.

88.     A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain the applicability and enforce-ability of Measure B, and conduct themselves so as to obey all valid and applicable statutes and regulations.

89.     Defendants, acting under color of the Los Angeles County Code and state law, have threatened to and will enforce and implement the challenged pro-visions against Plaintiffs and others in violation of their First Amendment rights.

90.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

## COUNT VI
## SECTION 1983 CLAIM BASED ON VIOLATIONS OF DUE PROCESS

91.     Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

92.     The Due Process Clause of the Fourteenth Amendment guarantees that no person shall be deprived of life, liberty or property without due process of law.

93.     Plaintiffs have liberty and property interests in the expressive works they create through the exercise of their First Amendment rights, in the documents and other personal property used to create those works, and in their ongoing freedom to continue to create such works.

94.     Plaintiffs also have a liberty interest protected by the Fourth Amendment to be free from unreasonable searches and seizures of their persons, including their bodily fluids and other aspects of their physical persons, and a

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

property interest to be secure from unreasonable searches and seizures within the private spaces in which Plaintiffs engage in conduct that is filmed to create expressive works protected by the First Amendment.

95. Measure B allows Department inspectors to take possession of "any sample, photograph, record or other evidence, including any documents" that "bears on" compliance with Measure B, without any limitation or a cause requirement. This includes the authority to seize personal property, private documents, and "samples" from any person, without any due process protections for those that may be present locations where an inspector "suspects" activity regulated by Measure B is occurring.

96. Measure B also allows the Department to suspend or revoke, without prior hearing or any procedural safeguards whatsoever, the permit that Measure B requires producers of adult entertainment to acquire and maintain in order to lawfully

97. Defendants, acting under color of the Los Angeles County Code and state law, have threatened to and will enforce and implement the challenged provisions against Plaintiffs and others in violation of their First, Fourth and Fourteenth Amendment rights.

98. As a direct and proximate result of Defendants' unlawful conduct, Plaintiffs will further suffer irreparable harm, which will continue absent injunctive relief.

## COUNT VII
## PREEMPTION BY STATE LAW

99. Plaintiffs re-allege and incorporate by reference all previous allegations as if fully set forth herein.

100. An actual controversy has arisen and now exists between the parties regarding whether or not Measure B is preempted by state law.

101. Plaintiffs contend that Measure B is preempted by California Labor Code Sections 140, et seq., and specifically California Labor Code Section 144.7 and California Code of Regulations Title 8, Section 5193, which mandates the use

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

of barrier protection in the workplace when employees are exposed to blood borne pathogens.

102.   Plaintiffs contend that the California Legislature expressly retained exclusive jurisdiction with Cal-OSHA for the enforcement of occupation safety and health standards adopted by the Standards Board.  Labor Code Section 144, subsection (e) provides "[n]othing in this section shall affect or limit the authority of any state or local agency as to any matter **other than the enforcement of occupational safety and health standards adopted by the [Standards] Board**" (emphasis added).

103.   Plaintiffs contend that Labor Code Section 144.7 and California Code of Regulations Title 8, Section 5193 are occupational safety and health standards adopted by the Standards Board.

104.   Plaintiffs contend that Measure B is inconsistent with and/or enters an area fully occupied by Labor Code Section 144.7 and California Code of Regulations Title 8, Section 5193, and therefore is preempted.

105.   Plaintiffs are informed and believe, and on that information and belief allege, that Defendants dispute the Plaintiff's allegations in Paragraphs 101 through 104, above.

106.   Plaintiffs desire a judicial determination and declaration as to whether Measure B is preempted by state law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

1.   An order enjoining and restraining Defendants, and their officers, agents, servants, employees, and attorneys, and those in active concert or participation with them who receive actual notice of the injunction, from enforcing Los Angeles County Measure B.

2.   A declaration that Los Angeles County Measure B violates the First Amendment to the United States Constitution.

21

COMPLAINT

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

3.     A declaration that Los Angeles County Measure B violates due process under the Fourteenth Amendment to the United States Constitution.

4.     A declaration that Los Angeles County Measure B is preempted under California state law.

5.     An award to Plaintiffs of their reasonable costs and attorneys' fees; and

6.     Such other and further relief as the Court deems just.

DATED: January 10, 2013     LIPSITZ GREEN SCIME CAMBRIA LLP
                            PAUL J. CAMBRIA, JR.

                            SANTEN & HUGHES LPA
                            H. LOUIS SIRKIN

                            DAVIS WRIGHT TREMAINE LLP
                            ROBERT CORN-REVERE
                            RONALD G. LONDON
                            JANET L. GRUMER
                            MATTHEW D. PETERSON

                            By: _____
                                   Matthew D. Peterson

                            Attorneys for Plaintiffs
                            VIVID ENTERTAINMENT, LLC;
                            CALIFA PRODUCTIONS, INC.;
                            JANE DOE a/k/a Kayden Kross; and
                            JOHN DOE a/k/a Logan Pierce

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# DEMAND FOR JURY TRIAL

Plaintiffs Vivid Entertainment, LLC, Califa Productions, Inc., Jane Doe a/k/a Kayden Kross, and John Doe a/k/a Logan Pierce, hereby demand a trial by jury as provided for by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: January 10, 2013

LIPSITZ GREEN SCIME CAMBRIA LLP
PAUL J. CAMBRIA, JR.

SANTEN & HUGHES LPA
H. LOUIS SIRKIN

DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE
RONALD G. LONDON
JANET L. GRUMER
MATTHEW D. PETERSON

By: _____
                Matthew D. Peterson

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross; and
JOHN DOE a/k/a Logan Pierce

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899



**TEXT OF THE PROPOSED MEASURE**
**COUNTY OF LOS ANGELES SAFER SEX IN THE**
**ADULT FILM INDUSTRY ACT**

The people of the County of Los Angeles ordain as follows:

## SECTION 1. TITLE

This ordinance shall be known and may be cited as the County of Los Angeles Safer Sex in the Adult Film Industry Act.

## SECTION 2. FINDINGS AND DECLARATION

The people of the County of Los Angeles hereby find and declare all of the following:

(a) The HIV/AIDS crisis, and the ongoing epidemic of sexually transmitted infections as a result of the making of adult films, has caused a negative impact on public health and the quality of life of citizens living in Los Angeles.

(b) Safer sex practices are a prime method of preventing and reducing the spread of HIV I AIDS and other sexually transmitted infections.

(c) The California Supreme Court has determined that the production of sexually explicit adult films is legal in the State of California.

(d) The Los Angeles County Department of Public Health has documented widespread transmission of sexually transmitted infections associated with the activities of the adult film industry within Los Angeles County.

(e) The Los Angeles County Department of Public Health has stated that the use of condoms is the best and most effective way to stem the spread of sexually transmitted infections within the adult film industry.

(f) Multiple organizations committed to protecting the public health have called for use of condoms in the production of adult films, including the American Medical Association, the American Public Health Association, the California Conference of Local AIDS Directors, the California STD Controllers Association, the National Coalition of STD Directors, the National Association of City and County Health Officials, AIDS Healthcare Foundation and the California Medical Association.

(g) Producers of adult films are required by California Code of Regulations Title 8, Section 5193 to use barrier protection, including condoms, to protect employees during the production of adult films.

(h) The Los Angeles County Department of Public Health has found that many producers of adult films in Los Angeles consistently violate the worker safety provisions of California Code of Regulations Title 8, section 5193.

## SECTION 3. PURPOSE AND INTENT

The people of the County of Los Angeles hereby declare their purpose and intent in enacting this ordinance is to minimize the spread of sexually transmitted infections resulting from the production of adult films in the County of Los Angeles, which have caused a negative impact on public health and the quality of life of citizens living in Los Angeles. This Act will require the producers of adult films to obtain a permit from the Los Angeles County Department of Public Health to ensure that producers comply with preexisting law requiring, among other things, that performers are protected from sexually transmitted infections by condoms. The Act further authorizes the Los Angeles County Department of Public Health to take appropriate measures to

**TEXT OF THE PROPOSED MEASURE**
**COUNTY OF LOS ANGELES SAFER SEX IN THE**
**ADULT FILM INDUSTRY ACT**

## SECTION 3. PURPOSE AND INTENT (Cont.)

enforce the Act, and conditions any film permit issued by the County for the production of an adult film on the use of condoms and other safety precautions.

## SECTION 4.

Chapter 11.39 is hereby added to Division 1 of Title 11 of the Los Angeles County Code to read:

*CHAPTER 11.39*

*ADULT FILMS*

*ADULT FILMS,· SHORT TITLE AND PUBLIC POLICY*

*Part 1 DEFINITIONS*

*11.39.005*   *Definitions*

*Unless the provision or the context otherwise requires, the definitions in this part shall govern the construction of this chapter.*

*11.39.010*   *Adult film*

*An "adult film" is defined as any film, video, multimedia or other representation of sexual intercourse in which performers actually engage in oral, vaginal, or anal penetration, including, but not limited to, penetration by a penis, finger, or inanimate object; oral contact with the anus or genitals of another performer,· and/or any other sexual activity that may result in the transmission of blood and/or any other potentially infectious materials.*

*11.39.020*   *County.*

*"County" means the County of Los Angeles.*

*11.39.030*   *Department.*

*"Department" means the Los Angeles County Department of Public Health.*

*11.39.040*   *Departmental regulations.*

*"Departmental regulations" means the regulations pertaining to filming of adult films promulgated by the department as currently written or as may from time to time be amended. When adopted by the department, these regulations are incorporated in and become part of this chapter.*



**TEXT OF THE PROPOSED MEASURE**
**COUNTY OF LOS ANGELES SAFER SEX IN THE**
**ADULT FILM INDUSTRY ACT**

## SECTION 4. (Cont.)

11.39.050    *Exposure control plan.*

*"Exposure control plan" means a written plan that meets all requirements of Title 8 California Code of Regulations sections 3203 and 5193, to minimize employees' risk of exposure to blood or potentially infectious material.*

11.39.060    *Filmed or filming.*

*"Filmed" and "filming" means the recording or real-time broadcast of any adult film, regardless of the medium used.*

11.39.070    *Potentially infectious material.*

*"Potentially infectious material" shall have the same meaning as defined in Title 8 California Code of Regulations Section 519 3 (b), or any successor regulation.*

11.39.075    *Producer of adult film*

*"Producer of adult film" means any person or entity that produces, finances, or directs, adult films for commercial purposes.*

11.39.076    *Permittee*

*"Permittee " means any person or entity issued an adult film production public health permit pursuant to this chapter.*

**Part 2 GENERAL REQUIREMENTS**

11.39.080    *Adult film production public health permit.*

    A.      *Producers of adult films shall obtain a public health permit by filing a completed application form with the department and paying the required fee. The fee shall be set by the Department in an amount sufficient to provide for the cost of any necessary enforcement.*

        1.      *During the twelve (12) months immediately following the effective date of this chapter, adult film production public health permits may be issued on a conditional basis. An individual issued a conditional permit shall have up to six months from the date of application to provide the department with proof of successful completion of a blood borne pathogen training course that has been approved by the department. If permittee is a business entity rather than an individual, permittee shall have up to six months from the date of application to provide the department with proof of successful completion of a blood borne pathogen training course that has been approved by the department for all principals and management-level employees of permittee, including, but not limited to, all film directors. Failure to provide such proof within the prescribed time shall cause the conditional adult film production public health permit to be revoked immediately.*



**TEXT OF THE PROPOSED MEASURE**
**COUNTY OF LOS ANGELES SAFER SEX IN THE**
**ADULT FILM INDUSTRY ACT**

### SECTION 4. (Cont.)

2. *At all times after the twelve (12) months following the effective date of this chapter, each applicant who is an individual must also provide the department with proof of successful completion of a blood borne pathogen training course that has been approved by the department. Each applicant who is a business entity rather than an individual must provide the department with proof of successful completion of a blood borne pathogen training course that has been approved by the department for all principals and management-level employees of permittee, including but not limited to all film directors.*

B. *Upon successful completion of the permit application process described in subsection A of this section, the partment shall issue an adult film production public health permit to the applicant. The adult film production public health permit will be valid for two years from the date of issuance, unless revoked.*

C. *No producer of adult films may engage in the making of adult films in Los Angeles County for commercial purposes unless that producer of adult films has a valid adult film production public health permit issued by the department.*

D. *An adult film production public health permit is nontransferable.*

11.39.090 *Posting requirements.*

A. *The adult film production public health permit issued to the producer of adult films must be displayed at all times at the location where any adult film is filmed in an area that is visible to performers.*

B. *A legible sign shall be displayed at all times at the location where any adult film is filmed in any conventional typeface with a font size not smaller than 36 points, that provides the following notice so as to be clearly visible to performers in said films:*

   *The use of condoms is required for all acts of anal or vaginal sex during the production of adult films to protect performers from sexually tramsmitted infections.*

   *Any public health concerns regarding any activities occurring during the production of any adult films should be directed to the Los Angeles County Department of Public Health:*

   _____

   _____

   *(the program office address and telephone number to be provided by the county health officer).*

11.39.100 *Permit --Reporting requirements.*

*Every person that possesses a valid adult film production public health permit or registration shall report to the department any changes in status to the business made reportable by departmental regulations within fifteen (1 5) days of the change.*



**TEXT OF THE PROPOSED MEASURE
COUNTY OF LOS ANGELES SAFER SEX IN THE
ADULT FILM INDUSTRY ACT**

### SECTION 4. (Cont.)

11.39.100     Permit --Reporting requirements.

Every person that possesses a valid adult film production public health permit or registration shall report to the department any changes in status to the business made reportable by departmental regulations within fifteen (15) days of the change.

11.39.110     Permit--Suspension and revocation and fines.

A.     Any permit issued pursuant to this chapter may be suspended or revoked by the department and fines consistent with the provisions of this chapter may be imposed by the department for a violation of this chapter or any other violation of law creating a risk of exposing performers to sexually transmitted infections, including any violation of applicable provisions of the Los Angeles County Code, the California Health and Safety Code, the blood borne pathogen standard, California Code of Regulations Title 8, section 519 3 or the exposure control plan of the producer of adult films, or any combination of such violations. The failure of a producer of adult films to require performers to use condoms during any acts of vaginal or anal sexual intercourse is a violation of this chapter.

B.     Whenever the department determines that a permittee has failed to comply with the requirements of this chapter, any other violation of law creating a risk of exposing performers to sexually transmitted infections, including any violation of applicable provisions of the Los Angeles County Code, the California Health and Safety Code, the blood borne pathogen standard, California Code of Regulations Title 8, section 5193 or the exposure control plan of the producer of adult films, or any combination thereof a written notice to comply shall be issued to the permittee. The notice to comply shall include a statement of the deficiencies found, set forth the corrective measures necessary for the permittee to be in compliance with this chapter, and inform the permittee that failure to comply may result in the imposition of a fine or other penalty, including suspension and/or revocation of any and all permits. The notice to comply shall also advise the permittee of his or her right to an administrative review.

C.     A written request for an administrative review must be made by the noticed permittee within fifteen (15) calendar days of the issuance of the notice to comply. The failure to request an administrative review within the prescribed time shall be deemed a waiver of the right to an administrative review. The administrative review shall be held within fifteen (15) calendar days of the receipt of a written request for a review. Upon the written request of permittee or on its own motion, the department may advance or postpone the scheduled administrative review date, if permittee demonstrates good cause.

D.     The department shall issue a written notice of decision specifying any penalties imposed on permittee to the permittee within five (5) days of the administrative review or waiver, excluding weekends and holidays. For permits that have been suspended or revoked, the notice of decision shall specify the acts or omissions found to be in violation of this chapter, and, in the case of a suspended permit, shall state the extent of the suspension. The notice of decision shall also state the terms upon which the permit may be reinstated or reissued, if any.



# TEXT OF THE PROPOSED MEASURE
# COUNTY OF LOS ANGELES SAFER SEX IN THE
# ADULT FILM INDUSTRY ACT

## SECTION 4. (Cont.)

E.   Notwithstanding any other provision of this chapter, if any immediate danger to the public health or safety is found or is reasonably suspected, the department may immediately suspend the adult film production public health permit, initiate a criminal complaint and/or impose any fine permitted by this chapter, pending a determination of an administrative review, as provided herein. Immediate danger to the public health and/or safety shall include any condition, based upon inspection findings or other evidence, that can cause, or is reasonably suspected of causing, infection or disease transmission, or any known or reasonably suspected hazardous condition.

    1.   Whenever an adult film production public health permit issued is immediately suspended or a fine is imposed pursuant to this subdivision E of this section, the department shall issue to the permittee so suspended or fined, a written notice to comply setting forth the acts or omissions with which the permittee is charged, specifying the sections of the Los Angeles County Code, California Health and Safety Code, blood borne pathogen standard, California Code of Regulations Title 8, section 5193 or the exposure control plan of the producer of adult films, or the combination of alleged violations, and informing the permittee of the right to an administrative review.

    2.   At any time within fifteen (15) calendar days of service of such notice to comply, the permittee may request, in writing, an administrative review by the department to show cause why the imposed suspension or fine is unwarranted. The administrative review shall be held within fifteen (15) calendar days of the receipt of a request. A failure to request an administrative review within fifteen (15) calendar days shall be deemed a waiver of the right to such review.

    3.   At any time prior to an administrative review or waiver thereof the recipient of a notice to comply issued pursuant to this subsection F, may correct the deficiencies noted in the notice to comply and request a reinspection at any time when the producer of adult films is actually filming an adult film.

    4.   In the case of a request for reinspection as set forth in subsection E.3 above, the department shall reinspect as soon as practical. In the event the deficiencies noted in the notice to comply are corrected to the satisfaction of the health officer, the department has discretion to reinstate or modify any suspension of a permit and cancel or modify any fine imposed pursuant to this subsection F. If the department determines that the deficiencies identified in the notice to comply have been corrected, but the department elects not to reinstate the suspension or cancel the fine imposed pursuant to this subsection F, the department shall notify the permittee of this decision in writing. The permittee shall have fifteen (15) calendar days from receipt of said notification to seek an administrative review of this decision.

F.   The department may, after an administrative review or waiver thereof, modify, suspend, revoke or continue all such action previously imposed upon a permittee pursuant to this chapter or impose any fine imposed by law for violations of this chapter or any other laws or standards affecting public health and safety, including but not limited to the Los Angeles County Code, the California Health and Safety Code, the blood borne pathogen standard, California Code of Regulations Title 8, section 5193 or the exposure control plan of the permittee, or any combination thereof, or for interference with a county health officer's performance of duty.



**TEXT OF THE PROPOSED MEASURE**
**COUNTY OF LOS ANGELES SAFER SEX IN THE**
**ADULT FILM INDUSTRY ACT**

## SECTION 4. (Cont.)

G.     A permit issued pursuant to this chapter may be reissued or reinstated, if the department determines that
        the conditions which prompted the suspension or revocation no longer exist and any fine imposed pursuant
        to this chapter has been satisfied

H.     In the event a permit is suspended or revoked, the producer of adult films whose permit was revoked shall
        cease filming any adult film unless and until the permit is reinstated or reissued.

**Part 3 COMPLIANCE AND ENFORCEMENT**

11.39.120     Compliance with the provisions in this chapter shall be mandatory:

A.     The provisions of this chapter are in full force and effect in the county.

B.     Any producer of adult films filming any adult films within the county, including any person or entity owning or
        operating any business regulated by this chapter, must comply with the provisions of this chapter.

C.     In addition to any other penalty provided for under this chapter, consistent with the process set forth herein for
        notice and administrative review, the department may impose a fine on persons violating any provision of
        this chapter or any law, regulation or standard incorporated into this chapter. The department may impose
        a civil fine upon such violators in an amount not to exceed $500.00 per violation, as appropriate. The
        imposition of such fines shall, in no way, limit the authority or ability to impose other requirements of this
        chapter or seek other remedies against alleged violators.

D.     Any person or entity who produces or films adult films for commercial purposes within the county without a
        valid adult film production public health permit, or any person, who violates any law, ordinance or regulation
        governing any activity regulated by this chapter, or who, upon demand of the county health officer, refuses
        or neglects to conform to a lawful order or directive of a county health officer pertaining to conduct regulated
        by this chapter, is guilty of a misdemeanor, punishable by fine of $1,000.00, imprisonment in the county jail
        for a period not to exceed six months, or both. Each such act is punishable as a separate offense.

11.39.130     Health officer--Enforcement.

        The county health officer may enter and inspect any location suspected of conducting any activity regulated
        by this chapter, and, for purposes of enforcing this chapter, the county health officer may issue notices and
        impose fines therein and take possession of any sample, photograph, record or other evidence, including
        any documents bearing upon adult film producer's compliance with the provision of the chapter. Such
        inspections may be conducted as often as necessary to ensure compliance with the provisions of
        this chapter.

11.39.140     Noncompliance with county health officer--Injunctive relief

        Any act or failure to act which is a violation of this chapter may be the subject of a civil action to enjoin the
        person or entity so acting or failing to act to conform his or her conduct to the provisions of this chapter.
        A civil action to enforce the provisions of this section may be brought by the county counsel, the district
        attorney or any person directly affected by said failure to comply with the provisions of this chapter. The filing

# TEXT OF THE PROPOSED MEASURE
## COUNTY OF LOS ANGELES SAFER SEX IN THE ADULT FILM INDUSTRY ACT

**MEASURE B**

## SECTION 4. (Cont.)

*and prosecution of such an action shall, in no way, limit the authority or ability to impose other requirements of this chapter or remedies or penalties as permitted by law.*

**Part 4 OPERATIONS**

11.39.150    *Exposure control plan and reporting.*

*Every producer of adult films shall provide a written exposure control plan, approved by the department, describing how the requirements of this chapter will be implemented The exposure control plan shall meet requirements established in departmental regulations.*

## SECTION 5.

Chapter 22.56.1925 of the Division 1 of Title 22 of the Los Angeles County Code is amended as follows:

22.56.1925    Movie on-location filming.

    A.    Notwithstanding the other provisions of this Part 14, applications for movie on-location filming permits shall be filed with the filming permit coordination office which shall approve such application for a time period not to exceed the time period specified in this Title 22 where it finds that the findings set forth in Section 22.56.1860 and subsection A 1 of Section 22.56.1880 have been met by the applicant. In addition, in lieu of subsection A2 of Section 22.56.1880, the filming permit office shall also find that such approval will not result in a frequency of usage likely to create incompatibility between such temporary use and the surrounding area. Where an application is denied due to frequency of usage, the filming permit office shall specify the minimum time period between approvals which, in its opinion, is necessary to prevent such incompatibility.

    B.    In interpreting the other provisions of this Part 14 in relation to movie onlocation filming, the filming permit office shall be substituted for the director, and the provisions of Sections 22.56.1840 and 22.56.1870 shall not apply.

    C.    *Any person or entity issued a permit for the filming of an adult film, as defined in section 11.39.010 of this Code, under this chapter or any other law authorizing the issuance of permits for commercial filming are required to maintain engineering and work practice controls sufficient to protect employees from exposure to blood and/or any other potentially infectious materials controls, in a manner consistent with California Code of Regulations, Title 8, Section 519 3. Any such permit shall contain the following language: "Permittee must abide by all applicable workplace health and safety regulations, including California Code of Regulations Title 8, Section 5193, which mandates barrier protection, including condoms, to shield performers from contact with blood or other potentially infectious m:aterial during the production of films. " The county shall charge, or shall direct any other person or entity contracting with the county to administer the film permitting process, to charge, entertainment industry customers seeking permits for the production of adult films a fee sufficient to allow periodic inspections to ensure compliance with the conditions set forth in Section 11.39.010.*



# TEXT OF THE PROPOSED MEASURE
# COUNTY OF LOS ANGELES SAFER SEX IN THE
# ADULT FILM INDUSTRY ACT

## SECTION 6: COMPETING MEASURES

In the event that this measure and another measure or measures relating to the permit process for adult films shall appear on the same ballot, the provisions of the other measures shall be deemed to be in conflict with this measure. In the event that this measure shall receive a greater number of affirmative votes, the provisions of this measure shall prevail in their entirety, and the provisions of the other relating to the permit process for adult films shall be null and void.

## SECTION 7: AMENDMENT AND REPEAL

This chapter may be amended to further its purposes by an ordinance passed by a majority vote of the Board of Supervisors. This chapter may not be repealed, except by an ordinance proposed either by petition or by the Board of Supervisors at its own instance and adopted by a vote of the electors, or by an amendment of the charter superseding the ordinance.

## SECTION 8: SEVERABILITY

If any provision of this Act, or part thereof, is for any reason held to be invalid or unconstitutional, the remaining provisions shall not be affected, but shall remain in full force and effect, and to this end the provisions of the Act are severable.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Alicia G. Rosenberg.

The case number on all documents filed with the Court should read as follows:

## CV13- 190 DDP (AGRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Janet L. Grumer (SBN232723)
Matthew D. Peterson (SBN251490)
Davis Wright Tremaine LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Fax: (213) 633-6899
janetgrumer@dwt.com; matthewpeterson@dwt.com

**ORIGINAL**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce, <br><br> PLAINTIFF(S) <br><br> v. <br><br> JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **CV13-00190-DDP (AGRx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S): JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES

A lawsuit has been filed against you.

Within **21** days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Matthew D. Peterson</u>, whose address is <u>Davis Wright Tremaine LLP 865 S. Figueora Street, Suite 2400, Los Angeles, CA 90017</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: **JAN 1 0 2013**

By: _____
          Deputy Clerk

*(Seal of the Court)*

---

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---


American LegalNet, Inc.
www.FormsWorkFlow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce | JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Janet L. Grumer (SBN232723) Matthew D. Peterson (SBN251490) Davis Wright Tremaine LLP 865 S. Figueroa Street, Suite 2400 Los Angeles, CA 90017 T: (213) 633-6800 & F: (213) 633-6899 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No
☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 claims for violation of the First, Fourth and Fourteenth Amendments; Preemption under California law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☒ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

CV13-00190

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

American LegalNet, Inc.
www.FormsWorkflow.com

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ No  ☐ Yes

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ No  ☐ Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
     ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County for all Plaintiffs | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
     ☒ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County for all Defendants | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County for all claims | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER):  _~signature~_  Date  January 10, 2013
                                          Matthew D. Peterson

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com