PATRICIA L. GLASER - State Bar No. 55668
pglaser@glaserweil.com
JOEL N. KLEVENS - State Bar No. 45446
jklevens@glaserweil.com
JOHN LY - State Bar No. 247477
jly@glaserweil.com
GLASER WEIL FINK JACOBS
  HOWARD AVCHEN & SHAPIRO LLP
10250 Constellation Boulevard, 19th Floor
Los Angeles, California 90067
Telephone: (310) 553-3000
Facsimile: (310) 556-2920

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce, <br><br> Plaintiffs, <br><br> v. <br><br> JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES, <br><br> Defendants. | CASE NO. CV 13-00190 DDP (AGI) <br><br> Hon. Dean Pregerson <br><br> **DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendants' Jonathan Fielding, Jackie Lacey, and County of Los Angeles, by and through counsel, answer Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

Plaintiffs' Complaint presents important constitutional questions that require and warrant judicial determination. In a constitutional democracy, it is the role of the courts to determine and resolve such questions. To the extent that Plaintiffs have stated a justiciable controversy, setting forth federal constitutional challenges to the County of Los Angeles Safer Sex in the Adult Film Industry Act ("Measure B"), it is appropriate for the federal courts to determine and resolve those challenges. Defendants encourage the Court to resolve the merits of this action expeditiously.

In response to each of the specific allegations in Plaintiffs' Complaint, Defendants respond as follows:

## INTRODUCTION

1. Answering paragraph 1 of the Complaint, Defendants admit that Plaintiffs have alleged that they seek to protect the First Amendment rights of producers of sexually oriented films, to uphold the supremacy of the law of the State of California, and to protect the livelihoods of those who work in and around the adult film industry. As to all other allegations contained therein, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.

2. Answering paragraph 2 of the Complaint, Defendants admit that Plaintiffs have filed a civil rights action for declaratory and injunctive relief that seeks to enjoin the enforcement of Measure B. As to all other allegations contained therein, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.

3. Answering paragraph 3 of the Complaint, Defendants admit that Measure B requires producers of adult films to pay a fee and obtain a permit that requires the completion of bloodborne pathogen training. Defendants further admit

that Measure B allows for the revocation of the required permit. Defendants further admit that Measure B requires the use of condoms during the production of adult films. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

4. Answering paragraph 4 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

5. Answering paragraph 5 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

6. Answering paragraph 6 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

7. Answering paragraph 7 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

**PARTIES**

8. Answering paragraph 8 of the Complaint, Defendants lack sufficient

information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

9. Answering paragraph 9 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

10. Answering paragraph 10 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

11. Answering paragraph 11 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

12. Answering paragraph 12 of the Complaint, Defendants admit that Plaintiffs have alleged that they are suing Defendants in their official capacities only.

13. Answering paragraph 13 of the Complaint, Defendants admit the allegations in the said paragraph.

14. Answering paragraph 14 of the Complaint, Defendants admit that Dr. Jonathan E. Fielding, MD, MPH, is the Director of the Los Angeles County Department of Public Health ("Department of Public Health"). As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

15. Answering paragraph 15 of the Complaint, Defendants admit that Jackie Lacey is the Los Angeles County District Attorney, a public official of the County of

Los Angeles. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph. In addition, Defendants contend that said paragraph also contains conclusions of law pertaining to the legal responsibilities of District Attorney Lacey and no averments of fact to which an answer may be required.

## JURISDICTION AND VENUE

16. Answering paragraph 16 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.

17. Answering paragraph 17 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.

## FACTUAL ALLEGATIONS

18. Answering paragraph 18 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.

19. Answering paragraph 19 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

20. Answering paragraph 20 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

21. Answering paragraph 21 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said

paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

22. Answering paragraph 22 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

23. Answering paragraph 23 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

24. Answering paragraph 24 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

25. Answering paragraph 25 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

26. Answering paragraph 26 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

27. Answering paragraph 27 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

28. Answering paragraph 28 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said

paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

29.     Answering paragraph 29 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

30.     Answering paragraph 30 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

31.     Answering paragraph 31 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

32.     Answering paragraph 32 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.  As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

33.     Answering paragraph 33 of the Complaint, Defendants contend that said paragraph contains conclusions of law and not averments of fact to which an answer may be required.  As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

34.     Answering Paragraph 34 of the Complaint, Defendants admit that California Labor Board Code section 142.3, subsection (a)(1), states that "The board

DEFENDANTS' ANSWER TO COMPLAINT

792787

1  shall be the only agency in the state authorized to adopt occupational safety and
2  health standards." Defendants further admit that Labor Code section 144.7 allows the
3  "Standards Board" to adopt blood borne pathogen standards. Defendants further
4  admit that Labor Code § 142.3(a)(1), Labor Code § 144.7, and Title 8, section 5193 of
5  the California Code of Regulations are in writing and speak for themselves. As to all
6  other allegations contained therein, Defendants lack sufficient information or
7  knowledge to enable them to answer the allegations contained in said paragraph, and
8  basing their denial on that ground, generally and specifically deny each and every
9  allegation contained in said paragraph.

10    35.    Answering paragraph 35 of the Complaint, Defendants contend that said
11  paragraph contains conclusions of law and not averments of fact to which an answer
12  may be required. As to all other allegations contained therein, Defendants lack
13  sufficient information or knowledge to enable them to answer the allegations
14  contained in said paragraph, and basing their denial on that ground, generally and
15  specifically deny each and every allegation contained in said paragraph.

16    36.    Answering paragraph 36 of the Complaint, Defendants admit that
17  Measure B was placed on the ballot in Los Angeles County in November 2012.
18  Defendants further admit that Measure B was approved by a margin of 57% to 43%
19  by voters in the County of Los Angeles. Defendants also contend that said paragraph
20  contains conclusions of law and not averments of fact to which an answer may be
21  required. As to all other allegations contained therein, Defendants lack sufficient
22  information or knowledge to enable them to answer the allegations contained in said
23  paragraph, and basing their denial on that ground, generally and specifically deny
24  each and every allegation contained in said paragraph.

25    37.    Answering paragraph 37 of the Complaint, Defendants admit that
26  Measure B states that "the production of sexually explicit adult films is legal in the
27  State of California." Defendants further admit that Labor Code § 142.3(a)(1), Labor
28  Code § 144.7, and Regulation 5193 are in writing and speak for themselves.

1  Defendants further admit that Measure B is in writing and speaks for itself. As to all
2  other allegations contained therein, Defendants lack sufficient information or
3  knowledge to enable them to answer the allegations contained in said paragraph, and
4  basing their denial on that ground, generally and specifically deny each and every
5  allegation contained in said paragraph.

6        38.     Answering paragraph 38 of the Complaint, Defendants further admit that
7  Measure B is in writing and speaks for itself. As to all other allegations contained
8  therein, Defendants lack sufficient information or knowledge to enable them to
9  answer the allegations contained in said paragraph, and basing their denial on that
10 ground, generally and specifically deny each and every allegation contained in said
11 paragraph.

12       39.     Answering paragraph 39 of the Complaint, Defendants further admit that
13 Measure B is in writing and speaks for itself. As to all other allegations contained
14 therein, Defendants lack sufficient information or knowledge to enable them to
15 answer the allegations contained in said paragraph, and basing their denial on that
16 ground, generally and specifically deny each and every allegation contained in said
17 paragraph.

18       40.     Answering paragraph 40 of the Complaint, Defendants admit that
19 Measure B implements restrictions and requirements for the adult film industry.
20 Defendants further admit that Measure B is in writing and speaks for itself. As to all
21 other allegations contained therein, Defendants lack sufficient information or
22 knowledge to enable them to answer the allegations contained in said paragraph, and
23 basing their denial on that ground, generally and specifically deny each and every
24 allegation contained in said paragraph.

25       41.     Answering paragraph 41 of the Complaint, Defendants admit that
26 Measure B requires adult film producers to obtain a permit from the Department of
27 Public Health before production of an adult film can take place. Defendants further
28 admit that adult film producers must pay a fee and complete an application form

1  evidencing the successful completion of a blood borne pathogen training course
2  approved by the Department of Public Health. Defendants further admit that if an
3  adult film producer is a business entity, then the "principals and management-level
4  employees" must complete the required training course. Defendants further admit
5  that the required permit must be displayed where any adult film is being filmed.
6  Defendants further admit that the required permit is valid for two years. Defendants
7  further admit that Measure B is in writing and speaks for itself. As to all other
8  allegations contained therein, Defendants lack sufficient information or knowledge to
9  enable them to answer the allegations contained in said paragraph, and basing their
10 denial on that ground, generally and specifically deny each and every allegation
11 contained in said paragraph.
12     42.     Answering paragraph 42 of the Complaint, Defendants admit that
13 Measure B requires the use of condoms by performers during the production of adult
14 films. Defendants further admit that Measure B is in writing and speaks for itself. As
15 to all other allegations contained therein, Defendants contend that said paragraph
16 contains conclusions of law and not averments of fact to which an answer may be
17 required.
18     43.     Answering paragraph 43 of the Complaint, Defendants contend that said
19 paragraph contains conclusions of law and not averments of fact to which an answer
20 may be required.
21     44.     Answering paragraph 44 of the Complaint, Defendants admit that, under
22 Measure B, inspectors for the Department of Public Health are granted access to "any
23 location suspected of conducting any activity regulated by" Measure B. Defendants
24 further admit that inspectors for the Department of Public Health may take possession
25 of any "sample, photograph, record or other evidence, including any documents
26 bearing on" compliance with Measure B. Defendants further admit that Measure B is
27 in writing and speaks for itself. As to all other allegations contained therein,
28 Defendants lack sufficient information or knowledge to enable them to answer the

Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP

allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

45. Answering paragraph 45 of the Complaint, Defendants admit that the Department of Public Health may suspend or revoke the permit for a violation of the Measure B's provisions or any other violation of law creating a risk of exposing performers to sexually transmitted infections. Defendants further admit that no producer of adult films may engage in the making of adult films in Los Angeles County for commercial purposes without a permit. Defendants further admit that Measure B is in writing and speaks for itself. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

46. Answering paragraph 46 of the Complaint, Defendants admit that the Department of Public Health can reinstate or reissue a required permit. Defendants further admit that Measure B is in writing and speaks for itself. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

47. Answering paragraph 47 of the Complaint, Defendants admit that violations of Measure B can result in the imposition of fines, civil penalties, and imprisonment. Defendants further admit that Measure B is in writing and speaks for itself. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

48. Answering paragraph 48 of the Complaint, Defendants admit that

Measure B states that the fee for the permit "shall be set by the Department in the amount sufficient to provide for the cost of any necessary enforcement." Defendants further admit that Measure B is in writing and speaks for itself. As to all other allegations contained therein, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

49. Answering paragraph 49 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

50. Answering paragraph 50 of the Complaint, Defendants lack sufficient information or knowledge to enable them to answer the allegations contained in said paragraph, and basing their denial on that ground, generally and specifically deny each and every allegation contained in said paragraph.

## COUNT I
### SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT BY SUBJECTING FREEDOM OF EXPRESSION TO A REFERENDUM

51. Answering paragraph 51 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-50 as though fully restated herein.

52. Answering paragraphs 52-56 of the Complaint, Defendants contend that said paragraphs contains conclusions of law and not averments of fact to which an answer may be required.

## COUNT II
## SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT THROUGH PRIOR RESTRAINT (42 U.S.C. § 1983)

53.    Answering paragraph 57 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-52 as though fully restated herein.

54.    Answering paragraphs 58-62 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## COUNT III
## SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT THROUGH FEES THAT IMPOSE A PRIOR RESTRAINT AND THAT ARE NOT LIMITED TO THE EXPENSE INCIDENT TO ADMINISTRATION OF PERITTING AND ENFORCING (42 U.S.C. § 1983)

55.    Answering paragraph 63 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-54 as though fully restated herein.

56.    Answering paragraphs 64-70 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## COUNT IV
## SECTION 1983 CLAIM FOR VIOLATION OF THE FIRST AMENDMENT THROUGH FEES THAT IMPOSE A PRIOR RESTRAINT AND THAT ARE NOT LIMITED TO THE EXPENSE INCIDENT TO ADMINISTRATION OF PERMITTING AND ENFORCEMENT (42 U.S.C. § 1983)

57.    Answering paragraph 71 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-56 as though fully restated herein.

58.    Answering paragraphs 72-77 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## COUNT V
## SECTION 1983 CLAIM BASED ON UNCONSTITUTIONAL OVER-AND-UNDER-INCLUSIVENESS

59. Answering paragraph 78 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-58 as though fully restated herein.

60. Answering paragraphs 79-90 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## COUNT VI
## SECTION 1983 CLAIM BASED ON VIOLATIONS OF DUE PROCESS

61. Answering paragraph 91 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-60 as though fully restated herein.

62. Answering paragraphs 92-98 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## COUNT VII
## PREEMPTION BY STATE LAW

63. Answering paragraph 99 of the Complaint, Defendants incorporate by reference their responses to paragraphs 1-62 as though fully restated herein.

64. Answering paragraphs 100-106 of the Complaint, Defendants contend that said paragraphs contain conclusions of law and not averments of fact to which answers may be required.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants reserve the right to have proponents of Measure B intervene and defend the constitutionality of Measure B in light of *Perry v. Brown*, 52 Cal.4th 1116 (2011).

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to join a party or parties necessary for a just resolution of

this matter and has further omitted to state any reasons for such failure.

### THIRD AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute claims upon which relief can be granted against Defendants in that they have no discretion other than to comply with Measure B, unless Measure B is held to be unconstitutional or otherwise unenforceable.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute claims upon which relief can be granted against Defendants in that they would be acting in good faith in performing their duties in complying with Measure B, unless Measure B is held to be unconstitutional or otherwise unenforceable.

### FIFTH AFFIRMATIVE DEFENSE

The injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others, and without additional conduct on the part of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to allege and/or have not stated facts sufficient to show an affirmative link between Defendants and the acts which allegedly could violate Plaintiffs' rights.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants' acts were privileged under applicable statutes and case law, including immunity under federal law for official acts because Defendants' conduct under Measure B does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs seek to recover attorneys' fees, such fees should not be assessed against Defendants because of special circumstances mandating Defendants' ministerial duties and in light of *Perry v. Brown*, 52 Cal.4th 1116 (2011).

## NINTH AFFIRMATIVE DEFENSE

Any acts or omissions of the Defendants were superseded by the act or omission of other named or unnamed entities that were independent, intervening, and the proximate cause of the damages alleged, if any.

## TENTH AFFIRMATIVE DEFENSE

Defendants did not take any affirmative acts to deprive Plaintiffs of any right or privilege guaranteed by the Constitution of the United States.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that additional affirmative defenses have not been alleged herein, including without limitation due to sufficient facts being unavailable despite reasonable inquiry, Defendants reserve the right to amend their Answer to allege additional affirmative defenses.

WHEREFORE, Defendants respectfully request that the Court deny any request for the recovery of reasonable costs and attorneys' fees from Defendants. Defendants acknowledge that the Complaint presents important legal issues that require and warrant a judicial determination. As such, Defendants respectfully request that this Court grant any and all relief the Court determines to be just and proper.

DATED: February 27, 2013

GLASER WEIL FINK JACOBS
HOWARD AVCHEN & SHAPIRO LLP

By: /s/ Joel N. Klevens
PATRICIA L. GLASER
JOEL N. KLEVENS
JOHN LY
Attorneys for Defendants

792787

## **CERTIFICATE OF SERIVCE**

The undersigned hereby certifies that all counsel who have consented to electronic service are being served with a copy of the foregoing document via the Central District of California CM/ECF system on February 27, 2013

/s/ John Ly __
John Ly