PAUL J. CAMBRIA, JR. (State Bar No. 177957)
   pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
1631 West Beverly Blvd., Second Floor
Los Angeles, CA 90026
Telephone: (323) 883-1807

JANET L. GRUMER (State Bar No. 232723)
   janetgrumer@dwt.com
MATTHEW D. PETERSON (State Bar No. 251490)
   matthewpeterson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-2566
Telephone: (213) 633-6800

*See attached for additional counsel for Plaintiffs*

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC; CALIFA
PRODUCTIONS, INC.; JANE DOE A/K/A
KAYDEN KROSS; AND JOHN DOE A/K/A
LOGAN PIERCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC.; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce, <br><br> Plaintiffs, <br><br> vs. <br><br> JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES <br><br> Defendants. | ) Case No. **CV 13-00190 DDP (AGRx)** <br> ) <br> ) <br> ) **PLAINTIFFS' OPPOSITION** <br> ) **TO MOTION TO INTERVENE AND** <br> ) **DECLARATION OF ROBERT** <br> ) **CORN-REVERE WITH EXHIBIT A** <br> ) <br> ) Hearing Date: April 15, 2013 <br> ) <br> ) Action Filed: January 10, 2013 <br> ) <br> ) <br> ) <br> ) <br> ) |

*Additional counsel for Plaintiffs:*

H. LOUIS SIRKIN (*Admitted Pro Hac Vice*)
    HLS@santen-hughes.com
Santen & Hughes LPA
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450

ROBERT CORN-REVERE (*Admitted Pro Hac Vice*)
    bobcornrevere@dwt.com
RONALD G. LONDON (*Admitted Pro Hac Vice*)
    ronnielondon@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

OPPOSITION TO MOTION TO INTERVENE

1

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ................................................................. 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY ............................. 2

III.    PROPOSED INTERVENORS' CANNOT INTERVENE AS A
        MATTER OF RIGHT UNDER RULE 24(A)(2) ........................................... 3

        A.      Applicable Standard ................................................................. 3

        B.      Proposed Intervenors Cannot Satisfy the Fourth Required Element
                Because They Cannot Make the Required "Very Compelling
                Showing" to Rebut the Presumption They Are Adequately
                Represented by Defendants .................................................. 4

                1.      Controlling Authority Shows Proposed Intervenors
                        Have a High Burden to Show Inadequate
                        Representation .......................................................... 5

                2.      Proposed Intervenors and Defendants Share the
                        Same "Ultimate Objective" in this Case ...................... 6

                3.      As Defendants Are the Government, A Further
                        Presumption of Adequate Representation Applies ............ 7

                4.      Proposed Intervenors Fail to Rebut the Presumption
                        of Adequate Representation ....................................... 7

                        a.      Proposed Intervenors Interests Are Being Represented By
                                Defendants .................................................... 9

                        b.      Proposed Intervenors' Evidence and Arguments Fail to
                                Rebut the Presumption ................................ 11

IV.     PROPOSED INTERVENORS ARE NOT ENTITLED TO
        PERMISSIVE INTERVENTION UNDER RULE 24(B) ........................... 13

V.      PROPOSED INTERVENORS LACK ARTICLE III STANDING ............. 15

VI.     CONCLUSION ................................................................... 19

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

CASES

*Arakaki v. Cayetano*,
324 F.3d 1078 (9th Cir. 2003) ............................................................ passim

*Arizonans For Official English v. Arizona*,
520 U.S. 43 (1997)............................................................................. passim

*Building & Const. Trades Dep't v. Reich*,
40 F.3d 1275 (D.C. Cir. 1994) .................................................................. 16

*California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*,
792 F.2d 779 (9th Cir. 1986)...................................................................... 4

*Daggett v. Comm'n on Governmental Ethics and Election Practices*,
172 F.3d 104 (1st Cir. 1999) ...................................................................... 6

*Diamond v. Charles*,
476 U.S. 54 (1993).................................................................................... 16

*Don't Bankrupt Wash. Comm. v. Continental Ill. Nat. Bank & Trust Co. of Chicago*,
460 U.S. 1077 (1983)................................................................................ 16

*Fox Valley Reprod. Health Care Ctr., Inc. v. Arft*,
82 F.R.D. 181 (E.D. Wisc. 1979).............................................................. 17

*Gladstone, Realtors v. Village of Bellwood*,
441 U.S. 91 (1979).................................................................................... 16

*Keith v. Daley*,
764 F.2d 1265 (7th Cir. 1985) .................................................................. 17

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ...................................................... 5, 6, 7, 12

*Mausolf v. Babbitt*,
85 F.3d 1295 (8th Cir. 1996)............................................................... 16, 17

*Northland Family Planning Clinic, Inc. v. Cox*,
487 F.3d 323 (6th Cir. 2007)............................................................... 17, 18

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Nw. Forest Res. Council v. Glickman*,
    82 F.3d 825 (9th Cir. 1996) ........................................................................ 5

*Perry v. Schwarzenegger*,
    587 F.3d 947 (9th Cir. 2009) ........................................................... passim

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) ........................................................... passim

*Spangler v. Pasadena City Bd. Of Educ.*,
    552 F.2d 1326 (9th Cir. 1977) .................................................................. 14

*United States v. City of Los Angeles*,
    288 F.3d 391 (9th Cir. 2002) ...................................................................... 5

*Valley Forge Christian Col. v. Americans United for Separation of Church and State, Inc.*,
    454 U.S. 464 (1982) .................................................................................. 16

*Yniguez v. Arizona*,
    939 F.2d 727 (9th Cir. 1991) ...................................................... 12, 13, 16

**STATUTES**

42 U.S.C. § 1988 ............................................................................................. 6

**RULES**

Federal Rule of Civil Procedure 24 ...................................................... 1, 15, 17

Federal Rule of Civil Procedure 24(a) ...................................................... 3, 4, 5

Federal Rule of Civil Procedure 24(a)(2) ............................................. 3, 17, 18

Federal Rule of Civil Procedure 24(b) ......................................................... 13

Federal Rule of Civil Procedure 24(b)(1)(B) ............................................... 13

Federal Rule of Civil Procedure 24(b)(3) ............................................... 14, 15

iii

**DAVIS WRIGHT TREMAINE** LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

**OPPOSITION**

Plaintiffs Vivid Entertainment, LLC, Califa Productions, Inc., Jane Doe a/k/a Kayden Kross and John Doe a/k/a Logan Pierce (collectively "Plaintiffs") hereby oppose the Motion to Intervene ("Motion") (Docket No. 24) by Michael Weinstein, Marijane Jackson, Arlette De La Cruz, Mark McGrath, Whitney Engeran, and the Campaign Committee Yes on B, Major Funding by the AIDS Healthcare Foundation (collectively "Proposed Intervenors").  Defendants Jonathan Fielding, Director of Los Angeles County Department of Public Health, Jackie Lacey, Los Angeles County District Attorney, and the County of Los Angeles (collectively "Defendants") have previously indicated they do not oppose the Motion.  (Docket No. 28.)

## I.     INTRODUCTION

Defendants and Proposed Intervenors have the same ultimate goal in this matter:  to defeat Plaintiffs' challenge to the County of Los Angeles Safer Sex in the Adult Film Industry Act ("Measure B") and to have its constitutionality upheld. Since the voters of Los Angeles County voted Measure B into law, Defendants have consistently taken steps to implement, enforce and defend Measure B.  Indeed, the Defendants have chosen to defend Measure B in this action, and may be required to pay Plaintiffs' attorneys' fees if the challenge to Measure B succeeds.  Thus, there is no reason to believe that Defendants will not mount a vigorous defense of Measure B.  For this reason, Proposed Intervenors' interests in this litigation are adequately represented by Defendants, and intervention is both unnecessary and improper, under both provisions of Federal Rules of Civil Procedure Rule 24 upon which Proposed Intervenors rely.

In addition, Proposed Intervenors fail to even address, let alone establish, that they have standing under Article III that allows them to be a party in this case.  The Motion fails for this additional reason.

Plaintiffs and Defendants are the proper parties to this case.  Defendants are properly situated to fully defend Measure B's legality against Plaintiffs' challenge.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Adding Proposed Intervenors will only prolong the case and raise unnecessary issues that are not essential to the merits.  The Motion should be denied.

## II.    RELEVANT FACTS AND PROCEDURAL HISTORY

Voters in Los Angeles Count approved Measure B on November 6, 2012. Motion at 3:24-25; *see also* Complaint ¶ 36 (Docket No. 1).  Under Measure B, adult film producers must pay fees and obtain permits from the Los Angeles County Department of Public Health before production occurs, adult film principals and management-level employees must complete blood borne pathogen training, and adult films performers must use condoms.  Defendants wasted no time reacting to Measure B's adoption.

On the very first day Measure B became effective, December 14, 2012, Defendants sent a letter to all "producers of adult films in Los Angeles County" informing them as much, advising of Measure B's requirements, explaining Defendants' enforcement powers, setting a provisional amount of the permit fee, and providing a phone number for questions.  Corn-Revere Decl. ¶ 2, Ex. A.

None of the Defendants, or their representatives, have made official statements against Measure B since its passage into law on November 6, 2012, and no actions have been taken to prevent or limit the implementation or enforcement of Measure B during that same period of time.  Corn-Revere Decl. ¶ 3.

Plaintiffs commenced this action on January 10, 2013, with their Complaint challenging the constitutionality of Measure B.  (Docket No. 1.)  Plaintiffs and Defendants promptly engaged in discussions regarding the issues in the Complaint, pursuant to which Plaintiffs granted Defendants extensions of the time in which to respond to the Complaint.  Corn-Revere Decl. ¶ 4; Docket Nos. 17, 19.

Defendants hired outside counsel to defend Measure B and filed an Answer on February 27, 2013.  (Docket No. 21.)

Plaintiffs and Defendants have met and conferred regarding this litigation on multiple occasions.  Corn-Revere Decl. ¶ 5.  During those discussions, Plaintiffs have

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

requested that Defendants agree to not enforce Measure B during the pendency of this action.  *Id.*  Defendants repeatedly have rejected these requests.  *Id.*  Defendants have made *no* concessions to Plaintiffs as part of their discussions, aside from agreements regarding extension of deadlines.  Corn-Revere Decl. ¶ 6.

Proposed Intervenors filed their Motion on March 1, 2013.  (Docket No. 27.)  Defendants filed a Statement of Non-Opposition to the Motion on March 11, 2013.  (Docket No. 28.)  The hearing, originally scheduled for April 1, 2013, was continued pursuant to a stipulation between the parties, to April 15, 2013.  (Docket No. 33.)

### III.   PROPOSED INTERVENORS' CANNOT INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(a)(2)

Proposed Intervenors' interests are adequately represented by Defendants in this action, and as such Proposed Intervenors cannot satisfy all of the required elements of Federal Rules of Civil Procedure Rule 24(a).  Therefore, Proposed Intervenors cannot intervene as a matter of right.

**A.   Applicable Standard**

Under Federal Rule of Civil Procedure Rule 24(a), intervention is permitted where, "upon timely application," a proposed intervenor:

> [C]laims an interest related to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. Proc. 24(a)(2).

Based on Rule 24(a)(2), an applicant for intervention must satisfy the following four criteria:

(1) the applicant must timely move to intervene;

(2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action;

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and

(4) the applicant's interest must not be adequately represented by existing parties.

*Perry v. Schwarzenegger*, 587 F.3d 947, 950 (9th Cir. 2009) (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003)).  "Failure to satisfy any one of the requirements is fatal to the application, and [the court] need not reach the remaining elements if one of the elements is not satisfied."  *Id.* (citing *California ex rel. Van de Kamp v. Tahoe Reg'l Planning Agency*, 792 F.2d 779, 781 (9th Cir. 1986)). [1]

**B.    Proposed Intervenors Cannot Satisfy the Fourth Required Element Because They Cannot Make the Required "Very Compelling Showing" to Rebut the Presumption They Are Adequately Represented by Defendants**

Since Measure B became law on November 6, 2012, Defendants have consistently acted to implement, enforce, and defend the new statute.  Though individual members of the County Board of Supervisors, Defendant Fielding, and the County Counsel expressed reservations about Measure B in the summer of 2012, Defendants have been united in their actions in furtherance of Measure B after it became law.  It is telling that Proposed Intervenors do not cite to a single statement critical of, or action against, Measure B *after* November 6, 2012.   Accordingly, Proposed Intervenors fail to meet their burden to make a "very compelling showing" to rebut the *presumption* that Defendants will adequately represent Proposed Intervenors' interests in this litigation.  *Arakaki*, 324 F.3d at 1086

---

[1] Plaintiffs contend that Proposed Intervenors have not satisfied the other three necessary elements for intervention as a matter of right under Rule 24(a).  Plaintiffs focus, however, on the fourth element in this Opposition.

OPPOSITION TO MOTION TO INTERVENE

Davis Wright Tremaine LLP
865 S. Figueroa St, Suite 2400
Los Angeles, California 90017-2566
(213) 633-6800
Fax: (213) 633-6899

### 1.   Controlling Authority Shows Proposed Intervenors Have a High Burden to Show Inadequate Representation

The Motion fails to cite controlling Ninth Circuit authorities regarding the fourth required element for intervention under Rule 24(a). The minimal standard listed in the Motion is inapplicable given the facts and circumstances of this case. Motion at 15:6-11. Instead, Proposed Intervenors must make a significant showing in order to satisfy this final element.

"The 'most important factor' to determine whether a proposed intervenor is adequately represented by a present party to the action is 'how the [intervenor's] interest compares with the interests of existing parties.'" *Perry*, 587 F.3d at 950-51 (quoting *Arakaki*, 324 F.3d at 1086). "When an applicant for intervention and an existing party have the same ultimate objective, a *presumption* of adequacy of representation arises." *Arakaki*, 324 F.3d at 1086 (emphasis added) (citing *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997)). This presumption can only be rebutted if the proposed intervenor makes a "compelling showing" to the contrary. *Perry*, 587 F.3d at 951 (citing *Arakani*, 324 F.3d at 1086).

In addition, "[t]here is also an assumption of adequacy when the *government* and the applicant are on the same side." *Arakaki*, 324 F.3d at 1086 (emphasis added) (citing *United States v. City of Los Angeles*, 288 F.3d 391, 401-02 (9th Cir. 2002)). "In the absence of a 'very compelling showing to the contrary,' it will be *presumed* that a state adequately represents its citizens when the applicant shares the same interest." *Id.* (emphasis added, citation omitted).

When parties share the same ultimate objective, "mere[ ] differences in [litigation] strategy . . . are not enough to justify intervention as a matter of right." *Perry*, 587 F.3d at 954-55 (quoting *United States v. City of Los Angeles*, 288 F.3d 391, 402 (9th Cir. 2002) and citing *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996) (holding that "minor differences in opinion" between parties and proposed intervenor "fail[ ] to demonstrate inadequacy of representation")) and

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Daggett v. Comm'n on Governmental Ethics and Election Practices*, 172 F.3d 104, 112 (1st Cir. 1999) (noting that "[o]f course, the use of different arguments as a matter of litigation judgment is not inadequate representation *per se*")).

**2.   Proposed Intervenors and Defendants Share the Same "Ultimate Objective" in this Case**

The ultimate objective of Proposed Intervenors and Defendants is identical – defending the constitutionality of Measure B.  *Perry*, 587 F.3d at 951; *accord Prete v. Bradbury*, 438 F.3d 949, 957 (9th Cir. 2006) ("the ultimate objective for both [government] defendant and intervenor-defendants is upholding the validity of" the proposition); *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 (9th Cir. 1997) (government and proposition supporter had same ultimate objective – "to defend the constitutionality of [the proposition]").

As Proposed Intervenors acknowledge, Defendants are under no compulsion to Defend Measure B.  Motion at 8:7-10.  Indeed, government entities in California have often declined to defend ballot measures, including in the much publicized Proposition 8 litigation.  *See Perry*, 587 F.3d at 949 (government defendants "declined to take any position on the constitutionality of Prop. 8").

Here, however, Defendants *have* chosen to defend Measure B, hiring outside counsel, filing an Answer, and taking the position that Measure B *is* constitutional.  *See* Defendants' Answer (Docket No. 21).  Defendants also may be liable for paying Plaintiffs' attorneys' fees if the challenge to the law is successful.  42 U.S.C. § 1988.  Therefore, it is improbable that Defendants would choose to defend and then not do so vigorously.  Defendants have thus demonstrated their objective is to defend the constitutionality of Measure B.

The Motion likewise demonstrates that Proposed Intervenors share the Defendants' ultimate goal.  *See generally*, Motion; *see e.g. id.* at 14:26-27 (if Court declares Measure B unconstitutional, "all Proposed Intervenors' labor in support of Measure B will be for naught").  As a result, Proposed Intervenors' ultimate interest

OPPOSITION TO MOTION TO INTERVENE

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

here is not "meaningfully distinct" from Defendants. *Perry*, 587 F.3d at 951. Therefore, "[g]iven the identity of interests, the presumption of adequate representation applies." *Id.* at 952; *accord Prete*, 438 F.3d at 957, *League of United Latin Am. Citizens*, 131 F.3d at 1305. This presumption can only be overcome by a "compelling showing" to the contrary. *Perry*, 587 F.3d at 951.

**3.    As Defendants Are the Government, A Further Presumption of Adequate Representation Applies**

There is no question that Defendants are government officials and entities. *See* Complaint ¶¶ 12-15 (Docket No. 1). In addition, as discussed above, it is clear that Defendants and Proposed Intervenors are on the "same side," *i.e.*, they both oppose Plaintiffs' challenge to Measure B. *Arakaki*, 324 F.3d at 1086. As a result, it is "presumed" Defendants will "adequately represent[ ] its citizens." *Id.*; *see also Prete*, 438 F.3d at 957 (because defendant is the government, it is "assumed that defendant is adequately representing intervenor-defendants' interests"). This presumption can only be overcome by a "very compelling showing to the contrary." *Id.* (citation omitted); *see also Prete*, 438 F.3d at 957.

**4.    Proposed Intervenors Fail to Rebut the Presumption of Adequate Representation**

The Court should deny Proposed Intervenors' Motion because they fail to show that Defendants will not mount an adequate defense of Measure B against Plaintiffs' various challenges. Three factors determine if a proposed intervenor has properly rebutted the presumption of adequate representation:

(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments;

(2) whether the present party is capable and willing to make such arguments; and

(3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect.

OPPOSITION TO MOTION TO INTERVENE

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Perry*, 587 F.3d at 952 (citing *Arakaki*, 324 F.3d at 1086).

In *Perry*, the court reviewed the record in determining that the proposed intervenors "failed to make a 'compelling showing' that the [defendant] would not mount an adequate defense of Prop. 8." *Id.* The court reviewed a detailed case management statement and considered statements at oral argument to conclude that the defendants had not "conceded any 'necessary elements to the proceeding,'" and that defendants demonstrated an "intention to mount a full and vigorous defense of Prop. 8's constitutionality." *Id.* at 952-54. Instead, the court found that any disagreement between defendant and proposed intervenor was "best characterized as a dispute over litigation strategy and tactics," which is "not enough to justify intervention as a matter of right." *Id.* at 954 (citation omitted).

Similarly, in *Arakaki*, the court found the government defendant would make all arguments necessary to defend the interests of the proposed intervenors at trial, including a particular argument with which the proposed intervenors were specifically concerned, and that there were no conflicts that would prevent the government from making that argument. 324 F.3d at 1086-87. The court concluded that the government defendant would make all of the proposed intervenors' arguments, and were willing and capable to do so. *Id.* The court also found that the government and the proposed intervenor shared the same ultimate objective, and therefore the proposed intervenor failed to show it would offer any necessary element to the case that the government defendant would neglect. *Id.* at 1087.

In *Prete*, the court rejected arguments that the government defendant would inadequately represent the proposed intervenors' interests due to "budget constraints" and a lack of knowledge regarding the subject matter of the challenged statute. 438 F.3d at 957-58. The court also rejected an argument that the government defendant "may be inclined [to] give an unnecessarily narrow construction of [the statute] in the face of legal attacks," finding that "neither plaintiffs nor defendants have argued for a narrowing construction of [the statute] and [the statute] does not seem susceptible to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

any narrowing construction." *Id.* at 958.  The court concluded that the proposed intervenors "failed to present evidence sufficient to support a finding that their interests are not adequately represented by the defendants in this action." *Id.* at 959.

Here, Proposed Intervenors fail to sufficiently address any of the three elements, and thus fail to make a "very compelling showing" to rebut the presumption that their interests are adequately represented.

      **a.**    **Proposed Intervenors Interests Are Being Represented By Defendants**

Proposed Intervenors cite nothing in the record to suggest that Defendants will not represent their interests.  In particular, they point to *nothing* from the time after Measure B was approved that indicates Defendants will not vigorously defend it, or that they will not adequately represent Proposed Intervenors' interests.  Proposed Intervenors arguments to the contrary, all based on pre-election actions, do not meet their high burden.

Proposed Intervenors cannot dispute that Defendants have taken the following actions since the people of Los Angeles County voted Measure B into law on November 6, 2012:

- Sent a letter on December 14, 2012 to all "producers of adult films in Los Angeles County" informing them that Measure B became effective on December 14, 2012, advising of Measure B's requirements, explaining Defendants' enforcement powers, setting a provisional amount of the fee necessary to obtain the required health permit, and providing a phone number where questions can be directed (Corn-Revere Decl. ¶ 2, Ex. A);

- Hired experienced outside counsel to represent them in this litigation, Glaser Weil Fink Jacobs Howard Avchen & Shapiro LLP  (*See* Answer (Docket No. 21));

- Filed an Answer denying Plaintiffs' allegations and asserting various affirmative defenses (*Id.*);

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Engaged in discussions with Plaintiffs regarding the issues in the Complaint (Corn-Revere Decl. ¶ 4); and

- Refused to agree to Plaintiffs' requested concession that Defendants stay enforcement of Measure B pending the outcome of this litigation (Corn-Revere Decl. ¶ 5).

In addition, there is no evidence in the record or Motion that Defendants have taken *any* action or made *any* statement since November 6, 2012, that has been adverse to or critical of Measure B.  Furthermore, Plaintiffs are not aware of any such statement or action.  Corn-Revere Decl. ¶ 3.

Thus, as in *Perry*, there is no evidence that Defendants have made any damaging concessions, or otherwise sold Proposed Intervenors or the people of Los Angeles County "down the river."  *Perry*, 587 F.3d at 953.  Instead, Defendants have *refused to agree* to the only concession Plaintiffs have requested which, significantly, relates to enforcement and implementation of Measure B.  Similarly, Defendants' actions also demonstrate their "intention to mount a full and vigorous defense" of Measure B's constitutionality.  *Id.* at 952-54.

As in *Arakaki*, there is no evidence Defendants are not willing or able to make all the same legal arguments Proposed Intervenors would make in defense of Measure B, or that Defendants have any conflict that would prevent them from doing so.  324 F.3d at 1086-87.  Proposed Intervenors have not identified a *single* argument that Defendants allegedly will not or cannot make in defense of Measure B.  In addition, as Defendants and Proposed Intervenors share the same ultimate objective, there is no necessary element that Proposed Intervenors would add to the case that Defendants would neglect.  *Id.* at 1087.

Furthermore, there are no claims of budgetary restrictions or lack of knowledge impeding Defendants.  *Prete*, 438 F.3d at 957-58.  And there has been no suggestion by any party that Measure B should be interpreted narrowly, nor does it seem Measure B is susceptible to any narrowing construction.  *Id.* at 959.

OPPOSITION TO MOTION TO INTERVENE

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Accordingly, Defendants' actions after the enactment of Measure B demonstrate that they will undoubtedly make all of Proposed Intervenors' arguments and are capable and willing to do so. *Perry*, 587 F.3d at 952. As a result, Proposed Intervenors do not offer any necessary element to the proceedings that Defendants will neglect. *Id.* These conclusions only bolster the presumption that Proposed Intervenors' interests are adequately represented.

### b. Proposed Intervenors' Evidence and Arguments Fail to Rebut the Presumption

The pre-enactment facts Proposed Intervenors rely upon are of questionable relevance, and fail to overcome the applicable presumptions. While it may be true that the County Board of Supervisors chose not to implement Measure B directly upon Proposed Intervenors' collection of sufficient signatures, and two supervisors spoke against the measure, it is presumed in a democracy that not every person, whether voter or government official, will agree on every law. As Proposed Intervenors point out, roughly 57% of Los Angeles County voters voted in favor of Measure B, and conversely therefore 43% of voters voted against the measure. With five members on the Board of Supervisors, it would then be reasonable to expect two of those Supervisors would not support Measure B. It is telling that Proposed Intervenors cite *no* comments from those supervisors critical of Measure B *after* its November 6, 2012 enactment.

Similarly, while it also may be true that Defendant Fielding was critical of portions of Measure B, and that the County's Counsel (who is NOT a party and is NOT representing Defendants) questioned the validity of some of Measure B's provisions, it is important part of our political process to analyze any proposed law and to discuss potential flaws or weaknesses. And again, Proposed Intervenors cite nothing critical of Measure B from Defendant Fielding or the County's Counsel *after* November 6, 2012.

OPPOSITION TO MOTION TO INTERVENE

**DAVIS WRIGHT TREMAINE** LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Proposed Intervenors' interests are thus adequately represented, for several reasons. First, there is simply no evidence in the record or the Motion of a *current* "rift" between the Defendants and the voters of Los Angeles County, nor any reason to believe Defendants will not continue to vigorously defend Measure B. Motion at 17:6-10. Proposed Intervenors cite only to pre-November 6, 2012 actions in unrelated 2009 litigation in support of their claim of a "rift."

Second, contrary to the assumption in the Motion, Defendants have hired outside counsel to represent them in this litigation. *See* Motion at 17:11-12. This step shows the extent of Defendants' commitment to defending Measure B, and further demonstrates that after the voters made Measure B law, all official criticism of Measure B by Defendants ceased.

Third, there is *no evidence* in the record or the Motion from after November 6, 2012 to support Proposed Intervenors' claim that Defendants desire Measure B to be declared unconstitutional. Motion at 17:22-18:5. The only evidence Proposed Intervenors cite to is an entirely different case, from 2009, several years before Measure B became law. *See* Weinstein Decl. Ex. I. Instead, since the election, Defendants have consistently acted in support of Measure B.

Finally, Proposed Intervenors improperly rely on *Yniguez v. Arizona*, 939 F.2d 727 (9th Cir. 1991), which was vacated by the Supreme Court in *Arizonans For Official English v. Arizona*, 520 U.S. 43, 80 (1997). Motion at 18:6-13. As a threshold matter, because it was vacated, *Yniguez* "is thus wholly without precedential authority," cannot be relied upon in the Motion, and any arguments based thereon lack legal support. *See Prete*, 438 F.3d at 955 n.8 (quoting *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1305 n. 5 (9th Cir. 1997)).

In any event, Proposed Intervenors overstate the decision in *Yniguez*. The primary reason the court found there that the proposed intervenors' interests were not adequately represented was that the government was not proceeding on the merits, and therefore, absent intervention, "no party will be able to assert [the statute's]

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

constitutionality." *Yniguez*, 939 F.2d at 737.  The circumstances here are different, as Defendants have chosen to defend Measure B and have hired outside counsel to do so.

The differences in the interpretation of the statute in *Yniguez* between the government and proposed intervenors also went to the actual provisions of the statute, and directly impacted its constitutionality.  *Id.* at 738.  Here, however, there is no difference in interpretation of Measure B's terms or provisions.  Instead, the only potential difference has to do with the current *geographic* scope of Measure B's enforceability, which has little bearing on its constitutionality, or whether it is preempted under California law.  Motion at 8:18-25.

Regardless, the Ninth Circuit in *Yniguez* did *not* suggest that statutory inter-pretation was determinative on the issue of adequate representation.  939 F.3d at 737-38.  Indeed, neither of the presumptions applicable here were part of the *Yniguez* case, as the government there took no position.  *Id.*  Even if Proposed Intervenors' arguments on this point were well-founded (which they are not), this element alone is insufficient to satisfy their burden of making a "very compelling showing" to rebut the presumption that their interests are adequately represented by Defendants.

## IV.    PROPOSED INTERVENORS ARE NOT ENTITLED TO PERMISSIVE INTERVENTION UNDER RULE 24(B)

For many of the same reasons described above, Proposed Intervenors are also not entitled to permissive intervention.  Under Federal Rule of Civil Procedure Rule 24(b), permissive intervention is allowed where, "upon timely application," a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact."  Fed. R. Civ. Proc. 24(b)(1)(B).  A court may grant permissive intervention under Rule 24(b) where a proposed intervenor shows:

(1) independent grounds for jurisdiction;

(2) the motion is timely; and

OPPOSITION TO MOTION TO INTERVENE

**Davis Wright Tremaine** LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(3) the applicant's claim or defense, and the main action, have a question of

law or a question of fact in common.

*Perry*, 587 F.3d at 955.

When these foundational requirements are met, a court may also consider other

factors in the exercise of its discretion, including "the nature and extent of the inter-

venors' interest" and "whether the intervenors' interests are adequately represented

by other parties." *Id.* (quoting *Spangler v. Pasadena City Bd. Of Educ.*, 552 F.2d

1326, 1329 (9th Cir. 1977)).  In *Perry*, the Ninth Circuit affirmed the district court's

denial of permissive intervention, based on its findings that the defendants and

proposed intervenors had indistinguishable interests, and the defendants would

adequately represent the proposed intervenors' interests. *Id.* at 955.

Rule 24(b)(3) also requires the court to consider whether allowing intervention

"will unduly delay or prejudice the adjudication of the original parties' rights."  Fed.

R. Civ. Proc. 24(b)(3); *accord Perry*, 587 F.3d at 955.  In *Perry*, the district court

reasoned that "permitting the [intervenor] to intervene might very well delay the

proceedings, as each group would need to conduct discovery on substantially similar

issues." 587 F.3d at 955.  The district court also found the current parties "capable

of developing a complete factual record encompassing [intervenors'] interests"

and noted that participation of the intervenor "in all probability would consume

additional time and resources of the both the Court and the parties that have a direct

stake in the outcome of these proceedings." *Id.* at 955-56.  The Ninth Circuit upheld

the district court's reasoning, noting that the court was obligated to consider possible

delay or prejudice under Rule 24(b)(3), and finding that "[i]t was well within the

district court's discretion to find that the delay occasioned by intervention out-

weighed the value added by the [intervenor]'s participation in the suit." *Id.* at 956.

The facts here weigh against permissive intervention.  As discussed above,

Proposed Intervenors and Defendants' interests in this litigation are indistinguishable

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

and Defendants are able to represent Proposed Intervenors' interests.  Thus, as in *Perry*, permissive intervention is not warranted.  *Perry*, 587 F.3d at 955.

Moreover, allowing Proposed Intervenors to intervene would unduly delay and complicate these proceedings.  Fed. R. Civ. Proc. 24(b)(3).  As in *Perry*, the delay and complication that would result from Proposed Intervenors' inclusion as a party would easily outweigh the value added by their participation.  587 F.3d at 956.  For example, Proposed Intervenors would seek to conduct discovery on the exact same issues as Defendants, creating unnecessary duplication (to the extent any discovery is necessary in this case).  Similarly, Proposed Intervenors will file essentially the same motions and oppositions as Defendants, given the uniformity of interests between the two, creating unnecessary work for all parties and the Court.

## V.  PROPOSED INTERVENORS LACK ARTICLE III STANDING

Proposed Intervenors should be denied intervention, whether by right or permissively, for the independent reason that they lack the requisite constitutional standing.  Article III, § 2, of the Constitution confines federal courts to deciding "Cases" or "Controversies."  Standing to sue or defend is an aspect of the case or controversy requirements.  *Arizonans For Official English*, 520 U.S. at 64 (citations omitted).

To qualify as a party with standing to litigate, a person must show, first and foremost, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent."  *Id.* (citations omitted).  "An interest shared generally with the public at large in the proper application of the Constitution and laws *will not do*."  *Id.* (emphasis added, citation omitted).

There is currently a split amongst the circuits as to whether an intervenor applicant under Rule 24 must establish Article III standing independent of the other parties.  *See Prete v. Bradbury*, 438 F.3d 949, 956 n. 8 (9th Cir. 2006) (illustrating split with cases from 2nd, 6th, 8th, and D.C. Circuits); *accord Perry*, 587 F.3d at 950 n. 2 (citing *Prete*).  The law is not settled in the Ninth Circuit on this issue.  *See id.*

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

(noting the Ninth Circuit "has not definitively ruled on the issue"); *accord Perry*, 587 F.3d at 950 n. 2 ("We have yet to decide whether putative intervenors must satisfy [Article III] standing independently of the parties to the case.").[2]

Though the Supreme Court has not resolved this circuit split, it has held, for purposes of appeal, that "[a]n intervenor cannot step into the shoes of the original party unless the intervenor independently 'fulfills the requirements of Article III.'" *Arizonans For Official English*, 520 U.S. at 65 (quoting *Diamond v. Charles*, 476 U.S. 54, 68 (1993)).  The Court further pointed out that it has never "identified initiative proponents as Article III-qualified defenders of the measures they advocated," *id.* (citing *Don't Bankrupt Wash. Comm. v. Continental Ill. Nat. Bank & Trust Co. of Chicago*, 460 U.S. 1077 (1983)), and concluded that it had "grave doubts whether [proposed intervenors] have standing under Article III."  *Id.* at 66.

The Supreme Court has made it clear, however, that "[t]hose who do not possess Art. III standing may not litigate as suitors in the courts of the United States." *Valley Forge Christian Col. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475-76 (1982).  Article III requirements cannot be skirted for reasons of judicial economy or otherwise.  *See id.* at 471-75 ("neither the counsels of prudence nor the policies implicit in the 'case or controversy' requirement should be mistaken for the rigorous Art. III requirements themselves"); *see also Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 100 (1979) ("In no event . . . may Congress abrogate the Art. III minima.").

Based upon these authorities, many courts have determined that "the Constitution requires that prospective intervenors have Article III standing to litigate their claims in federal court."  *Mausolf v. Babbitt*, 85 F.3d 1295, 1300 (8th Cir. 1996); *see also Building & Const. Trades Dep't v. Reich*, 40 F.3d 1275, 1282 (D.C. Cir. 1994)

---

[2] As noted above, the Ninth Circuit's opinion in *Yniguez*, that appears to suggest Article III standing is not required, has no precedential authority due to being vacated by the Supreme Court.  *See Prete*, 438 F.3d at 955 n. 8.

OPPOSITION TO MOTION TO INTERVENE

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

("[B]ecause an intervenor participates on an equal footing with the original parties to a suit, a movant for leave to intervene under Rule 24(a)(2) must satisfy the same Article III standing requirements as the original parties."). In *Mausolf*, the court reasoned that an Article III case or controversy "is one where all parties have standing, and a would-be intervenor, because he seeks to participate as a party, must have standing as well." 85 F.3d at 1300. The court further noted that "an Article III case or controversy, once joined by intervenors who lack standing, is – put bluntly – no longer an Article III case or controversy." *Id*. The court further noted that because an intervenor "asks the court to decide the merits of the dispute, he must not only satisfy the requirements of Rule 24, he must also have Article III standing." *Id*. The court noted in conclusion that "the fact remains that a federal case is a limited affair, and not everyone with an opinion is invited to attend." *Id.* at 1301.

Because federal courts are intended to be of limited jurisdiction, the Article III standing requirements apply to all parties, including those attempting to intervene under Rule 24. Accordingly, Proposed Intervenors must demonstrate an interest in this case that is "concrete and particularized" and "actual or imminent." *Arizonans For Official English*, 520 U.S. at 64. The right to propose and advocate for legislation "does not also suggest . . . a right to intervene in every lawsuit . . . to forever defend statutes [an advocacy organization] helped to enact." *Keith v. Daley*, 764 F.2d 1265, 1270 (7th Cir. 1985).[3] *See also Fox Valley Reprod. Health Care Ctr., Inc. v. Arft*, 82 F.R.D. 181, 182 (E.D. Wisc. 1979) (finding no standing and noting "Rule 24(a)(2) is not a device through which cases raising issues of public importance may be opened up for public debate"). *Cf. Northland Family Planning*

---

[3] In Ninth Circuit law, the question under Rule 24 of whether proponents of ballot measures have a sufficient "direct and substantial interest in the subject matter" has been decided under state law, which is insufficient for the Article III question of whether a party has suffered an invasion of a "legally protected interest." Therefore, Plaintiffs refer the Court to the analysis in courts where state law is not determinative on the Rule 24 issue, as the discussions therein are relevant to the question of whether Proposed Intervenors have Article III standing.

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Clinic, Inc. v. Cox*, 487 F.3d 323, 345-346 (6th Cir. 2007) (intervention should not be "abused as a mechanism for the over-politicization of the judicial process").

Here, the Motion does not mention or address whether Proposed Intervenors have standing under Article III.  In addition, Proposed Intervenors' claims that they have a "significantly protectable interest" for purposes of Rule 24(a), are insufficient to show they have a legally protected interest for purposes of Article III.  *See* Motion at 10-14.  In essence, Proposed Intervenors argue that because they put Measure B on the ballot and supported its passage by the voters, they have an interest in these proceedings.  *See id.*  Proposed Intervenors do not, however, point to any actual or imminent, concrete interest in Measure B, other than their desire to see it upheld and enforced.  For example, there is no claim that any of the Proposed Intervenors are involved in the creation of adult films, or engage in intimate contact with individuals who work in the adult film industry, such that the work place safety or alleged public health concerns that Measure B purports to address directly affect them.  *Cox*, 487 F.3d at 345-346 (advocacy group has no real interest where it "is not itself regulated by any of the statutory provisions at issue here" and has "only an ideological interest in the litigation").  As the Supreme Court held, a general interest in the proper application of the law "will not do" for Article III standing.  *Arizonans For Official English*, 520 U.S. at 64.

///

///

///

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## VI.   CONCLUSION

For the reasons stated above, Plaintiffs respectfully request the Motion be denied, and Proposed Intervenors not be allowed to intervene in this matter.


DATED: March 25, 2013            LIPSITZ GREEN SCIME CAMBRIA LLP
                                 PAUL J. CAMBRIA, JR.

                                 SANTEN & HUGHES LPA
                                 H. LOUIS SIRKIN

                                 DAVIS WRIGHT TREMAINE LLP
                                 ROBERT CORN-REVERE
                                 RONALD G. LONDON
                                 JANET L. GRUMER
                                 MATTHEW D. PETERSON


                                 By: _____/s/_____
                                        Matthew D. Peterson

                                 Attorneys for Plaintiffs
                                 VIVID ENTERTAINMENT, LLC;
                                 CALIFA PRODUCTIONS, INC.;
                                 JANE DOE a/k/a Kayden Kross; and
                                 JOHN DOE a/k/a Logan Pierce

OPPOSITION TO MOTION TO INTERVENE

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899