PAUL J. CAMBRIA, JR. (State Bar No. 177957)
    pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
1631 West Beverly Blvd., Second Floor
Los Angeles, CA 90026
Telephone: (323) 883-1807

*See attached for additional counsel for Plaintiffs*

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC; CALIFA
PRODUCTIONS, INC.; JANE DOE A/K/A
KAYDEN KROSS; AND JOHN DOE A/K/A
LOGAN PIERCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES<br><br>Defendants. | Case No. **CV13-00190 DDP (AGRx)**<br>Assigned to the Hon. Dean D. Pregerson<br><br>**PLAINTIFFS VIVID ENTERTAINMENT, LLC'S, CALIFA PRODUCTIONS, INC.'S, JANE DOE A/K/A KAYDEN KROSS'S, AND JOHN DOE A/K/A LOGAN PIERCE'S NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Date: May 6, 2013<br>Time: 10:00 a.m.<br><br>Courtroom 3<br><br>Action Filed:   January 10, 2012<br><br>[Filed concurrently with Request for Judicial Notice; [Proposed] Order concurrently lodged herewith] |

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Additional counsel for Plaintiffs:*

JANET L. GRUMER (State Bar No. 232723)
   janetgrumer@dwt.com
MATTHEW D. PETERSON (State Bar No. 251490)
   matthewpeterson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800

H. LOUIS SIRKIN (*Admitted Pro Hac Vice*)
   HLS@santen-hughes.com
Santen & Hughes LPA
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450

ROBERT CORN-REVERE (*Admitted Pro Hac Vice*)
   bobcornrevere@dwt.com
RONALD G. LONDON (*Admitted Pro Hac Vice*)
   ronnielondon@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

<mark>TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:</mark>

PLEASE TAKE NOTICE that on Monday, May 6, 2013, at 10:00 a.m. or as soon thereafter as counsel may be heard before the Honorable Dean Pregerson, in Courtroom 3, 2nd Floor, located at 312 N. Spring Street, Los Angeles, CA 90012, Plaintiffs, Vivid Entertainment Group, Califa Productions, Inc., and Jane Doe and John Doe, also known professionally as, respectively, Kayden Kross and Logan Pierce, will and hereby do move this Court, pursuant to Fed. R. Civ. P. 65(a), for an order preliminarily enjoining enforcement of the County of Los Angeles Safer Sex in the Adult Film Industry Act ("Measure B"). Plaintiffs' Motion is based on the pleadings and on Plaintiff's Motion for Judgment on the Pleadings and supporting Memorandum of Points and Authorities filed concurrently herewith, and on this Notice and the memorandum of points and authorities accompanying this Motion.

As set out in greater detail in the Motion for Judgment on the Pleadings under Fed. R. Civ. P. 12(c), Plaintiffs brought this civil rights action challenging Measure B's constitutionality, because among other things, it imposes an intolerable burden on the exercise of rights under the First Amendment. In view of the constitutional rights that Plaintiffs enjoy, and the various ways in which Measure B's enforcement violates those rights, the enforcement of Measure B should be preliminarily enjoined. As more fully discussed in the Motion for Judgment on the Pleadings and in the memorandum of points and authorities accompanying this Motion, Plaintiffs are likely to succeed on the merits of their First Amendment (and other) challenges to Measure B; Plaintiffs will also thus suffer irreparable injury if Measure B is enforced pending a challenge to its constitutionality, the balance of equities favors Plaintiffs, and the public interest will be advanced by granting a preliminary injunction. *E.g., Welch v. Brown*, __ F.Supp.2d __, 2012 WL 6020122, at *2 (E.D. Cal. Dec. 3, 2012) (citing, *inter alia*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

<mark>1
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001</mark>

<mark>DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899</mark>

Measure B inflicts constitutional harm by forcing adult film producers to pay fees and obtain permits from the Los Angeles County Department of Public Health, before any production occurs. The permitting and fee regime requires all principals and management-level employees – including film directors – to complete blood borne pathogen training, and allows immediate and potentially permanent permit revocation without prior notice. Measure B also requires the use of condoms during the production of adult films, even though the performers are – as are all performers in adult films – consenting adults engaged in constitutionally protected expression. Measure B is backed by draconian penalties that the County Department of Public Health enjoys total discretion to enforce against the adult film industry under broad, vague, and unlimited enforcement powers.

Given these contours, and the manner in which they necessarily intrude on adult films' expressive elements, Measure B facially violates numerous First Amendment and other protections, as shown in the accompanying memorandum and in the Motion for Judgment on the Pleadings. Significantly, Defendants acknowledge that "Plaintiffs' Complaint presents important constitutional questions that require and warrant judicial determination," Answer at 1 (Docket No. 21), and "Defendants have declined to defend the constitutionality of Measure B," and in fact "are not defending [its] constitutionality." *See* Defendants' Supplemental Statement of Non-Opposition to Proposed Intervenors' Motion to Intervene at 1 (Docket No. 35). Rather, Defendants have asserted, the burden of defending Measure B falls to the proposed intervenors. *Id.* Yet conspicuously absent from Defendants' statements has been any commitment to forgo enforcing Measure B pending resolution of the concededly "important constitutional questions," Ans. at 1, or to adopt a narrowing construction. Quite the contrary, the County issued an interim permit fee schedule (making no effort to ensure fees are limited to the cost incident to permitting), and Defendants have taken the position that "they have no discretion" other than to implement and enforce Measure B, "unless [it] is held to

2
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

be unconstitutional or ... unenforceable." Ans. at 14 (Third & Fourth Aff. Defenses).

A preliminary injunction pending a final determination of unconstitutionality is therefore necessary given the many infirmities apparent on the face of Measure B. Measure B curtails the freedom of expression via a county ballot initiative, while also resting on "findings" that lack a legislative record. In addition, it serves as a prior restraint by preemptively prohibiting the production of adult films in a variety of circumstances. Measure B also gives the Department of Public Health unlimited, standardless discretion to suspend and revoke permits, and to seize "any evidence" that "bears on" compliance, without limit or cause, and the permit fees act as a prior restraint in their own right. In addition, Measure B is unconstitutionally vague due to its incorporation of key terms and mandates without any adequate definition, and is unconstitutionally underinclusive as well. Enforcing Measure B also presents serious due process problems that threaten Plaintiffs' liberty and property interests.

Plaintiffs and Defendants have engaged in numerous discussions regarding this litigation. During those discussions, Plaintiffs have requested that Defendants agree to not enforce Measure B during the pendency of this action. Defendants repeatedly have rejected these requests. Accordingly, this Motion is necessary. Declaration of Robert Corn-Revere accompanying Plaintiffs' Opposition to Motion to Intervene (Docket No. 34), ¶ 5.

///
///
///

3
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

For all these reasons, Plaintiffs satisfy the requirements for grant of a preliminary injunction and thus respectfully request the Court to grant this Motion.

DATED: April 5, 2013

LIPSITZ GREEN SCIME CAMBRIA LLP
PAUL J. CAMBRIA, JR.

SANTEN & HUGHES LPA
H. LOUIS SIRKIN

DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE
RONALD G. LONDON
JANET L. GRUMER
MATTHEW D. PETERSON

By: /s/ Matthew D. Peterson
    Matthew D. Peterson

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross; and
JOHN DOE a/k/a Logan Pierce

4
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST. SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................... 1

II. FACTUAL BACKGROUND .......................................................................... 1

III. PLAINTIFFS SATISFY THE CRITERIA
    FOR A PRELIMINARY INJUNCTION ......................................................... 4

   A. Plaintiffs Are Likely to Succeed on the Merits of Their
      Challenge to Measure B. ...................................................................... 4

   B. Plaintiffs Will Suffer Irreparable Harm If Measure B Is Not
      Preliminarily Enjoined ......................................................................... 7

   C. Any Harm to Defendants Would Be Minimal If Not
      Non-Existent, and Is Outweighed by the Irreparable Harm
      Plaintiffs Face ....................................................................................... 7

   D. The Public Interest Favors a Preliminary Injunction ........................... 8

IV. CONCLUSION ................................................................................................ 9

i
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# TABLE OF AUTHORITIES

Page

CASES

Alexander v. United States,
  509 U.S. 544 (1993) .................................................................................. 5

Baggett v. Bullitt,
  377 U.S. 360 (1964) .................................................................................. 6

Board of Regents of Univ. of Wis. Sys. v. Southworth,
  529 U.S. 217 (2000) .................................................................................. 5

Brown v. Entm't Merchs. Ass'n,
  131 S. Ct. 2729 (2011) ..................................................................... 1, 5, 6

Buckley v. American Const'l Law Found.,
  525 U.S. 182 (1999) .................................................................................. 5

California Fed. Savings & Loan Ass'n v. City of Los Angeles,
  54 Cal. 3d 1 (1991) ................................................................................... 6

Carroll v. United States,
  267 U.S. 132 (1925) .................................................................................. 6

CBS v. District Court,
  729 F.2d 1174 (9th Cir. 1983) .................................................................. 5

Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,
  508 U.S. 520 (1993) .................................................................................. 6

City of Houston v. Hill,
  482 U.S. 451 (1987) .................................................................................. 6

City of Renton v. Playtime Theatres, Inc.
  475 U.S. 41 (1986) .................................................................................... 1

Cox v. New Hampshire,
  312 U.S. 569 (1941) .................................................................................. 5

Elrod v. Burns,
  427 U.S. 347 (1976) .............................................................................. 4, 7

ii
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*FCC v. Fox Television Stations, Inc.*,
  132 S. Ct. 2307 (2012) .................................................................................. 6

*FCC v. League of Women Voters*,
  468 U.S. 364 (1984) ...................................................................................... 6

*Fly Fish, Inc. v. City of Cocoa Beach*,
  337 F.3d 1301 (11th Cir. 2003) ..................................................................... 5

*Forsyth County v. Nationalist Movement*,
  505 U.S. 123 (1992) ...................................................................................... 6

*Freedman v. Maryland*,
  380 U.S. 51 (1965) ........................................................................................ 5

*Friedman v. Rogers*,
  440 U.S. 1 (1979) .......................................................................................... 6

*G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*,
  23 F.3d 1071 (6th Cir.1994) .......................................................................... 8

*Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*,
  683 F.3d 539 (4th Cir. 2012) ......................................................................... 5

*In re National Security Letter*,
  2013 WL 1095417 (N.D. Cal. Mar. 14, 2013) .............................................. 5

*In re Portnoy*,
  21 Cal. 2d 237 (1942) .................................................................................... 6

*Johnson v. United States*,
  333 U.S. 10 (1948) ........................................................................................ 6

*Katz v. United States*,
  389 U.S. 347 (1967) ...................................................................................... 6

*Klein v. City of San Clemente*,
  584 F.3d 1196 (9th Cir. 2009) ....................................................................... 7

*Long Beach Area Peace Network v. City of Long Beach*,
  574 F.3d 1011 (9th Cir. 2009) ....................................................................... 5

*Marshall v. Barlow's, Inc.*,
  436 U.S. 307 (1978) ...................................................................................... 6

iii

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Mathews v. Eldridge*,
   424 U.S. 319 (1976) .................................................................................... 6

*Murdock v. Pennsylvania*,
   319 U.S. 105 (1943) .................................................................................... 5

*Nebraska Press Ass'n v. Stuart*,
   427 U.S. 539 (1976) .................................................................................... 5

*O'Connell v. City of Stockton*,
   41 Cal. 4th 1061 (2007) .............................................................................. 6

*Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012),
   cert. granted, *Hollingsworth v. Perry*, 133 S. Ct. 786 (2012) .................... 5

*Reno v. ACLU*,
   521 U.S. 844 (1997) .................................................................................... 6

*Rental Housing Ass'n of N. Alameda County v. City of Oakland*,
   171 Cal. App. 4th 741 (2009) ..................................................................... 6

*Sammartano v. First Judicial District Court*,
   303 F.3d 959 (9th Cir. 2002) ............................................................. 4, 7, 8

*Schad v. Borough of Mount Ephraim*,
   452 U.S. 61 (1981) .................................................................................. 1, 5

*Sherwin-Williams Co. v. City of Los Angeles*,
   4 Cal. 4th 893 (1993) .................................................................................. 6

*Skinner v. Railway Labor Executives' Ass'n*,
   489 U.S. 602 (1989) .................................................................................... 6

*Sorrell v. IMS Health, Inc.*,
   131 S. Ct. 2653 (2011) ................................................................................ 5

*Speiser v. Randall*,
   357 U.S. 513 (1958) .................................................................................... 6

*Turner Broad. Sys. v. FCC*,
   512 U.S. 622 (1994) .................................................................................... 5

*United Air Lines, Inc. v. Occupational Safety & Health Appeals Bd.*,
   32 Cal. 3d 762 (1982) ............................................................................. 6, 7

iv
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*United States v. Caronia*,
  703 F.3d 149 (2d Cir. 2012) .................................................................................. 5

*Viacom Int'l, Inc. v. FCC*,
  828 F.Supp. 741 (N.D. Cal. 1993) ......................................................................... 7

*Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*,
  455 U.S. 489 (1982) ............................................................................................... 6

*West Va. State Bd. of Educ. v. Barnette*,
  319 U.S. 624 (1943) ............................................................................................... 5

*Welch v. Brown*,
  __ F.Supp.2d __, 2012 WL 6020122 (E.D. Cal. Dec. 3, 2012) ................. 4, 7, 8

*Winter v. Natural Res. Def. Council, Inc.*,
  555 U.S. 7 (2008) ............................................................................................. 4, 8

*Younger v. Board of Supervisors*,
  93 Cal. App. 3d 864 (1979) .................................................................................. 6

**STATUTES**

California Labor Code
  § 142 ....................................................................................................................... 6
  § 144.7 .................................................................................................................... 3

Los Angeles County Code
  Chapter 11.39 ........................................................................................................ 2

**REGULATIONS**

California Code of Regulations, Title 8, § 5193 ................................................... 3, 6

v
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs Vivid Entertainment Group, Califa Productions, Inc., and Jane Doe and John Doe, also known professionally as, respectively, Kayden Kross and Logan Pierce, are among the many producers, distributors, and performers of adult films that are shot in Los Angeles County. It is beyond dispute that such works – including erotic adult films – are protected by the First Amendment, which applies to the States and their subdivisions under the Fourteenth Amendment. *See, e.g., Schad v. Borough of Mount Ephraim*, 452 U.S. 61, 65 (1981); *City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41 (1986). Plaintiffs and those similarly situated with them have been impeded in exercising their First Amendment rights to create such works ever since the adoption of the recently enacted County of Los Angeles Safer Sex in the Adult Film Industry Act, also known and referred to as "Measure B." As shown below and in Plaintiffs' Motion for Judgment on the Pleadings and Memorandum of Points and Authorities supporting it, both of which Plaintiffs incorporate by reference, Measure B's constitutional flaws are apparent on its face and from the initial submissions in this case.[1]

### II. FACTUAL BACKGROUND

The facts underlying this Motion for Preliminary Injunction are set forth above and in the accompanying Memorandum in Support of Motion for Judgment on the Pleadings, which recites and provides citations for undisputed facts established by the pleadings. *See* Mem. in Supp. of Mot. for J. on the Pldgs. at 3-7. In short,

---

[1] As also noted in the Motion for Judgment on the Pleadings, other fatal constitutional flaws would be apparent with factual development at later stages of the case. These include the demonstrable falsity of some of Measure B's "findings" and the highly disputed nature of others, an inability to show Measure B can satisfy First Amendment scrutiny given the lack of legislative record or factual underpinnings for its findings, and over-inclusiveness as well. *See* Mem. in Supp. of Mot. for J. on the Pldgs. at 3 & n.2 (citing Measure B §§ 2(a), (d); *Brown v. Entm't Merchs. Ass'n*, 131 S. Ct. 2729, 2738 (2011)).

1
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

however, Measure B, which appeared on and was approved by popular vote on the November 2012 ballot, establishes restrictions and requirements for all adult films produced in Los Angeles County. It requires producers to obtain a permit from the Department before any production takes place, which requires producers to pay fees and file applications demonstrating completion of blood borne pathogen training that is pre-approved by the Department.[2] Measure B further requires the use of condoms by performers for all acts of anal or vaginal sex during production of adult films. For these purposes, "adult films" are "any film, video, multimedia or other representation of sexual intercourse in which performers actually engage in oral, vaginal, or anal penetration, including, but not limited to, penetration by a penis, finger, or inanimate object; oral contact with the anus or genitals of another performer; and/or any other sexual activity that may result in the transmission of blood and/or any other potentially infectious materials." *Id.* at 5-6 (citing Complaint and Answer, and relevant provisions of L.A. Cty. Code Ch. 11.39).

Department inspectors are granted access to "any location suspected of conducting any activity regulated by" Measure B, without notice, and may seize "any sample, photograph, record or other evidence, including any documents *bearing on*" compliance with Measure B. The Department also may, at any time and absent prior notice, suspend or revoke permits for *any* violation of Measure B's provisions, or of *any other laws* – which are not identified or limited – if the violation may create a "risk" to performers of exposure to sexually transmitted diseases. If a permit is suspended or revoked, work must not only stop on a given production, its producer cannot engage in *any* other filming, thus prohibiting the creation of other works as well. The Department may reinstate a permit, or issue a new one, but nothing in Measure B specifies that the Department must do so, or when it should do so. *Id.*

---

[2] If the producer is a business entity, *all* of its "principals and management-level employees" (which are undefined terms), including any and all film directors, must complete the required course.

2
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

To effectuate its permitting (and enforcement) regime, Measure B imposes a fee structure, but only states that fees "shall be set ... in an amount sufficient to provide for the cost of any necessary enforcement." *Id.* at 7. Though the Department has stated Measure B has become effective, it has not conducted any proceedings, conducted any analyses, or otherwise taken steps to establish the proper amount of permitting fees – rather, it has set a "provisional fee" ranging from $2,000 to $2,500 per year, without any findings or factual basis for the amount, or explanation how it will determine where within the range to set fees for any applicant or permittee.[3] Any person determined to have violated Measure B is subject to fines, civil actions, and jail time. Mem. in Supp. of Mot. for J. on the Pldgs. at 7. And Measure B imposes this regimented permitting, fee and condom-use structure despite the fact that the State of California has enacted its own laws and regulations governing exposure to blood borne pathogens, which confer jurisdiction over the field of occupational safety and health in California workplaces – including those in Los Angeles County – to the Standards Board and Cal-OSHA. *Id.* at 4-5 (citing, *inter alia*, California Lab. Code § 144.7; 8 Cal. Code Regs. Tit. 8, § 5193(b)).

Upon filing of the Complaint to commence the action, Plaintiffs promptly engaged in discussions with Defendants regarding the issues in the Complaint, and granted Defendants extensions of time in which to respond. Declaration of Robert Corn-Revere accompanying Plaintiffs' Opposition to Motion to Intervene (Docket No. 34), ¶ 4. Defendants ultimately filed an answer, in which they acknowledged that the Complaint "presents important constitutional questions that require and warrant judicial determination." Answer at 1 (Docket No. 21). Defendants nonetheless claim "neutrality" on whether Measure B is constitutional, have "declined to defend," and in fact "are not defending [its] constitutionality." Defendants' Supplemental

---

[3] Letter from Jonathan E. Fielding to "Producers of Adult Films in Los Angeles County," dated Dec. 14, 2012. Request for Judicial Notice, Exhibit A (Docket No. 38).

PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

3

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Statement of Non-Opposition to Proposed Intervenors' Motion to Intervene at 1 (Docket No. 35). While Measure B's sponsors moved to intervene to defend their handiwork, *see* Proposed Intervenors' Motion to Intervene (Docket No. 24), Defendants' stance of "neutrality" has not included a commitment to forgo enforcing Measure B pending judicial review, or to attempt a narrowing construction. To the contrary, Defendants issued an interim a permit fee schedule as a first step in implementing Measure B, and have taken the position "they have no discretion" other than to enforce "unless Measure B is held to be unconstitutional or otherwise unenforceable." Ans. at 14 (Third & Fourth Aff. Defenses).

### III. PLAINTIFFS SATISFY THE CRITERIA FOR A PRELIMINARY INJUNCTION

The Court should enjoin the enforcement of Measure B until a final determination of its constitutionality, as Plaintiffs satisfy each of the four elements for grant of a preliminary injunction. *See, e.g.*, *Welch v. Brown*, __ F.Supp.2d ___, 2012 WL 6020122, at *2 (E.D. Cal. Dec. 3, 2012) (citing, *inter alia*, *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). Undisputed facts derived from Plaintiffs' Complaint and Defendants' Answer, and the arguments in the Motion for Judgment on the Pleadings, demonstrate that Plaintiffs are likely to succeed on their challenge to Measure B. As such, irreparable harm is presumed, *Elrod v. Burns*, 427 U.S. 347, 373 (1976), and maintaining the *status quo ante* while this case proceeds clearly tilts in Plaintiffs' favor, as does the public interest, which always favors upholding First Amendment principles and preventing constitutional violations. *Sammartano v. First Judicial District Court*, 303 F.3d 959, 974 (9th Cir. 2002).

### A. Plaintiffs Are Likely to Succeed on the Merits of Their Challenge to Measure B

Plaintiffs' Motion for Judgment on the Pleadings filed concurrently with this Motion for Preliminary Injunction sets forth multiple ways in which Measure B is unconstitutional or unlawful, any one of which suffices alone to invalidate it, thus

4
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

demonstrating Plaintiffs' likelihood of succeeding on the merits. Plaintiffs respectfully refer the Court to Section III of the Memorandum of Points and Authorities in Support of the Motion for Judgment on the Pleadings, which explains that:

- Measure B violates the First Amendment by curtailing freedom of expression via referendum, which is inherently content-based and cannot be "saved" by the fact that Measure B purports to be a "public health" initiative.[4]
- Measure B's enactment by referendum means that its findings are not backed by any legislative record or evidence, which prevents it from satisfying strict scrutiny as a content-based regulation, or intermediate scrutiny even if it is deemed content-neutral.[5]
- Measure B is a presumptively invalid – and in this case, clearly unconstitutional – prior restraint.[6]
- Measure B's permitting fee is itself a presumptively unconstitutional prior restraint, and in addition, is not limited to the expense incident to administration of Measure B nor narrowly tailored to match actual administrative costs.[7]

---

[4] Mem. in Supp. of Mot. for J. on the Pldgs. § III.A (citing *Buckley v. American Const'l Law Found.*, 525 U.S. 182, 194 (1999); *West Va. State Bd. of Educ. v. Barnette*, 319 U.S. 624 (1943); *Board of Regents of Univ. of Wis. Sys. v. Southworth*, 529 U.S. 217, 235-36 (2000); *Sorrell v. IMS Health, Inc.*, 131 S. Ct. 2653 (2011); *United States v. Caronia*, 703 F.3d 149, 166 (2d Cir. 2012); *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 683 F.3d 539, 556 (4th Cir. 2012)).

[5] *Id.* (citing *Perry v. Brown*, 671 F.3d 1052, 1075 (9th Cir. 2012), *cert. granted, Hollingsworth v. Perry*, 133 S. Ct. 786 (2012); *Brown*, 131 S. Ct. at 2738; *Turner Broad. Sys. v. FCC*, 512 U.S. 622, 662 (1994); *Schad*, 452 U.S. at 65).

[6] *Id.* § III.B (citing, *inter alia*, *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976); *Long Beach Area Peace Network*, 574 F.3d at 1023; *Alexander v. United States*, 509 U.S. 544, 550 (1993); *Freedman v. Maryland*, 380 U.S. 51, 59 (1965); *CBS v. District Court*, 729 F.2d 1174, 1177 (9th Cir. 1983); *In re National Security Letter*, 2013 WL 1095417, at *6 (N.D. Cal. Mar. 14, 2013)).

[7] *Id.* § III.C (citing, *inter alia*, *Murdock v. Pennsylvania*, 319 U.S. 105, 113-14 (1943); *Cox v. New Hampshire*, 312 U.S. 569, 577 (1941); *Fly Fish, Inc. v. City of Cocoa Beach*, 337 F.3d 1301, 1314 (11th Cir. 2003)).

5
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

- Measure B is unconstitutionally vague in that it incorporates terms and mandates without definition so as to leave persons of common intelligence unsure as to their specific meaning, and it thereby impermissibly chills speech while affording the County too much discretion to curb disfavored expression.[8]
- Measure B is unconstitutionally underinclusive in claiming to address the spread of sexually transmitted diseases in Los Angeles County while applying only to adult films produced for commercial purposes, to the exclusion of both non-commercial films and risks of sexually transmitted diseases in the overall population.[9]
- Measure B's inspection and permit suspension/revocation regime imposes an unconstitutional system that violates the Fourth Amendment by granting broad search and seizure powers while providing no procedural safeguards, including lack of a provision for proper notice.[10]
- Measure B is preempted by California Labor Code § 142 and Title 8 of the Code of Regulations, which preempt the field of employee workplace safety.[11]

---

[8] *Id.* § III.D (citing, *inter alia*, *Reno v. ACLU*, 521 U.S. 844, 874 (1997); *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 499 (1982); *Speiser v. Randall*, 357 U.S. 513, 526 (1958); *Baggett v. Bullitt*, 377 U.S. 360, 372 (1964); *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 133 (1992); *City of Houston v. Hill*, 482 U.S. 451, 468-69 n.18 (1987); *FCC v. Fox Television Stations, Inc.*, 132 S. Ct. 2307, 2317 (2012)).

[9] *Id.* § III.E (citing *Brown*, 131 S. Ct. at 2741-42 (citing *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 546 (1993); *FCC v. League of Women Voters*, 468 U.S. 364, 396-98 (1984)).

[10] *Id.* § III.F (citing, *inter alia*, *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *Friedman v. Rogers*, 440 U.S. 1, 13 n.11 (1979); *Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 616-17 (1989); *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 315 (1978); *Katz v. United States*, 389 U.S. 347, 357 (1967); *Johnson v. United States*, 333 U.S. 10, 14-15 (1948); *Carroll v. United States*, 267 U.S. 132, 155-56 (1925)).

[11] *Id.* § III.G (citing, *inter alia*, *Younger v. Board of Supervisors*, 93 Cal. App. 3d 864, 870 (1979); *California Fed. Savs. & Loan Ass'n v. City of Los Angeles*, 54 Cal. 3d 1, 18 (1991); *Rental Housing Ass'n of N. Alameda County v. City of Oakland*, 171 Cal. App. 4th 741, 752 (2009); *In re Portnoy*, 21 Cal. 2d 237 (1942); *O'Connell v. City of Stockton*, 41 Cal. 4th 1061, 1067 (2007); *Sherwin-Williams Co. v. City of Los Angeles*, 4 Cal. 4th 893, 897 (1993); *United Air Lines, Inc. v. Occupational*

6
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Again, any of these grounds is reason alone to invalidate Measure B, and taken cumulatively, they plainly show that Plaintiffs are likely to succeed on the merits.

### B. Plaintiffs Will Suffer Irreparable Harm If Measure B Is Not Preliminarily Enjoined

Because Plaintiffs are likely to succeed on the merits of their challenges to Measure B, and in particular that their First Amendment rights are being violated, they also have demonstrated a likelihood of irreparable harm. The Supreme Court has repeatedly held that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. at 373. *See also Klein v. City of San Clemente*, 584 F.3d 1196, 1207 (9th Cir. 2009); *Sammartano*, 303 F.3d at 973-74; *Welch*, 2012 WL 6020122, at *15; *Viacom Int'l, Inc. v. FCC*, 828 F.Supp. 741, 744 (N.D. Cal. 1993). In addition to a presumption of irreparable injury due to the First Amendment violations, it is obvious that Measure B inflicts irreparable harms on Plaintiffs insofar as they cannot produce adult films in areas subject to Measure B without paying the designated fees and acquiring the required permits. In addition, insofar as Plaintiffs Kross and Pierce are popular performers unable to work in their chosen profession, their reputation and position in the industry – and, more importantly, with audiences – will be harmed irreparably.

### C. Any Harm to Defendants Would Be Minimal If Not Non-Existent, and Is Outweighed by the Irreparable Harm Plaintiffs Face

Defendants will suffer little or no harm if enjoined from enforcing Measure B. Despite Measure B's unsupported claims otherwise, the adult film industry already takes numerous safeguards to protect the health of actors and the public. *See* Mem. in Supp. of Mot. for J. on the Pldgs. at 3-4. These efforts ensure that all performers participating in any law-abiding adult film production are protected from sexually

---

*Safety & Health Appeals Bd.*, 32 Cal. 3d 762, 766-67 (1982); and various State Attorney General opinions).

7
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

transmitted disease, and by extension, the public is being protected, such that maintaining the *status quo ante* is not problematic. And because Measure B is so limited as to the segment of the populace to which it applies, even its enforcement will have a minimal impact on public health as a whole. Indeed, the County has survived for many years, including over 30 years since HIV/AIDS was identified in the United States, without Measure B. It "would be a stretch of reason to conclude that it would suffer significant harm having to wait a few more months to know whether the law is enforceable," especially given the limited impact on the public outside of the adult film industry. *Welch*, 2012 WL 6020122, at *16. Thus, preventing Measure B's implementation until its legality can be determined will not significantly impact the vast majority of the people of Los Angeles County. Given that the Plaintiffs have demonstrated a strong likelihood of irreparable injury if an injunction does not issue, the balance of equities clearly tips in Plaintiffs' favor. *See Winter*, 555 U.S. at 20.

### D.   The Public Interest Favors a Preliminary Injunction

A preliminary junction is particularly warranted in this case because "'it is always in the public interest to prevent the violation of ... constitutional rights.'" *Sammartano*, 303 F.3d at 974 (quoting *G & V Lounge, Inc. v. Michigan Liquor Control Comm'n*, 23 F.3d 1071, 1079 (6th Cir. 1994)). "Courts considering requests for preliminary injunctions have consistently recognized the significant public interest in upholding First Amendment principles." *Id.* "Given the limited scope and duration of a preliminary injunction," there should be "no difficulty in concluding that protecting ... First Amendment rights outweighs the public's interest in rushing to enforce an unprecedented law." *Welch*, 2012 WL 6020122, at *16. The public interest inquiry thus "collapses" into the Plaintiffs' showing of likelihood of success on the merits, which they have satisfied above.

To the extent that the public interest inquiry "addresses impact on non-parties rather than parties," *Sammartano*, 303 F.3d at 974, Measure B's negative impacts spread well beyond Plaintiffs, to many others in Los Angeles County. Measure B

8
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

impacts all other businesses and individuals involved in the adult film industry in numerous and obvious ways, including (1) preventing performers from exercising First Amendment rights; (2) preventing individuals and businesses from creating new adult films; and (3) potentially shutting down production of new films and those under production, impacting hundreds and thousands of individuals directly and indirectly involved in the adult film industry, including those who support the industry through services such as catering or transportation.

Furthermore, Measure B's potential positive effects are limited. As discussed above, it provides little or no improvement to public health insofar as it reaches only adult film performers but not the rest of the general populace by which they are vastly outnumbered. As a result, the interests Measure B purports to protect do not and cannot outweigh Plaintiffs' and the public's interest in the free exercise of First Amendment and other constitutional rights.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion for a Preliminary Injunction and enjoin Defendants from enforcing Measure B pending a final determination of its constitutionality.

DATED: April 5, 2013             DAVIS WRIGHT TREMAINE LLP


By:  /s/ Matthew D. Peterson
          Matthew D. Peterson

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross; and
JOHN DOE a/k/a Logan Pierce

9
PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION
DWT 20875928v9 0097322-000001

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899