O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a KAYDEN KROSS,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN FIELDING, DIRECTOR OF LOS ANGELES COUNTY DEPARTMENT OF PUBLIC HEALTH; JACKIE LACEY, LOS ANGELES COUNTY DISTRICT ATTORNEY, and COUNTY OF LOS ANGELES,<br><br>Defendants. | Case No. CV 13-00190 DDP (AGRx)<br><br>**ORDER GRANTING MOTION TO INTERVENE**<br><br>[Dkt. No. 24] |

Presently before the court is Proposed Intervenors Michael Weinstein, Marijane Jackson, Arlette De La Cruz, Mark McGrath, Whitney Engeran, and the Campaign Committee Yes on B, Major Funding by the AIDS Healthcare Foundation (collectively "Proposed Intervenors")'s Motion to Intervene. Having considered the parties submissions and heard oral argument, the court adopts the following order.

## I. BACKGROUND

On November 6, 2012, 57% of voters in Los Angeles County approved Measure B. (Compl. ¶ 36.) Measure B requires producers of adult films to obtain a permit from the Los Angeles County Department of Public Health before production can take place. (Id. ¶ 41.) To obtain the permit, valid for two years but subject to revocation, a producer must pay a fee and evidence successful completion of a blood borne pathogen training course. (Id.) Additionally, Measure B requires the use of condoms by performers for all acts of anal or vaginal sex during the production of adult films. (Id. ¶ 42.)

Plaintiffs are corporations and individuals involved in the adult film industry as producers, employers, and performers. (Id. ¶¶ 8-11.) On January 10, 2013, they filed this action against Jonathan Fielding, Director of Los Angeles County Department of Public Health, in his official capacity; Jackie Lacey, Los Angeles County District Attorney, in her official capacity; and the County of Los Angeles (collectively "Defendants").

Proposed Intervenors were the official proponents of Measure B. Proposed Intervenors drafted the language that would become Measure B, collected signatures to qualify the Measure for the November 2012 ballot, submitted the signatures for verification, raised funds, and drafted an argument for the appearance of the Measure on the ballot. (Weinstein Decl. ¶¶ 3, 5-7.) They filed this Motion to Intervene on March 1, 2013.

## II. LEGAL STANDARD

Rule 24(a)(2) of the Federal Rule of Civil Procedure governs intervention as of right and provides, in pertinent part: "On

2

timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a)(2).

To intervene as of right under Rule 24(a)(2), the movant must demonstrate that: "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest." United States v. City of Los Angeles, 288 F.3d 391, 397 (9th Cir. 2002)(quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)).  The movant-intervenor bears the burden of showing that all the requirements for intervention have been met.  Id. at 397.

In determining whether intervention is appropriate, courts are guided by practical and equitable considerations, and the requirements for intervention are broadly interpreted in favor of intervention.  Donnelly, 159 F.3d at 409; Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1493 (9th Cir. 1995).

Additionally, under Rule 24(b)(1)(B), a court "may permit" a party to intervene who has (1) timely made a motion to intervene and (2) has a claim or defense that shares with the main action a common question of law or fact.  Fed. R. Civ. P. 24(b)(1)(B).

**III. DISCUSSION**

    **A. Intervention and Article III Standing**

3

Plaintiffs assert that in order to intervene under Rule 24, Proposed Intervenors must meet not only the criteria for intervention of right under the Federal Rules but also must independently fulfill the requirements of Article III standing. (Opp. at 15-18.)  Neither the United States Supreme Court nor the Ninth Circuit has explicitly addressed this issue. <u>Perry v. Proposition 8 Official Proponents</u>, 587 F.3d 947, 950 n.2 (9th Cir. 2009)("We have yet to decide whether putative intervenors must satisfy standing independently of the parties to the case. The circuits are split on this issue."); <u>see also</u> <u>Prete v. Bradbury</u>, 438 F.3d 949, 955 n.8 (9th Cir. 2006)(citing cases that demonstrate circuit split).  However, the Ninth Circuit has repeatedly allowed intervention without requiring a demonstration of Article III standing.  <u>See, e.g.</u>, <u>Sagebrush Rebellion, Inc., v. Watt</u>, 713 F.2d 525, 527 (9th Cir. 1983)(internal quotation marks omitted)(mentioning a case in which "a public interest group was entitled as a matter of right to intervene in an action challenging the legality of a measure which it had supported," and noting that "Rule 24 traditionally has received a liberal construction in favor of applicants for intervention."); <u>Doe v. Harris</u>, no. C12-5713 THE, 2013 WL 140053, at *2 (N.D. Cal. Jan. 10, 2013)(granting permissive intervention and stating that proponents of a ballot proposition "are not required to demonstrate that they have independent Article III standing in order to be permitted to intervene in this action").

Because of the "liberal construction" of Rule 24 in this circuit, the court declines to require that Proposed Intervenors

meet not only the Rule 24 requirements but also satisfy the requirements for Article III standing.

### B. Intervention as of Right

Proposed Intervenors argue that they are entitled to intervene as a matter of right. Defendants do not oppose the Motion. Plaintiffs do not challenge Proposed Intervenors' assertion that they meet the first three criteria but do challenge their assertion that they meet the fourth criterion (inadequate representation of interests). The court will nonetheless consider whether Proposed Intervenors meet all four Rule 24(a)(2) criteria.

#### 1. Timeliness

To determine whether a motion to intervene is timely, the court considers the following criteria: "(1) the stage of the proceedings; (2) whether the parties would be prejudiced; and (3) the reason for any delay in moving to intervene." Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996).

Here, the Complaint was filed on January 10, 2013, and served on January 14, 2013. The Answer was initially due on February 4, 2013, and the parties stipulated to a 23-day extension, making the Answer due on February 27. Proposed Invervenors filed this Motion on March 1, 2013.

The court finds that Proposed Intervenors' Motion was filed at an early stage of the proceedings and that there is no evidence of any delay in so filing, thus meeting the first and third criteria. Neither Plaintiffs nor Defendants argue that they would be prejudiced by the timeliness of the Motion. The court therefore finds that the second criterion is also met, and that the Proposed Intervenors' Motion was timely.

**2. Significant Protectable Interest**

Proposed Intervenors argue that they have a significant protectable interest in defending Measure B because they were the proponents of the ballot measure. They point to the recent California Supreme Court decision articulating the particular interests of ballot measure proponents, grounded in the California political process:

> [B]ecause the initiative process is specifically intended to enable the people to amend the state Constitution or to enact statutes when current government officials have declined to adopt (and often have publicly opposed) the measure in question, the voters who have successfully adopted an initiative measure may reasonably harbor a legitimate concern that the public officials who ordinarily defend a challenged state law in court may not, in the case of an initiative measure, always undertake such a defense with vigor or with the objectives and interests of those voters paramount in mind. As a consequence, California courts have routinely permitted the official proponents of an initiative to intervene or appear as real parties in interest to defend a challenged voter-approved initiative measure in order to guard the people's right to exercise initiative power or, in other words, to enable such proponents to assert <u>the people's</u>, and hence <u>the state's</u>, interest in defending the validity of the initiative measure. Allowing official proponents to assert the state's interest in the validity of the initiative measure in

    such litigation (along with any public officials who may also be defending the measure) (1) assures voters who supported the measure and enacted it into law that any residual hostility or indifference of current public officials to the substance of the initiative measure will not prevent a full and robust defense of the measure to be mounted in court on the people's behalf, and (2) ensures a court faced with the responsibility of reviewing and resolving a legal challenge to an initiative measure that it is aware of and addresses the full range of legal arguments that reasonably may be proffered in the measure's defense. In this manner, the official proponents' general ability to appear and defend the state's interest in the validity of the initiative measure and to appeal a lower court judgment invalidating the measure serves to enhance both the fairness of the judicial process and the appearance of fairness of that process.

Perry v. Brown, 52 Cal. 4th 1116, 1125-26 (2011) (internal citation and quotation marks omitted). In short, under California law proponents of a ballot measure are considered to have a protectable interest that they have assumed on behalf of the state and the voters, regardless of any separate, individual interest in the measure that proponents may be able to demonstrate.

    Consistent with the California Supreme Court decision, the Ninth Circuit has held that initiative proponents have an interest sufficient to meet the Rule 24 requirements. See, e.g. Prete, 438 F.3d at 954 (internal quotation marks omitted)("for purposes of

intervention as of right, a public interest group that has supported a measure (such as an initiative) has a significant protectable interest in defending the legality of the measure").

It is uncontested that Proposed Intervenors were the official proponents of Measure B. (See generally Weinstein Decl.)  As such, the court finds that they have a significant protectable interest in the subject matter of the litigation, sufficient to support intervention.

### 3. Impairment of Interests

"[I]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Sw Center for Biological Diversity v. Berg, 268 F.3d 810, 822 (9th Cir. 2001)(quoting Fed. R. Civ. P. 24 advisory committee's notes)(internal quotation marks omitted).  "[A]n adverse court decision on [a ballot measure supported by a public interest group] may, as a practical matter, impair the interest held by the public interest group." Prete, 438 F.3d at 954.  Because Plaintiffs are challenging the constitutionality of Measure B and seeking to enjoin its enforcement, a decision in their favor would impair the interests of Proposed Intervenors and their organization, the AIDS Healthcare Foundation, who were the official proponents of the ballot measure and who have an interest in taking steps they deem necessary to ensure workplace protection from sexually transmitted diseases for adult film performers.  See Sagebrush Rebellion, 713 F.2d at 528 ("An adverse decision in this suit would impair the society's interest in the preservation of birds and their habitats.").

8

Plaintiffs do not challenge Proposed Intervenors' ability to meet this criterion, and the court agrees that Proposed Intervenors' interests would be impaired by a decision in favor of Plaintiffs in this suit. Accordingly, Proposed Intervenors meet the third criterion for intervention.

### 4. Adequate Representation of Interests

To determine whether a party will adequately represent the interests of a proposed intervenor, the court considers "whether [that party] will undoubtedly make all of the intervenor's arguments, whether [that party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected." Id.

Proposed Intervenors argue that the County will not adequately represent their interests because the County Board of Supervisors voted against adopting Measure B, County Counsel expressed skepticism toward Measure B, and the Defendants desire the same legal outcome as Plaintiffs. (Mot. at 16-17.) Most significantly, Defendants have indicated that they "have declined to defend the constitutionality of Measure B and have taken a position of neutrality regarding whether Measure B is constitutional and/or preempted by California law." (Defendants' Supplemental Statement of Non-Opposition to Proposed Intervenors' Motion to Intervene at 2.)[1]

---

[1] This is a more explicit statement of Defendants' position on defending the Measure than that offered in their Answer, where they stated:
> Plaintiffs' Complaint presents important constitutional questions that require and warrant judicial determination. In a constitutional democracy, it is the role of the courts to determine and resolve such
(continued...)

9

Plaintiffs argue in their Opposition, submitted before they had the benefit of Defendants' Supplemental Statement of Non-Opposition, that Proposed Intervenors have not demonstrated that they are not adequately represented by Defendants because, since the Measure became law, Defendants have acted to implement, enforce, and defend it. (Opp. at 4.) They point to a letter sent to "producers of adult films in Los Angeles County" explaining the ordinance and its requirements. (Corn-Revere Decl. ¶ 2, Exh. A.) They also point out that Proposed Intervenors do not cite any statements made by Defendant critical of Measure B dating from after it became law. (Id.) They assert further that "there is no evidence in the record or the Motion from after November 6, 2012 to support Proposed Intervenors' claim that Defendants desire Measure B to be declared unconstitutional." (Opp. at 12.)

The court finds that Defendants' clear statement that it does not intend to defend Measure B in this litigation is sufficient to indicate that they are not adequately representing Proposed Intervenors' interests. Insofar as Defendants have indicated that they do not intend to make arguments in support of the constitutionality and other validity of the Measure, there is a clear indication of their inadequate representation of the

---

[1](...continued)
questions. To the extent that Plaintiffs have stated a justiciable controversy, setting forth federal constitutional challenges to the County of Los Angeles Safer Sex in the Adult Film Industry Act ("Measure B"), it is appropriate for the federal courts to determine and resolve those challenges. Defendants encourage the Court to resolve the merits of this action expeditiously. (Answer at 1.) Among their affirmative defenses, Defendants "reserve the right to have proponents of Measure B intervene and defend the constitutionality of Measure B in light of Perry v. Brown, 52 Cal.4th 1116 (2011)." (Id. at 13.)

10

interests of Proposed Intervenors. Because Defendants decline to defend the Measure substantively, Proposed Intervenors will offer an element to the proceedings that would otherwise be neglected, namely, a full defense of the constitutionality and validity of the Measure. "[I]n an instance . . . in which the public officials have totally declined to defend the initiative's validity at all, . . . it would clearly constitute an abuse of discretion for a court to deny the official proponents of an initiative the opportunity to participate as formal parties in the proceeding, either as interveners or as real parties in interest, in order to assert the people's and hence the state's interest in the validity of the measure . . . ." Perry v. Brown, 52 Cal.4th at 1126.[2]

The court finds that Defendants will not adequately represent the interests of Proposed Intervenors.

### 5. Conclusion on Intervention as of Right

Proposed Intervenors have met all four factors under Rule 24(a)(2) and the court therefore GRANTS intervention.

### C. Permissive Intervention

Because the court has found that intervention by right is appropriate, it need not consider permissive intervention.

///
///
///

---

[2] Even if the government defendants were defending the measure, intervention by the official proponents might still be warranted. Perry v. Brown, 52 Cal.4th at 1126 ("[I]n most instances it may well be an abuse of discretion for a court to fail to permit the official proponents of an initiative to intervene in a judicial proceeding to protect the people's right to exercise their initiative power even when one or more government defendants are defending the initiative's validity in the proceeding.").

11

**IV. CONCLUSION**

    For these reasons, the court GRANTS the Motion to Intervene. IT IS SO ORDERED.

Dated: April 16, 2013

                                            DEAN D. PREGERSON
                                            United States District Judge