PAUL J. CAMBRIA, JR. (State Bar No. 177957)
pcambria@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
1631 West Beverly Blvd., Second Floor
Los Angeles, CA 90026
Telephone: (323) 883-1807

*See attached for additional counsel for Plaintiffs*

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE A/K/A KAYDEN KROSS; AND JOHN DOE A/K/A LOGAN PIERCE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce, <br><br> Plaintiffs, <br><br> vs. <br><br> JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES <br><br> Defendants. | Case No. **CV 13-00190 DDP (AGRx)** <br><br> Assigned to the Hon. Dean D. Pregerson <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF COURT'S ORDER OF APRIL 16, 2013 (DOCKET NO. 44); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: August 12, 2013 <br> Time: 10:00 a.m. <br><br> Courtroom 3 <br><br> Action Filed: January 10, 2013 |

MOTION FOR RECONSIDERATION

*Additional counsel for Plaintiffs:*

JANET L. GRUMER (State Bar No. 232723)
    janetgrumer@dwt.com
MATTHEW D. PETERSON (State Bar No. 251490)
    matthewpeterson@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 South Figueroa Street, Suite 2400
Los Angeles, CA  90017-2566
Telephone: (213) 633-6800

H. LOUIS SIRKIN (*Admitted Pro Hac Vice*)
    HLS@santen-hughes.com
Santen & Hughes LPA
600 Vine Street, Suite 2700
Cincinnati, OH 45202
Telephone: (513) 721-4450

ROBERT CORN-REVERE (*Admitted Pro Hac Vice*)
    bobcornrevere@dwt.com
RONALD G. LONDON (*Admitted Pro Hac Vice*)
    ronnielondon@dwt.com
DAVIS WRIGHT TREMAINE LLP
1919 Pennsylvania Avenue, NW, Suite 800
Washington, DC 20006
Telephone: (202) 973-4200

MOTION FOR RECONSIDERATION

1

**DAVIS WRIGHT TREMAINE** LLP
865 S  FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, August 12, 2013, at 10:00 a.m., before the Honorable Dean Pregerson, in Courtroom 3, 2nd Floor, located at 312 N. Spring Street, Los Angeles, CA 90012, Plaintiffs, Vivid Entertainment Group, Califa Productions, Inc., and Jane Doe and John Doe, also known professionally as, respectively, Kayden Kross and Logan Pierce, will and hereby do move this Court for reconsideration of its order of April 16, 2013, granting the Motion to Intervene filed by Michael Weinstein, Marijane Jackson, Arlette De La Cruz, Mark McGrath, Whitney Engeran, and the Campaign Committee Yes on B, Major Funding by the AIDS Healthcare Foundation ("Intervenors") (Docket No. 44).

Reconsideration is proper under Fed. R. Civ. P. 60(b) and Local Rule 7-18(a) because the Supreme Court clarified the law and explained that proponents of a ballot initiative, like Intervenors here with Measure B, "have no 'personal stake' in defending its enforcement … distinguishable from the general interest of every citizen of California," and thus lack standing under Article III of the United States Constitution. *Hollingsworth v. Perry*, 570 U.S. \_\_\_, No. 12-144 (2013) (slip op., at 8). *See also id*. at 9-10, 16-17 ("We have never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to."). Accordingly, Intervenors do not have standing and cannot remain parties to this action. In addition, the pleadings and motions filed by Intervenors must be vacated. Finally, Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 37), which was vacated upon Intervenors being granted party status (Docket Nos. 44, 46), should be reinstated.

This motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, all other records and files in this action, and upon such further oral and/or documentary matters as may be presented to this Court at or before the hearing on this motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on June 27, 2013.

DATED: July 5, 2013

LIPSITZ GREEN SCIME CAMBRIA LLP
PAUL J. CAMBRIA, JR.

SANTEN & HUGHES LPA
H. LOUIS SIRKIN

DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE
RONALD G. LONDON
JANET L. GRUMER
MATTHEW D. PETERSON

By:  /s/ Matthew D. Peterson
         Matthew D. Peterson

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross; and
JOHN DOE a/k/a Logan Pierce

MOTION FOR RECONSIDERATION

2

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 16, 2013, this Court issued an order granting the Motion to Intervene filed by Michael Weinstein, Marijane Jackson, Arlette De La Cruz, Mark McGrath, Whitney Engeran, and the Campaign Committee Yes on B, Major Funding by the AIDS Healthcare Foundation ("Intervenors"). (Docket No. 44, "April Order".) In the Order, the Court "decline[d] to require that Proposed Intervenors . . . satisfy the requirements for Article III standing," noting that "[n]either the United States Supreme Court nor the Ninth Circuit has explicitly addressed this issue." (April Order at 4-5.)

Now, the Supreme Court has definitively done so. In *Hollingsworth v. Perry*, 570 U.S. ___, No. 12-144 (U.S., June 26, 2013), the Court held that proponents of a ballot initiative, precisely like Intervenors here, "have no 'personal stake' in defending its enforcement … distinguishable from the general interest of every citizen of California," and thus lack Article III standing. *Id.,* slip op., at 8. The Court explained that "Article III standing 'is not to be placed in the hands of "concerned bystanders," who will use it simply as a "vehicle for the vindication of value interests."'" *Id*. (citation omitted). Even where, as here, government officials decline to defend a ballot measure, the Court said "[w]e have never before upheld the standing of a private party to defend the constitutionality of [the law]" and "[w]e decline to do so for the first time here." *Id*. at 17. *See also id*. at 9-10.

In light of this new precedent, Plaintiffs Vivid Entertainment Group, Califa Productions, Inc., and Jane Doe and John Doe, also known professionally as, respectively, Kayden Kross and Logan Pierce ("Plaintiffs"), respectfully request that the Court reconsider the April Order with regard to whether Intervenors have standing under Article III of the United States Constitution. *See Hollingsworth*, slip op., at 6. Plaintiffs contend Intervenors cannot satisfy the requirements for standing and there-

MOTION FOR RECONSIDERATION     3

fore must be dismissed from this case, their pleadings and motions vacated, and Plaintiffs' Motion for Judgment on the Pleadings reinstated.

## II. RECONSIDERATION OF THE APRIL ORDER IS PROPER

Motions for reconsideration are governed by Federal Rules of Civil Procedure Rule 60(b)(6) (the court may relieve a party from an order for "any . . . reason that justifies relief") and Local Rule 7-18. Under Rule 60(b)(6), such reconsideration is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Under Local Rule 7-18(a), a party moving for reconsideration must show "a material difference in . . . law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision." Here, the decision in *Hollingsworth* constitutes an intervening change in controlling law regarding Article III standing requirements for ballot measure proponents. Since *Hollingsworth* was not issued until two months after the April Order, Plaintiffs could not have presented the decision to the court at that time. Therefore, reconsideration of the April Order with regards to Intervenors' standing is required.

## III. INTERVENORS LACK ARTICLE III STANDING

Intervenors should be dismissed from this case because they lack the requisite constitutional standing. Article III, § 2, of the Constitution confines federal courts to deciding "Cases" or "Controversies." "One essential aspect of this requirement is that any person invoking the power of a federal court must demonstrate standing to do so." *Hollingsworth*, slip op., at 5.

To qualify as a party with standing to litigate, a person must show, first and foremost, that they are affected by the matter in a "personal and individual way," and therefore "possess a direct stake in the outcome of the case." *Id.* at 7 (internal

citations and punctuation omitted). "A generalized grievance, no matter how sincere, is *insufficient to confer standing*." *Id.* (emphasis added, internal punctuation omitted). A litigant "raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Id.* (citation omitted).

Here, the Motion to Intervene (Docket No. 24, "Motion") did not address whether Intervenors had standing under Article III. Plaintiffs opposed intervention, however, arguing that Intervenors lacked Article III standing. Plaintiff's Opposition to Motion to Intervene (Docket No. 34, "Opp." at 15-18). On Reply, Intervenors made two arguments: (1) that "Article III standing requirements are not applicable to" Intervenors; and (2) that Intervenors satisfy Article III because they have a "significantly protectable interest." (Docket No. 36, "Reply" at 12-17.) However, the Supreme Court's decision in *Hollingsworth* eviscerates both arguments for essentially the reasons set forth in Plaintiff's Opposition.

Intervenors' claim that they are not subject to Article III requirements is belied both by the authorities cited in Plaintiff's Opposition and by the holding in *Hollingsworth*. This important limitation on the jurisdiction of Federal courts applies throughout the course of a case. *Hollingsworth*, slip op., at 6 ("Article III demands that an 'actual controversy' persist throughout all stages of litigation."); *see also*, *e.g.*, *Bashkin v. Hickman*, 2008 WL 183696, *supra*, at *7 (S.D. Cal. Jan. 17, 2008) ("Court has a continuing duty to examine its own jurisdiction to grant relief"). The Supreme Court has stated categorically that "[t]hose who do not possess Art. III standing may not litigate as suitors in the courts of the United States." *Valley Forge Christian Col. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 475-76 (1982).

5

MOTION FOR RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*Hollingsworth* likewise extinguishes any claim that "[a]s the official Measure B proponents and campaign committee," Intervenors have a "significantly protectable interest." (Reply at 15.) Once Measure B was approved by voters, it became a duly enacted ordinance for which, the Supreme Court has now made clear, Intervenors "have no role – special or otherwise – in [its] enforcement." *Hollingsworth,* slip op., at 8. Thus, Intervenors have no "personal stake" in defending Measure B "that is distinguishable from the general interest of every citizen" of Los Angeles County. *Id.*

If Intervenors continue to claim that they qualify as intervenors entitled to defend Measure B after the Supreme Court's ruling on this precise issue, it would raise a significant question of whether Intervenors take seriously the requirement that their legal contentions "are warranted by existing law." Fed. R. Civ. P. 11(b)(2). Intervenors' reply brief relied primarily on *Perry v. Brown*, 671 F.3d 1052 (9th Cir. 2012), which was vacated by the Supreme Court's decision in *Hollingsworth*. *Perry*, therefore, no longer has any precedential value, nor does the California Supreme Court ruling on which it relied. *Hollingsworth*, slip op., at 17. Intervenors' argument was so dependent on *Perry* that their reply brief's table of authorities lists the case as "*passim*." Intervenors cannot now back away from their claims that the result in this case was dictated by *Perry*. *See*, *e.g.*, Reply at 12 ("Proposed Intervenors' unique position as official proponents and sponsors of Measure B is analogous to that of the intervenors in *Perry I*"); *id.* at 16 ("*Perry I* recently affirmed that 'through proponents of ballot measures, the People of California must be allowed to defend in federal courts, including on appeal, the validity of their use of [] initiative power.'").[1]

---

[1] Because *Hollingsworth* involved exactly the same standing question as presented here, and because the Supreme Court's holding is dispositive, this Court could rule on this motion *sua sponte*. *Director, Office of Workers' Comp. Programs v. Newport News Shipbuilding & Dry Dock Co.*, 514 U.S. 122, 125 (1995) (court may properly address a party's standing *sua sponte*); *B.C. by * Through Powers v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing."); *see also United States v. Hays*, 515 U.S. 737, 742 (1995) ("standing is perhaps the most important of the juris-

6

MOTION FOR RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

The Supreme Court expressly rejected the argument made in support of intervention here – that because the Defendants are not defending the constitutionality of Measure B, Intervenors "possess the authority" to do so under California state law. *Hollingsworth* laid this argument to rest, holding that "standing in federal court is a question of federal law, not state law." *Hollingsworth*, slip op., at 16. Once a ballot measure is adopted, the Court made clear that its sponsors have no role in its enforcement, and no standing as a party to defend it. *Id.* at 8.

Finally, though the decision in *Hollingsworth* reviewed and vacated a Ninth Circuit decision, the holding regarding Article III standing was not limited to parties at the appellate stage of litigation. The Court noted that Article III's requirements apply "throughout **all stages** of litigation," meaning that "standing must be met by persons seeking appellate review, *just as it must be met by persons appearing in courts of first instance*." *Id.* at 6 (emphasis added; citations omitted). Given that it was the Ninth Circuit's decision that was being appealed, and the parties did not contest the ballot proponents' standing in the District Court, the Supreme Court only had to consider "whether petitioners had standing to appeal the District Court's order." *Id.*

This holding clearly applies to litigants at all stages of a case, including in the District Court. The Court in *Hollingsworth* did not emphasize that the intervenors in that case were appellants. Instead, by stating that the proponents of Proposition 8 lacked any "personal stake in defending its enforcement" **as soon as Proposition 8 was approved by the voters**, the Court made clear the intervenors in *Hollingsworth* **never** had standing in the litigation. *Id.* at 8. This conclusion is reinforced by the balance of the opinion, where the Court rejected other arguments in support of standing. *See generally*, *id.* at 8-17 ("petitioners have likewise not suffered an injury in

---

dictional doctrines" that federal courts are under independent obligation to examine) (citations and modifications in original omitted)); *cf.*, Fed. R. Civ. Proc. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

7

MOTION FOR RECONSIDERATION

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

fact, and therefore would ordinarily have no standing to assert the State's interest"; "Petitioners here hold no office and have always participated in this litigation solely as private parties"; the petitioners' "interest is by definition a generalized one, and it is precisely because proponents assert such an interest that they lack standing under our precedents"; "petitioners are plainly not agents of the State – 'formal' or otherwise" and thus cannot claim standing via agency).

Significantly, in the penultimate paragraph of the decision, the Court noted, "[w]e have never before upheld the standing of a private party to defend the constitutionality of a state statute when state officials have chosen not to," which in no way is limited to parties only on appeal. *Id.* at 17. Accordingly, any suggestion that *Hollingsworth* should be narrowly construed and does not apply to Intervenors because this case is in the District Court is belied by *Hollingsworth* itself.

The Court plainly stated that Article III standing "is not to be placed in the hands of 'concerned bystanders,' who will use it simply as a 'vehicle for the vindication of value interests.'" *Id.* at 8 (citation omitted). For purposes of constitutional standing, Intervenors here lack a protectable interest with regard to Measure B, and are not proper parties to this action. Because they lack standing, Intervenors must be dismissed, *Valley Forge Christian Col.*, 454 U.S. at 475-76 ( "Those who do not possess Art. III standing may not litigate as suitors in the courts of the United States."), and their motions and other submissions filed as Intervenors must be vacated. Furthermore, Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 37), which was vacated upon Intervenors being granted party status (Docket Nos. 44, 46), should be reinstated.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court reconsider its April 16, 2013 order granting the Motion to Intervene, and dismiss Intervenors from this action for lack of standing under Article III of the United States Constitution. Plaintiffs further respectfully request that the motions and other

MOTION FOR RECONSIDERATION 8

DAVIS WRIGHT TREMAINE LLP
865 S FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

submissions filed by Intervenors be vacated, and Plaintiffs' Motion for Judgment on the Pleadings (Docket No. 37) be reinstated.

DATED: July 5, 2013

LIPSITZ GREEN SCIME CAMBRIA LLP
PAUL J. CAMBRIA, JR.

SANTEN & HUGHES LPA
H. LOUIS SIRKIN

DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE
RONALD G. LONDON
JANET L. GRUMER
MATTHEW D. PETERSON

By: /s/ Matthew D. Peterson
　　　Matthew D. Peterson

Attorneys for Plaintiffs
VIVID ENTERTAINMENT, LLC;
CALIFA PRODUCTIONS, INC.;
JANE DOE a/k/a Kayden Kross; and
JOHN DOE a/k/a Logan Pierce