Tom Myers (SBN 176008)
Samantha R. Azulay (SBN 283424)
Liza M. Brereton (SBN 261380)
AIDS Healthcare Foundation
6255 W. Sunset Blvd., 21st FL
Los Angeles, CA 90028
Phone: 323-860-5200
Fax: 323-467-8450

*Attorneys for Defendants-Intervenor
Michael Weinstein*

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce, <br><br> Plaintiffs, <br><br> vs. <br><br> JONATHAN FIELDING, Director of Los Angeles County Department of Public Health, JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES, <br><br> Defendants. <br><br> MICHAEL WEINSTEIN, MARIJANE JACKSON, ARLETTE DE LA CRUZ, MARK MCGRATH, WHITNEY ENGERAN, and the CAMPAIGN COMMITTEE YES ON B, MAJOR FUNDING BY THE AIDS HEALTHCARE FOUNDATION <br><br> Defendants-Intervenors. | Case No.:  13-CV-00190-DDP-AGR <br><br> **NOTICE OF MOTION AND JOINT STIPULATION FOR INTERVENOR'S MOTION TO COMPEL** <br><br> Date: January 19, 2016 <br> Time: 10:00 a.m. <br> Judge: Hon. Alicia G. Rosenberg <br> Location: 312 N. Spring Street, Courtroom B. 8th Floor Los Angeles, California 90012 <br><br> Discovery Cut-Off Date: May 31, 2016 <br> Trial Date:  December 13, 2016 |

**TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **January 19, 2015, at 10 a.m.**, or as soon thereafter as the matter may be heard, before the Honorable Alicia G. Rosenberg in Courtroom B, 8th Floor of the United States District Court for the Central District of California, 312 N. Spring Street, Los Angeles, California 90012, Michael Weinstein ("Intervenor"), will move for an order requiring Plaintiffs Vivid Entertainment, LLC and Califa Productions, Inc. ("Plaintiffs") to provide further responses to Intervenor's first sets of requests for production of documents and special interrogatories and for sanctions against Plaintiffs and their counsel.

This motion is based on this Notice of Motion, the attached Joint Stipulation For Intervenor's Motion To Compel and attached exhibits, declaration of Samantha Azulay, all of the pleadings, files, and records in this proceeding, all matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.

This motion is made following the conference of counsel pursuant to L.R. 37-1 which took place on at least October 9, 14, 16, 19 and 21, 2015 regarding issues relating to the motion, and further communications between counsel.

Respectfully Submitted,

DATED:  December 22, 2015     INTERVENOR, MICHAEL WEINSTEIN

By: /s/Samantha R. Azulay
    TOM MYERS
    SAMANTHA R. AZULAY
    LIZA M. BRERETON
    *Attorneys for  Intervenor*
    *Michael Weinstein*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................. ii

I.    INTRODUCTORY STATEMENTS................................................................ 1

   A.  Intervenor's Introductory Statement............................................. 1

     1.  Factual Background................................................................ 1

     2.  Discovery Issues..................................................................... 2

   B.  Plaintiffs' Introductory Statement ................................................ 3

II.    DISCOVERY ON ECONOMIC IMPACT OF MEASURE B .................... 4

   A.  Requests For Production At Issue .................................................. 4

   B.  Intervenor's Contentions Regarding the Requests At Issue ......... 6

     1.  Plaintiffs' Financial Information Is Relevant ....................... 6

     2.  Plaintiffs' Boilerplate Objections Are Improper.................. 8

     3.  Plaintiffs' Assertions of Attorney-Client/Work-Product Privileges Are Improper. 9

     4.  Plaintiffs' Privacy Objections Lack Merit ........................... 9

   C.  Plaintiffs' Contentions Regarding The Requests for Production At Issue................. 11

     1.  Plaintiffs' Amended Responses ......................................... 11

     2.  Intervenors Are Not Entitled To Plaintiffs' Confidential Financial Information and State and Federal Tax Returns .................................. 13

III.  THE COURT SHOULD IMPOSE MONETARY SANCTIONS ON PLAINTFFS.. 16

   A.  Intervenor's Contentions Regarding Sanctions .......................... 16

   B.  Plaintiffs' Contentions Regarding Sanctions.............................. 16

# TABLE OF AUTHORITIES

Cases

*A. Farber Partners, Inc. v. Garber*,

    234 F.R.D. 186, 191 (C.D. Cal. 2006) ........................................................... 9, 10

*Advanced Visual Image Design, LLC v. Exist, Inc.*,

    2015 WL 4934178, at *6-7 (C.D. Cal. Aug. 18, 2015) ........................................ 14

*Aliotti v. The Vessel SENORA*,

    217 F.R.D. 496, 497 (N.D. Cal. 2003) ................................................. 10, 13, 15

*Anderson v. Abercrombie & Fitch Stores, Inc.*,

    2007 WL 1994059, at *7 (S.D. Cal. Jul. 2, 2007) ........................................... 14

*Assoc. of Am. Railroads v. United States*,

    371 F. Supp. 114, 116 (D.C.D.C. 1974) ........................................................ 15

*Bergeson v. Nat'l Sur. Corp.*,

    112 F.R.D. 692, 694-696 (D. Mont. 1986)…………………………………………10

*Heathman v. United States Dist. Ct. for the Central Dist. of Cal.*,

    503 F.2d 1032, 1035 (9th Cir. 1974) .......................................................... 10

*Herbert v. Lando*,

    441 U.S. 153, 177 (1979).............................................................................. 7

*Moon v. SCP Pool Corp.*,

    232 F.R.D. 633, 635-36 (C.D. Cal. 2005)...................................................... 7

*Nestle Foods Corp. v. Aetna Casualty & Surety Co.*,

    135 F.R.D. 101, 104 (D. N.J. 1990)............................................................. 8

*Oakes v. Halvorsen Marine Ltd.*,

    179 F.R.D 281, 283 (C.D. Cal. 1998)........................................................... 8

*Premium Serv. Corp. v. Sperry & Hutchinson Co.*,

    511 F.2d 225, 229 (1975)................................................................. 10, 13, 14

*Religious Tech. Ctr. v. Wollersheim*,

    971 F.2d 364, 367 n. 10 (9th Cir. 1992) ....................................................... 9

*Schnabel v. Superior Court*,

   854 P.2d 1117, 1126 (Cal. 1993) ............................................................................. 13

*United States v. Zolin*,

   491 U.S. 554, 562, (1989) ................................................................................. 9

Rules

Fed. R. Civ. P. 26 ......................................................................................... 6, 9

Fed. R. Civ. P. 37 ........................................................................................... 16

Fed. R. Evid. 501 ............................................................................................ 9

**NOTICE OF MOTION AND JOINT STIPULATION FOR INTERVENOR'S MOTION TO COMPEL**

## JOINT STIPULATION

## I.   INTRODUCTORY STATEMENTS

### A.   Intervenor's Introductory Statement

#### 1.   Factual Background

Plaintiffs Vivid Entertainment, LLC and Califa Productions, Inc. ("Plaintiffs") are adult film production and distribution companies who allege six claims under 42 U.S.C. § 1983 and one state preemption claim in their Complaint seeking to invalidate the Safer Sex in the Adult Film Industry Act, Title 11, Division 1, Chapter 11.39 of the Los Angeles County Code ("Measure B").  On August 13, 2013, the Court dismissed Plaintiffs' due process claim, state preemption claim, and their first amendment claim related to subjecting freedom of expression to a referendum.  Dkt. 79.  On October 30, 2015, the individual plaintiffs dismissed their claims against Defendants' with prejudice.  The remaining Plaintiffs' bring claims for violations of their first and fourth amendment rights.

Measure B sets forth workplace safety measures for the adult film industry that must be followed prior to and during the actual production of adult films. Measure B defines an "adult film" as any film, video, multimedia or other representation of sexual intercourse in which performers actually engage in oral, vaginal, or anal penetration, including, but not limited to, penetration by a penis, finger; or inanimate object; oral contact with the anus or genitals of another performer; and/ or any other sexual activity that may result in the transmission of blood and/or any other potentially infectious materials.  Judge Pregerson, in his August 16, 2013 Order, struck some of the language and redefined "adult film" as "as any film, video, multimedia or other representation of sexual intercourse in which performers actually engage in vaginal or anal penetration by a penis."

Intervenor's discovery requests have defined "adult film" in accordance with Judge Pregerson's Order.

Measure B requires producers of adult films to take safety measures such as: (1) get a public health permit; (2) obtain health training; (3) post the public health permit on sets; and (4) use condoms for vaginal and anal sex.

Plaintiffs' theories on how Measure B infringes on their First Amendment rights are that: (1) Measure B inhibits their desire to freely express unprotected sex in the actual making of the film in order to realize their artistic vision; (2) performers are consenting adults and may choose to have sex in the workplace in the manner in which they please; and (3) the adult film industry takes adequate steps to protect its performers so no one else should protect them.

Plaintiffs allege that the adult film industry contributes $1 billion to the local economy of the Los Angeles area and employs approximately 10,000 people. Declaration of Samantha Azulay ("Azulay Decl."), ¶ 2, Exh. A (Complaint ¶ 50). Plaintiffs further allege that Measure B puts those expenditures at risk. Id. Plaintiffs also allege that Measure B is negatively affecting livelihoods of thousands of people who depend on the adult film industry for their livelihoods. Id., (Complaint ¶¶ 6, 40).

**2.     Discovery Issues**

Intervenor propounded identical discovery requests and interrogatories to Plaintiffs, and Plaintiffs served identical responses. Id., ¶ 3 (Exhibits B-E). Intervenor propounded straightforward requests for production on the issue of Plaintiffs' financial condition to assess the economic impact of Measure B on their businesses and on Los Angeles County, as they allege. The requests seek the Plaintiffs' financial information such as financial reports, balance sheets, income statements, statements of cash flow, retained earnings, shareholder equity for the last five years.  The requests also seek Plaintiffs' state and federal tax returns.  Id.,

(RFP 1-4).  Similarly the interrogatories ask Plaintiffs about their corporate structure and ownership interests. *Id.* (Interrogatories 4-5).

Intervenor also propounded discovery on Plaintiffs' claim that Measure B is unnecessary because the adult film industry's testing of persons working on or participating in adult films is equally effective, or more effective, in preventing the spread of sexually transmitted infections ("STIs") as Measure B.  *See* Azulay Decl., ¶ 3, Exhibit B (Requests for Production Nos. 5-7).  Intervenor also propounded discovery on Plaintiffs' claim that Measure B affects the contents of its films.  *Id.,* Exhibit D (Interrogatories Nos. 6-9).

Ignoring their discovery obligations under the federal rules, Plaintiffs asserted boilerplate and conclusory objections based on relevance, vagueness and overly broad and burdensome and compound.  Plaintiffs also asserted the attorney-client, work product and "financial privacy" privileges.  Plaintiffs failed to provide any substantive responses to the interrogatories and failed to produce documents or a privilege log in responding to the requests for production.  *Id.*, Exhibits B-E.  After meeting and conferring, Plaintiffs agreed to update some, but not all, of their Interrogatory responses, and subsequently tendered Amended Responses to Interrogatories.  However, such Amended Responses still fail to fully and completely answer all of the Interrogatories.  *Id.*, ¶¶ 7-8

Intervenor respectfully requests that the Court compel further responses to Requests for Production Nos. 1-4.

**B.    Plaintiffs' Introductory Statement**

As Intervenors set forth in their introduction, the parties have amicably resolved most of their discovery disputes and Plaintiffs have answered the Interrogatories and Requests for the Production of Documents in accordance with that agreement.  The sole issue of contention before this Court at this time is whether Plaintiffs should be required to produce financial and confidential tax

information to Defendants-Intervenors as requested in the Requests for Production of Documents (Set One), Requests Numbers 1-4.

## II.     DISCOVERY ON ECONOMIC IMPACT OF MEASURE B

### A.     Requests For Production At Issue

REQUEST FOR PRODUCTION NO. 1:

Any and all financial statements for you for the past five (5) years including balance sheets, income statements, statements of cash flows, statements of retained earnings, and statements of stockholders equity.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or attorney work product doctrine. Plaintiff objects to this Request to the extent it calls for information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible, including, but not limited to, the use of the terms "balance sheets," "income statements," "statements of cash flows," "statement of retained earnings," and "statements of stockholders' equity." Plaintiff further objects to this Request as overbroad, and therefore unduly burdensome, to the extent it is not limited by the subject matter, time, and/or scope of the litigation. Plaintiff further objects to this Request to the extent that it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law, including but not limited to the right to financial privacy.

REQUEST FOR PRODUCTION NO.2:

Any and all financial reports and presentations prepared for your Board of Directors or for a subcommittee of the Board of Directors.

RESPONSE TO REQUEST FOR PRODUCTION NO.2:

Plaintiff objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or attorney work product doctrine. Plaintiff objects to this Request to the extent it calls for information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible, including, but not limited to, the use of the terms "financial reports" and "presentations." Plaintiff further objects to this Request as overbroad, and therefore unduly burdensome, to the extent it is not limited by the subject matter, time, and/or scope of the litigation. Plaintiff further objects to this Request to the extent that it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law, including but not limited to the right to financial privacy.

REQUEST FOR PRODUCTION NO. 3:

Any and all federal tax returns and related documents submitted by and/or for you to the U.S. Internal Revenue Service for tax years 2010 through 2014.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

Plaintiff objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or attorney work product doctrine. Plaintiff objects to this Request to the extent it calls for information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible, including, but not limited to, the use of the phrase "related documents." Plaintiff further objects to this Request as overbroad, and therefore unduly burdensome, to the extent it is not

limited by the subject matter, time, and/or scope of the litigation. Plaintiff further objects to this Request to the extent that it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article I of the Constitution of California, or any other applicable law, including but not limited to the right to

financial privacy.

<u>REQUEST FOR PRODUCTION NO. 4</u>:

  Any and all state tax returns and related documents submitted by and/or for you to any state for tax years 2010 through 2014.

<u>RESPONSE TO REQUEST FOR PRODUCTION NO. 4</u>:

 Plaintiff objects to this Request to the extent that it seeks information protected by the attorney/client privilege and/or attorney work product doctrine. Plaintiff objects to this Request to the extent it calls for information neither relevant to any claim or defense in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objects to this Request on the grounds that it is vague, ambiguous, and unintelligible, including, but not limited to, the use of the phrase "related documents." Plaintiff further objects to this Request as overbroad, and therefore unduly burdensome, to the extent it is not limited by the subject matter, time, and/or scope of the litigation. Plaintiff further objects to this Request to the extent that it seeks confidential information and/or information protected by a right of privacy under the United States Constitution, Article 1 of the Constitution of California, or any other applicable law, including but not limited to the right to financial privacy.

**B. Intervenor's Contentions Regarding the Requests At Issue**

  **1. Plaintiffs' Financial Information Is Relevant**

 Fed.R.Civ.P. 26(b) establishes the scope of discovery and states in pertinent part:

Parties may obtain discovery regarding any matter, non-privileged, that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

The Supreme Court has reiterated this broad standard, stating that it "has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Thus, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 635-36 (C.D. Cal. 2005).

Here, Plaintiffs' financial information is relevant to a claim or defense. Plaintiffs claim that that they have suffered financial harm as a result of Measure B, that they have had to move to locations outside of Los Angeles, and that the amount of Measure B's permitting fee is unconstitutional. Specifically, Plaintiff Vivid Entertainment, LLC has designated two experts to testify on the economic impact of Measure B on Los Angeles County. *See* Azulay Decl., ¶ 4, Exhibit F, (Second Amended Rule 26 Disclosures at pg. 3). Plaintiffs also allege that the adult film industry contributes $1 billion to the local economy of the Los Angeles area and employs approximately 10,000 people. Plaintiffs allege that Measure B puts those expenditures at risk. *Id.*, ¶ 2, Exh. A (Complaint ¶ 50). Plaintiffs also allege that Measure B is negatively affecting livelihoods of thousands of people

who depend on the adult film industry for their livelihoods. *Id.*, ¶ 2, Exh. A (Complaint ¶¶ 6, 40).

Thus, Plaintiffs' financial records and tax returns are relevant to a claim or defense in this action.

### 2.    Plaintiffs' Boilerplate Objections Are Improper

Plaintiffs' boilerplate objections of relevance, vagueness, overbroad and unduly are meritless.  The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

As explained to Plaintiffs during the meet and confer process, Request for Production Nos. 1 and 2 are not vague, ambiguous or unintelligible.  Request No. 1 seeks Plaintiffs' "balance sheets," "income statements," "statements of cash flows," "statement of retained earnings," and "statements of stockholders' equity."  Each of these is an accounting term that is defined in the dictionary.  Requests No. 2 seeks "financial reports" and "presentations."  *See* Azulay Decl., ¶ 5-8, Exhibits G-J. Although the request is clear, Intervenor further explained to Plaintiffs that it was seeking all reports addressing Plaintiffs' financial condition, profits and losses, dividends paid, assets, liabilities, and ownership interest that they prepared for their respective Board of Directors or for a subcommittee of the Board of Directors.  *Id.* Requests Nos. 3 and 4 are also clear in that they seek federal and state tax returns and related documents.

Request Nos. 1-4 are not overbroad in scope or time. Request Nos. 1, 3, and 4 are limited to the past five years, and Intervenor agreed to limit Request No. 2 to that same time period.  *See* Azulay Decl., ¶ 6-8.  This time period is reasonable because Plaintiffs contend that they have suffered financial harm as a result of

Measure B and that Measure B's permitting fee is unconstitutional.  Further, Plaintiffs' financial records prior to the commencement of the lawsuit are relevant to show whether Plaintiffs' financial position actually changed as a result of Measure B.  Without records prior to the passage of Measure B, Intervenor cannot properly assess whether Plaintiffs' financial position changed or whether the permitting fee actually has a financial impact on Plaintiffs. These documents are also relevant to whether the adult film industry has a $1 billion economic impact on Los Angeles County's local business revenues, as claimed by the Plaintiffs.

### 3. Plaintiffs' Assertions of Attorney-Client/Work-Product Privileges Are Improper

Questions of evidentiary privilege arising in the course of the adjudication of federal rights are governed by the principles of federal common law. *United States v. Zolin*, 491 U.S. 554, 562, (1989); Fed. R. Evid. 501. Here, the remaining claims at issue all involve alleged violations of the first and fourth amendments and, as such, federal common law applies to Plaintiff's claims of privilege.  *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 10 (9th Cir. 1992).

Here, Plaintiffs assertion of attorney-client and work product privileges is improper.  Plaintiffs failed to produce a privilege log that identifies documents withheld on privilege grounds as required by FRCP Rule 26 (b)(5)(A).   Intervenor, and this court, has no information as to whether any documents were withheld and whether such documents are actually privileged. Plaintiffs should be ordered to produce a privilege log.   *See* Azulay Decl., ¶ 3.

### 4. Plaintiffs' Privacy Objections Lack Merit

Plaintiffs' financial privacy objections to Requests Nos. 1-4 and Interrogatories Nos. 4-5 lack merit.  Tax returns and related financial documents do not enjoy an absolute privilege from discovery.  *A. Farber Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (tax returns and related bank

**NOTICE OF MOTION AND JOINT STIPULATION FOR INTERVENOR'S MOTION TO COMPEL**

records discoverable in civil Rico action), *citing Premium Serv. Corp. v. Sperry Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975); *Heathman v. United States Dist. Ct. for the Central Dist. of Cal.*, 503 F.2d 1032, 1035 (9th Cir. 1974). A public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp.*, 511 F.2d at 229; *Aliotti v. The Vessel SENORA*, 217 F.R.D. 496, 497 (N.D. Cal. 2003).

Courts generally apply a two-pronged test to assure a balance between the liberal scope of discovery and the policy favoring the confidentiality of tax returns. "First, the court must find that the returns are relevant to the subject matter of the action. Second, the court must find that there is a compelling need for the returns because the information contained therein is not otherwise readily obtainable." *Garber*, 234 F.R.D. at 191. The party seeking production has the burden of showing relevancy, and once that burden is met, the burden shifts to the party opposing production to show that other sources exist from which the information is readily obtainable. *Id.*

The application of the two-pronged test supports an order requiring the disclosure of Plaintiffs' tax returns and related documents and financial information. As shown above, Plaintiffs financial records and tax returns are relevant to a claim or defense. Plaintiffs' financial records prior to the commencement of the lawsuit are relevant to show whether Plaintiffs' financial position actually changed as a result of Measure B and whether the permitting fee actually has a financial impact on Plaintiffs. Finally, Plaintiffs' financial records are relevant to their allegations that the adult film industry contributes $1 billion to the local economy of the Los Angeles area, employs approximately 10,000 people, and that Measure B puts those contributions at risk. Thus, Intervenor has satisfied their burden of showing relevancy. *In re Bergeson v. Nat'l Sur. Corp.*, 112 F.R.D. 692, 694-696 (D. Mont.

1986) (If the claims or defenses of the parties directly raise the issue of the financial condition of a party that affects the merits of those claims or defenses, discovery into that party's financial condition is appropriate).

On the other hand, Plaintiffs have not shown that the information is available from other sources. Indeed, Plaintiffs categorically refuse to produce any financial discovery in response to Requests Nos. 1-4 and have maintained that position during the meet and confer process. *See* Azulay Decl., ¶ 6-8. As such, Plaintiffs have failed to meet their burden under the two-pronged test for determining the discoverability of tax returns and related information.

In sum, the Court should order Plaintiffs to produce their financial records because the need for the financial records outweighs Plaintiffs claim of privacy.

## C. Plaintiffs' Contentions Regarding The Requests for Production At Issue

### 1. Plaintiffs' Amended Responses

On November 13, 2015, Plaintiffs served identical Amended Responses to the Requests for Production of Documents at issue (Requests Nos. 1-4) on behalf of Plaintiffs Califa and Vivid as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Any and all financial statements for you for the past five (5) years including balance sheets, income statements, statements of cash flows, statements of retained earnings, and statements of stockholders equity.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Plaintiff objects to this Request as it seeks information outside the scope of what is relevant to the facts and circumstances of the instant action. Plaintiff does not seek monetary damages. Accordingly, Plaintiff's financial information is not relevant to this action.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all financial reports and presentations prepared for your Board of Directors or for a subcommittee of the Board of Directors.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Plaintiff objects to this Request as it seeks information outside the scope of what is relevant to the facts and circumstances of the instant action.  Plaintiff does not seek monetary damages.  Accordingly, Plaintiff's financial information is not relevant to this action.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all federal tax returns and related documents submitted by and/or for you to the U.S. Internal Revenue Service for tax years 2010 through 2014.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Plaintiff objects to this Request as it seeks information outside the scope of what is relevant to the facts and circumstances of the instant action.  Plaintiff does not seek monetary damages.  Accordingly, Plaintiff's tax records are not relevant to this action.  Moreover, tax records are protected by additional privacy considerations.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all state tax returns and related documents submitted by and/or for you to any state for tax years 2010 through 2014.

**AMENDED RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Plaintiff objects to this Request as it seeks information outside the scope of what is relevant to the facts and circumstances of the instant action.  Plaintiff does not seek monetary damages.  Accordingly, Plaintiff's tax records are not relevant to this action.  Moreover, tax records are protected by additional privacy considerations.

### 2. Intervenors Are Not Entitled To Plaintiffs' Confidential Financial Information and State and Federal Tax Returns

The information that Intervenors have requested (Plaintiffs' financial information, financial reports, federal tax returns, and state tax returns) is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.  Indeed, Intervenors' requests are nothing more than a fishing expedition.

Plaintiffs' financial information and tax returns are protected from disclosure by a well-recognized privacy consideration.  The Ninth Circuit has recognized that, although financial information and tax returns are not subject to an "absolute privilege," the strong "public policy against unnecessary public disclosure [of tax returns] arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns."  *See Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (1975); *accord Schnabel v. Superior Court*, 854 P.2d 1117, 1126 (Cal. 1993) (recognizing a state constitutional "privilege against forced disclosure of tax returns").  It is well-settled that a court "may only order the production of plaintiff[s'] tax returns if they are relevant and when there is a compelling need for them because the information sought is not otherwise available." *Aliotti v. Vessel SENORA*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003).

First, the information Intervenors seek is not relevant to any of the issues in this action.  Plaintiffs do not seek damages and do not allege personal financial loss; rather, Plaintiffs contend that Measure B will have a negative impact on Los Angeles County's economy because members of the adult film industry are likely to produce films elsewhere.  The limited instances in which courts have ordered disclosure of confidential tax or financial information are cases in which damages

**NOTICE OF MOTION AND JOINT STIPULATION FOR INTERVENOR'S MOTION TO COMPEL**

1   are sought.  *See, e.g.*, *Anderson v. Abercrombie & Fitch Stores, Inc.*, 2007 WL

2   1994059, at *7 (S.D. Cal. Jul. 2, 2007) (recognizing "constitutional right to privacy

3   under California law" but granting order to compel because the financial and tax

4   records at issue were "relevant to . . . Plaintiff's claims for lost wages and lost

5   benefits").  However, as one judge from this court has recognized, even when one

6   party seeks damages for lost profits, the opposing party is not automatically

7   required to disclose its tax returns because such returns are not relevant to the issue

8   of profits and losses.  *See Advanced Visual Image Design, LLC v. Exist, Inc.*, 2015

9   WL 4934178, at *6-7 (C.D. Cal. Aug. 18, 2015) (denying motion to compel

10  production of corporate tax information because such information was not relevant

11  to the issue of lost profits).

12          Unlike the discovery requested (but ultimately denied) in *Advanced Visual*,

13  Plaintiffs' confidential financial information and state and federal tax returns are

14  not even arguably relevant to the issues of this action.  Plaintiffs are not seeking

15  any form of damages, lost profits or otherwise.  Intervenors' efforts to seek

16  Plaintiffs' confidential financial information and state and federal tax returns on

17  the ground that such information is relevant to the economic impact of the adult

18  film industry on Los Angeles County is frivolous at best.  Intervenors do not

19  explain how such confidential information from just two of the hundreds of

20  companies associated with the adult film industry bears any rational relationship to

21  the adult film industry's overall economic impact on the County.  Similarly,

22  reviewing the confidential tax information of two randomly selected residents

23  would not aid in determining the gross income or median income of any particular

24  neighborhood.    The strong public policy against disclosure should not yield to the

25  Intervenors' fishing expedition for information that is not relevant to the issues of

26  the instant action.  *See Premium Serv. Corp.*, 511 F.2d at 229 (affirming decision

27  to quash subpoena seeking corporate tax filings because "the district court, under

the circumstances of this case, could reasonably have based its order to quash the subpoena of the tax returns on the primacy of" the "public policy against unnecessary disclosure").

Second, information regarding the overall economic impact of the adult film industry on Los Angeles County is available through other, less obtrusive means, such as County-compiled economic data and reports. Courts do not hesitate to deny discovery of confidential financial information and tax returns when "there are less intrusive means by which [a party] can obtain the needed information." *Aliotti*, 217 F.R.D. at 498. Plaintiffs respectfully urge this Court to deny Intervenors' motion to compel because Intervenors can readily obtain the information that they seek from publicly available data, without depriving Plaintiffs of their constitutional right to privacy.

Finally, Plaintiffs have a legitimate concern that public disclosure of such information may negatively impact their business. As one court has explained "[t]he policy of confidentiality for income tax data encourages the full disclosure of income by taxpayers in that the individual or corporate taxpayer is assured that his neighbor or competitor will not be apprised of the intimate details of his financial life." *Assoc. of Am. Railroads v. United States*, 371 F. Supp. 114, 116 (D.C.D.C. 1974). Plaintiffs undertook the instant action, in part, on behalf of the entire adult film industry. In an effort to challenge Measure B on behalf of the adult film industry, Plaintiffs have devoted considerable time and resources to litigate their claims to the benefit of all of the companies associated with the adult film industry. Plaintiffs should not now bear the burden of forced disclosure of information that could be used in motion papers, depositions, and other proceedings to their competitive detriment.

For all these reasons, Plaintiffs respectfully request that this Court deny Intervenors' motion to compel and grant Plaintiffs' motion for a protective order barring disclosure of their confidential financial and tax information.

## III.   THE COURT SHOULD IMPOSE MONETARY SANCTIONS ON PLAINTFFS

### A.   Intervenor's Contentions Regarding Sanctions

The court must impose sanctions and require the party whose conduct necessitated the motion, and/or the party's attorney, to pay the reasonable costs of the moving party, including attorney's fees. *See* Fed. R. Civ. P. 37(a)(5).  As shown above, Plaintiffs and their counsel lacked any substantial justification for their boilerplate responses.   Their refusal to provide the necessary discovery necessitated this motion.  The Court should order Plaintiffs and their counsel to pay Intervenor's costs and attorney's fees associated with this motion.

### B.   Plaintiffs' Contentions Regarding Sanctions

Plaintiffs respectfully urge this Court to deny Intervenors' motion for sanctions.  Plaintiffs' denial of the requested information is well-supported by case law expressing a public policy concern for forced disclosure of confidential financial and tax information, particularly when such information is not relevant to the dispute at hand and is available from other, less intrusive sources.  While this Court may ultimately rule against Plaintiffs and order Plaintiffs to produce such information, Plaintiffs' ground for denial, as expressed in its Amended Responses and the instant motion are not, as Intervenors' contend, unsupported.  For all these reasons, Plaintiffs respectfully request that this Court deny Intervenors' request for sanctions.

Respectfully Submitted,

DATED:  December 22, 2015        INTERVENOR, MICHAEL WEINSTEIN


By: /s/ Samantha R. Azulay
    TOM MYERS
    SAMANTHA R. AZULAY
    LIZA M. BRERETON
    *Attorneys for Intervenor*
    *Michael Weinstein*


DATED:  December 22, 2015        PLAINTIFFS VIVID ENTERTAINMENT,
                                 LLC, AND CALIFA PRODUCTIONS, INC.


By: /s/ Paul Cambria
    PAUL CAMBRIA
    *Attorney for Plaintiffs*
    *Vivid Entertainment, LLC and Califa*
    *Productions, Inc.*

**NOTICE OF MOTION AND JOINT STIPULATION FOR INTERVENOR'S MOTION TO COMPEL**