1  BROWNE GEORGE ROSS LLP
2  Jonathan L. Gottfried (State Bar No. 282301)
   2121 Avenue of the Stars, Suite 2400
3  Los Angeles, California 90067
4  Telephone: (310) 274-7100
   Facsimile: (310) 275-5697
5  jgottfried@bgrfirm.com
6
7  Attorneys for Non-Parties
   Free Speech Coalition, Inc.
8  & Cutting Edge Testing, LLC
9
10                UNITED STATES DISTRICT COURT
11                CENTRAL DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| VIVID ENTERTAINMENT, LLC; CALIFA PRODUCTIONS, INC.; JANE DOE a/k/a Kayden Kross; and JOHN DOE a/k/a Logan Pierce,<br><br>Plaintiffs,<br><br>vs.<br><br>JONATHAN FIELDING, Director of Los Angeles County Department of Public Health; JACKIE LACEY, Los Angeles County District Attorney, and COUNTY OF LOS ANGELES<br><br>Defendants.<br><br>MICHAEL WEINSTEIN, MARIJANE JACKSON, ARLETTE DE LA CRUZ, MARK MCGRATH, WHITNEY ENGERAN, and the CAMPAIGN COMMITTEE YES ON B, MAJOR FUNDING BY THE AIDS HEALTHCARE FOUNDATION<br><br>Defendants-Intervenors. | Case No. 13-CV-00190-DDP-AGRx<br><br>**DISCOVERY MATTER:**<br><br>**NON-PARTIES FREE SPEECH COALITION, INC.'S AND CUTTING EDGE TESTING, LLC'S JOINT SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO INTERVENOR MICHAEL WEINSTEIN'S MOTIONS TO COMPEL (DKT. NOS. 102 & 103)**<br><br>Date:      January 26, 2016<br>Time:      10:00 a.m.<br>Judge:     Hon. Alicia G. Rosenberg<br>Location:  312 N. Spring Street,<br>           Courtroom B. 8th Floor<br>           Los Angeles, California 90012<br><br>Discovery Cut-Off Date: May 31, 2016<br>Trial Date: December 13, 2016 |

592753.1

JOINT SUPPLEMENTAL MEMORANDUM OF NON-PARTIES FSC AND CET IN OPPOSITION TO
MICHAEL WEINSTEIN'S MOTIONS TO COMPEL

1  Pursuant to Local Rule 37-2.3, non-parties Free Speech Coalition, Inc. ("FSC") and Cutting Edge Testing, LLC ("CET") jointly submit this supplemental memorandum in opposition to Intervenor Michael Weinstein's Motions to Compel Depositions and Further Responses and Documents (Dkt. Nos. 102 & 103).[1]

Since serving his joint stipulation on non-parties' counsel, Intervenor Michael Weinstein objected to twenty-seven document requests and twenty-four interrogatories served by plaintiff's counsel. (Exhibits A & B to accompanying Supplemental Declaration of Jonathan Gottfried.) Notably—although Mr. Weinstein has filed motions to compel against five non-parties (Dkt. Nos. 102 & 103)—he has refused to produce any documents or respond to any interrogatories, including those involving the same topics that he claims are relevant in his motions to compel. More specifically, Mr. Weinstein's recent positions in his discovery responses undermine the following arguments that he has asked the Court to accept in his motions to compel:

A.  **In His Motion To Compel Against CET, Mr. Weinstein Argued to the Court that CET Must Produce Test Results for Adult Performers Because They Are Relevant to this Lawsuit. But Mr. Weinstein Now Claims During Discovery That Documents Relating to Testing Services for Adult Performers Are Not Relevant.**

In his motion to compel against non-party CET, Mr. Weinstein sought to compel CET to produce medical test results for adult performers over the past five years on the ground that such test results are relevant to the lawsuit. (Dkt. No. 102 at 11:5-11, 27:22-25) In opposing the motion, CET questioned the relevance of such information and emphasized the burden to a small testing facility of attempting to locate, redact and produce these results. *Id.* at 31:14-32:18; 33:17-34:15.

---

[1] Under L.R. 37-2.3, a supplemental memorandum may be filed "not later than fourteen (14) days prior to the hearing date….No other separate memorandum of points and authorities shall be filed by either party in connection with the motion." The date of the filing of this motion (January 12) is fourteen days before the hearing date of January 26, 2016.

581269.1
-1-
JOINT SUPPLEMENTAL MEMORANDUM OF NON-PARTIES FSC AND CET IN OPPOSITION TO
MICHAEL WEINSTEIN'S MOTIONS TO COMPEL

Mr. Weinstein's recent discovery responses support CET's position. Mr. Weinstein has repeatedly taken the position that information relating to testing facilities for adult performers and others are not relevant to this lawsuit and that seeking such information is "harassing." *See, e.g.,* Ex. A at Weinstein's Responses to RFP Nos. 10, 24 & Ex. B at Weinstein's Response to Rog. No. 4.

For example, when asked by plaintiff to produce "documents you have provided or exchanged with Talent Testing Services from 2008 to present regarding adult film performers," Mr. Weinstein refused on the ground that such documents "are not relevant or likely to lead to admissible evidence." (Ex. A at p. 15 (Response to RFP. No. 24).) When asked about "information gathered regarding testing results from a facility commonly known for STI treatment (West Oaks Urgent Care Center….)," Mr. Weinstein responded that such information "is not relevant or likely to lead to admissible evidence." (Ex. B. at p. 5 (Response to Rog. No. 4).) Mr. Weinstein further claimed that requesting such information "is harassing." *Id.*

Mr. Weinstein's efforts to compel a non-party health clinic with three employees to locate and redact five years' worth of patient information should be understood in light of Mr. Weinstein's own position that information from testing facilities for adult performers are not relevant or likely to lead to admissible evidence in this lawsuit.

**B.    In Opposing Mr. Weinstein's Motion to Compel, CET Argued that Mr. Weinstein Should Not Burden a Non-Party When the Same Discovery (Positive Test Results) Was Available from a Party.  Mr. Weinstein's Recent Positions During Discovery Support CET's Argument.**

In opposing Mr. Weinstein's motion to compel CET to produce all test results regarding adult performers, CET explained that "parties to this case—defendants County of Los Angeles and its Department of Public Health—collect reports on sexually transmitted infections in Los Angeles County…And CET submits, via fax or mail, reports to Los Angeles County for any positive test results." (Dkt. No. 102

at 33:8-16.) Consequently—under the case law—Mr. Weinstein should not burden non-party CET with significant discovery when the same items can be obtained from a party. *Id.*

Mr. Weinstein's recent discovery responses support this position. When asked to produce documents or information in his possession relating to test results for adult performers, Mr. Weinstein refused on the ground that such a discovery request is "harassing" and the documents or information are "obtainable for other sources that are more convenient and/or less burdensome, and/or equally or more readily available to Plaintiffs." *See* Ex. A at Weinstein's Response to RFP Nos. 10, 24 & Ex. B at Weinstein's Response to Rog. No. 4.

Mr. Weinstein's position during discovery therefore supports CET's argument that Mr. Weinstein should not burden a non-party when the information is readily available from a party.

### C. In His Motion To Compel, Mr. Weinstein Argued to the Court that FSC Must Produce Membership Lists, but Mr. Weinstein Has Now Claimed During Discovery that Documents Related to the PASS System and FSC Are Not Relevant.

In his motion to compel, Mr. Weinstein argued that non-party FSC should be required to produce membership lists associated with the PASS system because the PASS system is relevant to this lawsuit. *See* Dkt. No. 103 at 9:24 ("Discovery into the Pass System is relevant"); 32:4-14. But in responding to plaintiff's document requests and interrogatories, Mr. Weinstein has asserted the opposition position. In several discovery requests served by plaintiff, Mr. Weinstein was asked to produce documents and information in his possession related to the PASS system. *See, e.g.,* Ex. A at RFP Nos. 8, 24, 26. Mr. Weinstein refused to produce such documents on the ground that such documents "are not relevant or likely to lead to admissible evidence." *Id.* at Weinstein's Responses to RFP Nos. 8, 24, 26.

For example, RFP No. 26 asked Mr. Weinstein to produce "documents you have created, drafted, provided or exchanged regarding the PASS system from 2008

to present regarding the adult film industry, including those documents evidencing attempts to access the PASS system." Mr. Weinstein refused to produce any documents because they "are not relevant or likely to lead to admissible evidence." (Ex. A at Weinstein's Response to RFP No. 26) But Mr. Weinstein has moved to compel FSC to produce all communications for the past six years regarding access to the PASS system. (Dkt. No. 103 at 27:27-28:12.) His positions are contradictory and should be resolved in favor of a non-party.

Similarly, other document requests by plaintiff on Mr. Weinstein asked for information in Mr. Weinstein's possession regarding FSC. For example, Request No. 24 sought "documents you have provided or exchanged with Talent Testing Services from 2008 to present regarding ... FSC and any of its employees." Mr. Weinstein refused to produce any documents because they "are not relevant or likely to lead to admissible evidence." (Ex. A at p. 15 (Response to RFP No. 24.)

Mr. Weinstein's position is relevant to his motion to compel against FSC. In its Opposition, FSC explained that, when evaluating a discovery request that implicated associational rights (*e.g.,* membership lists), the Court must consider whether the requested discovery has a substantial bearing on the underlying case. (Dkt. No. 103 at 40:19-25.) Mr. Weinstein's position that FSC- or PASS-related documents are not relevant to this lawsuit provides another reason why the Court should deny Mr. Weinstein's motion to compel FSC to produce a membership list of producers and directors throughout the country.

***

Mr. Weinstein's motions to compel against CET and FSC are premised on arguments regarding relevance and burden that Mr. Weinstein, himself, does not accept. For the reasons asserted by FSC and CET in their joint stipulations and in this supplemental memorandum, the Court should deny Mr. Weinstein's motions to compel.

Dated: January 12, 2016

Respectfully submitted,

BROWNE GEORGE ROSS LLP
Jonathan L. Gottfried


By:    /s/ Jonathan Gottfried
Jonathan Gottfried

Attorneys for Non-Parties
Free Speech Coalition, Inc. and
Cutting Edge Testing, LLC

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 2121 Avenue of the Stars, Suite 2400, Los Angeles, CA 90067.

On January 12, 2016, I served true copies of the following document(s) described as **DISCOVERY MATTER: NON-PARTIES FREE SPEECH COALITION, INC.'S AND CUTTING EDGE TESTING, LLC'S JOINT SUPPLEMENTAL MEMORANDUM PURSUANT TO L.R. 37-2.3 IN OPPOSITION TO INTERVENOR MICHAEL WEINSTEIN'S MOTIONS TO COMPEL (DKT. NOS. 102 & 103)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2016, at Los Angeles, California.

/s/ Kathy Hall
Kathy Hall

592753.1

# SERVICE LIST

## *Vivid Entertainment, LLC, et al. v. Jonathan Fielding, et al.*
### USDC CD CA Case No. CV 13-00190-DDP (AGRx)

| | |
|---|---|
| H Louis Sirkin<br>Santen and Hughes LPA<br>600 Vine Street Suite 2700<br>Cincinnati, OH 45202<br>HLS@santen-hughes.com | Counsel for Plaintiffs |
| Janet Lynn Grumer<br>Matthew D Peterson<br>Davis Wright Tremaine LLP<br>865 S Figueroa Street Suite 2400<br>Los Angeles, CA 90017-2566<br>janetgrumer@dwt.com<br>matthewpeterson@dwt.com | Counsel for Plaintiffs |
| Paul J Cambria, Jr<br>Timothy P Murphy<br>Lipsitz Green Scime Cambria LLP<br>42 Delaware Avenue Suite 120<br>Buffalo, NY 14202-3901<br>pcambria@lglaw.com<br>tmurphy@lglaw.com | Counsel for Plaintiffs |
| Ronald G London<br>Robert Corn-Revere<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Avenue NW Suite 800<br>Washington, DC 20006<br>ronnielondon@dwt.com<br>bobcornrevere@dwt.com | Counsel for Plaintiffs |
| Andrea E Ross<br>Office of the County Counsel<br>648 Kenneth Hahn Hall of Administration<br>500 West Temple Street<br>Los Angeles, CA 90012-2713<br>aross@counsel.lacounty.gov | Counsel for Defendants |
| John K Ly<br>Liang Ly LLP<br>515 South Flower Street, 36th Floor<br>Los Angeles, CA 90071<br>jly@lianglyllp.com | Counsel for Defendants |

592753.1

JOINT SUPPLEMENTAL MEMORANDUM OF NON-PARTIES FSC AND CET IN OPPOSITION TO MICHAEL WEINSTEIN'S MOTIONS TO COMPEL

| | | |
|---|---|---|
| 1 | Thomas Andrew Myers | Counsel for Intervenors |
| 2 | Samantha Robin Azulay | |
| | AIDS Healthcare Foundation | |
| 3 | 6255 West Sunset Boulevard 21st Floor | |
| | Los Angeles, CA 90028 | |
| 4 | tom.myers@aidshealth.org | |
| | samantha.azulay@aidshealth.org | |

592753.1

JOINT SUPPLEMENTAL MEMORANDUM OF NON-PARTIES FSC AND CET IN OPPOSITION TO
MICHAEL WEINSTEIN'S MOTIONS TO COMPEL